# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development,<br><br>      Plaintiff,<br><br>  v.<br><br>Canon Inc.,<br><br>      Defendant. | Case No. 6:20-cv-00980 |

## DEFENDANT CANON INC.'S
## MOTION TO DISMISS COMPLAINT FOR PATENT INFRINGEMENT

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................................. 1

SUMMARY OF ALLEGATIONS IN THE COMPLAINT........................................................... 2

ARGUMENT.......................................................................................................................................... 3

      A.     Legal Standard ................................................................................................................ 3

      B.     The Complaint Fails to State a Claim for Induced Infringement.......................... 4

             i.     The Complaint Fails to Allege Canon's Knowledge of the '346 Patent.................................................................................................................. 5

             ii.    The Complaint Fails to Allege Canon Specifically Intended to Induce Infringement of the '346 Patent ...................................................... 6

      C.     The Complaint Fails to State a Claim for Contributory Infringement................. 10

CONCLUSION..................................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) .................................................................................7

*Affinity Labs of Texas, LLC v. Toyota Motor North America*,
  No. 13-cv-00365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .................................4, 7, 10

*Aguirre v. Powerchute Sports, LLC*,
  No. 10-cv-00702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...........................................5

*Aguirre v. Powerchute Sports, LLC*,
  No. 10-cv-00702, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011)............................................5

*Artip v. Ball Corp.*,
  735 F. App'x 708 (Fed. Cir. 2018) ......................................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................................... *passim*

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................................3, 4, 9

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d (Fed. Cir. 2012)...................................................................................10, 11

*Blackberry Ltd. v. Nokia Corp.*,
  No. 17-cv-00155, 2018 WL 1401330 (D. Del. Mar. 20, 2018) ..............................................10

*Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*,
  No. 12-cv-00286, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014) ...........................................6

*Castlemorton Wireless, LLC v. Comcast Corp.*,
  No. 20-cv-00034-ADA, Text Order Granting Motion to Dismiss (W.D. Tex.
  July 25, 2020)...................................................................................................................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015)................................................................................................4, 10

*De La Vega v. Microsoft Corporation*,
  No. 19-cv-00612-ADA, Dkt. 29 (Feb. 11, 2020)............................................................3, 11

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010)..........................................................................................10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) .................................................................................................. 4, 5, 6, 7

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-cv-01637, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ................................................ 8

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
   No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) .................................... 4, 7

*Iron Oak Techs., LLC v. Dell, Inc.*,
   No. 1:17-cv-00999, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) ......................................... 10

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
   No. 14-cv-00134, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ........................................... 7

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
   No. 14-cv-01017, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ............................................ 6

*Parus Holdings Inc. v. Apple Inc.*,
   No. 19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020) ............................................. 1, 5

*Simplivity Corp. v. Springpath, Inc.*,
   No. 15-cv-13345, 2016 WL 5388951 (D. Mass. July 15, 2016) .............................................. 6

## INTRODUCTION

The Complaint filed by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff") fails to plausibly allege facts to support claims that Defendant Canon Inc. ("Canon") has indirectly infringed U.S. Patent No. 7,054,346 (the "'346 patent"). WSOU's conclusory allegations, which merely parrot the governing statutory requirements for induced infringement and contributory infringement, fail to meet the pleading requirements of this Court. Accordingly, the Court should dismiss WSOU's induced infringement and contributory infringement claims pursuant to FED. R. CIV. P. 12(b)(6).

The Complaint does not allege that Canon had pre-suit knowledge of the '346 patent, and it fails to identify facts to support its allegation that Canon possessed specific intent to induce either pre-suit or post-suit infringement. The absence of any allegation of pre-suit knowledge is fatal to WSOU's claim of pre-suit induced infringement. WSOU's allegations of post-suit induced infringement fare no better because WSOU has failed to provide any factual allegations to support an inference that Canon possessed specific intent to induce infringement. To the contrary, WSOU's predecessor in interest in the '346 patent licensed Canon's use of the accused Bluetooth 5.0 standard technology as an "Adopter" member of the Bluetooth Special Interest Group, which develops and promulgates the Bluetooth standard.

WSOU's contributory infringement allegations similarly fail because they consist of no more than a conclusory one-paragraph legal standard.

As a result, WSOU's claims of induced infringement and contributory infringement are deficient and should be dismissed. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020) (Albright, J.) (granting motion to dismiss claims of induced infringement and contributory infringement).

## SUMMARY OF ALLEGATIONS IN THE COMPLAINT

On October 19, 2020, WSOU filed five separate infringement actions each alleging the infringement of one patent assigned to WSOU. The present Complaint alleges the infringement of the '346 patent, including by induced infringement and contributory infringement. Complaint (Dkt. 1) at ¶¶ 15-16. WSOU identifies the allegedly infringing products ("Exemplary Defendant Products," Complaint, ¶ 11) as the Canon EOS R5 camera because of the camera's use of Bluetooth. Complaint, Exhibit 2.

As to the indirect infringement claims, the Complaint alleges merely that "[t]he service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here." Complaint, ¶ 13. Consistent with WSOU's position that the Complaint constituted Canon's notice of the patent, the Complaint makes no allegation that Canon had knowledge of the '346 patent prior to the filing of the Complaint. The Complaint further generally alleges that Canon "distribute[s] product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '346 patent," citing Exhibit 2. Complaint, ¶ 14. That exhibit references what appears to be a product webpage and specification for the Canon EOS R5. *See* Dkt. 1-2 at 10; Dkt. 1-3 and Dkt. 1-4. But the Complaint and its exhibits contain no allegation that explains whether or how that page or any other Canon product webpage and/or specification has in fact been used or could be used to instruct or encourage alleged infringement by customers. The induced infringement allegation concludes with a single paragraph of a boilerplate charge of induced infringement:

> **Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '346 patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '346 patent.

Complaint, ¶ 15.

With respect to contributory infringement, the Complaint likewise provides only generic allegations in a single paragraph:

> **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '346 patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '346 patent. The Exemplary Defendant Products are especially made or adapted for infringing the '346 patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '346 patent.

Complaint, ¶ 16. The Complaint does not provide any factual allegations supporting the assertion that the "Exemplary Defendant Products": (i) are "for use in end-user products"; and (ii) "have no substantial non-infringing use."

## ARGUMENT

### A. Legal Standard

To survive a motion to dismiss, a complaint must allege sufficient facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not met unless the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *De La Vega v. Microsoft Corporation*, No. 19-cv-00612-ADA, Dkt. 29 at 3 (Feb. 11, 2020) (Albright, J.) (citing *Iqbal*, 556 U.S. at 662). "***Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice***.[1]" *Id.* (emphasis added).

---

[1] All emphasis throughout is added unless stated otherwise.

To plausibly allege a claim of induced infringement, a plaintiff must allege *facts* showing that the defendant: (1) had actual knowledge of the patent; (2) knowingly induced its customers and end users to infringe the patent; and (3) had specific intent to induce the infringement of the patent. *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). To meet the *Iqbal* and *Twombly* pleading standards, an induced infringement claim "must contain facts plausibly showing that [the defendant] specifically intended [its] customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement." *Affinity Labs of Texas, LLC v. Toyota Motor North America*, No. 13-cv-00365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014).

To establish contributory infringement, "the patent owner must demonstrate: 1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285 at *8 (quotation marks omitted). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015).

### B.  The Complaint Fails to State a Claim for Induced Infringement

The Complaint alleges that Canon indirectly infringes the '346 patent by "inducing end users and others to use its products in the customary and intended manner that infringes the '346 patent." Complaint, ¶ 14. Because WSOU fails to allege pre-suit Canon knowledge of the '346 patent or specific intent by Canon to induce infringement of these patents, WSOU's claims of induced infringement should be dismissed.

4

### i. The Complaint Fails to Allege Canon's Knowledge of the '346 Patent

As a threshold issue, a claim of indirect infringement must adequately plead the basis for knowledge of the existence and alleged infringement of the '346 patent. *See Aguirre v. Powerchute Sports, LLC*, No. 10-cv-00702, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) ("Absence of knowledge is a fatal flaw in a claim for indirect patent infringement.").

The Complaint fails to allege any facts supporting an allegation of pre-suit knowledge of the '346 patent. Rather, WSOU alleges only that "[t]he service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here." Complaint, ¶ 13. But service of the Complaint in October of 2020 does not impart to Canon *pre-suit* knowledge as to the existence of the '346 patent. Absent any allegations that Canon had pre-suit knowledge, WSOU's claim of pre-suit indirect infringement is a nonstarter. *See Castlemorton Wireless, LLC v. Comcast Corp.*, No. 20-cv-00034-ADA, Text Order Granting Motion to Dismiss (W.D. Tex. July 25, 2020) (Albright, J.) (dismissing plaintiff's pre-suit induced infringement claims for failure to "plead sufficient facts that would support an allegation of pre-suit knowledge").

WSOU's claims of post-suit induced infringement also fail. Consistent with Supreme Court precedent in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011), this Court has held that claims of indirect infringement that rely on a complaint to supply the only alleged knowledge of the asserted patents fail to meet the pleading standard for induced infringement and must be dismissed. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020) (Albright, J.) (granting motion to dismiss plaintiff's claims of induced infringement and contributory infringement where plaintiff had alleged defendant's "knowledge" "[a]t least as of the filing of the original complaint"); *Aguirre v. Powerchute Sports, LLC*, No. 10-cv-00702, 2011 WL 2471299, at *3 (W.D. Tex. June 17,

5

2011) ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement."). Other district courts have agreed with this approach, noting that the "'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit." *Simplivity Corp. v. Springpath, Inc.*, No. 15-cv-13345, 2016 WL 5388951, at *8 (D. Mass. July 15, 2016); *see also Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 14-cv-01017, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) ("If post-suit notification were permissible, then the knowledge / willful blindness requirement would be meaningless—*of course* alleged infringers have actual knowledge of the patent(s) at issue once they have received the complaint.") (emphasis in original); *Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*, No. 12-cv-00286, 2014 WL 12866968, at *5 (M.D. Fla. Jan. 15, 2014) ("[P]re-suit knowledge of the patents-in-suit [is] required for induced infringement, because holding otherwise would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement, since the complaint would necessarily provide notice of the patents-in-suit.").

Thus, WSOU's failure to adequately plead knowledge of the '346 patent is fatal to its induced infringement claims.

### ii. The Complaint Fails to Allege Canon Specifically Intended to Induce Infringement of the '346 Patent

WSOU also fails to plead facts from which it could be inferred that Canon had the specific intent to induce infringement as is required by the law. A claim of induced infringement "must contain facts plausibly showing that [the defendant] specifically intended [its] customers to infringe the [asserted patents] and knew that the customers' acts constituted infringement."

6

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 14-cv-00134, 2015 WL 3513151, at *4 (W.D. Tex. Mar. 24, 2015). "[T]he mere knowledge of possible infringement of a patent by others does not amount to inducement." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 17-cv-00143, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017) (citing *Global-Tech Appliances*, 563 U.S. at 766). "Specific intent and action to induce infringement" are necessary; WSOU must allege that Canon took "affirmative steps to bring about the desired result [of infringement]." *Id.* (quoting *Global-Tech Appliances*, 563 U.S. at 760).

The Complaint alleges merely that Canon "distribute[s] product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '346 patent." Complaint, ¶ 14. According to WSOU, Canon "therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '346 patent." Complaint, ¶ 15. These allegations are woefully inadequate.

WSOU's assertions are nothing more than "naked assertions," "devoid of further factual enhancement" and cannot withstand a motion to dismiss. *Iron Oak Techs., LLC*, 2017 WL 9477677, at *5-6. Indeed, the Federal Circuit and this Court have consistently considered and dismissed similar allegations for failing to meet the pleading standard for specific intent. *See, e.g.*, *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (affirming dismissal of indirect infringement claims and noting that induced infringement may not be pled by simply setting forth conclusory allegations that a defendant "acted with specific intent" or acted to "urge, instruct, [and/or] encourage" infringement); *see also Affinity Labs*, 2014 WL 2892285, at *7 (holding that plaintiff's unsupported allegations that defendant has "encouraged and is encouraging" its customers to infringe the Asserted Patents by marketing

7

and selling its automobiles with sound systems failed to support the standards for induced infringement).

WSOU's passing reference to "product literature and website materials" does not provide any factual basis for alleging specific intent to induce infringement. *See Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-01637, 2019 WL 1455336, at *2 (N.D. Cal. Apr. 2, 2019) (dismissing claims of induced infringement and holding that plaintiff's "passing references to user manuals guides, and support articles" cannot be relied on to infer specific intent). Indeed, the Complaint is silent as to *how* Canon, without any knowledge of the asserted patent, providing its customers with "product literature and website materials" for products they have purchased supports an *inference* of specific intent to induce infringement. *See id.* at *3 (noting "the complaint only states bald conclusions that an end user following YouTube instructions results in infringement" and fails to "detail *how* an end user would infringe Hypermedia's patents by following instructions in the link") (emphasis in original). The Complaint simply fails to include any facts supporting an inference of specific intent.

Indeed, WSOU's Complaint and attached claim chart does not give Canon any reasonable basis to believe that the allegedly infringing Canon EOS R5 camera infringes the '346 patent. For example, the claim chart attached to the Complaint alleges that the EOS R5 infringes by virtue of its support for industry standard Bluetooth 5.0. *See*, Dkt. 1, Exs. 2 – 2D. But, WSOU's predecessor in interest who assigned the '346 patent to WSOU, Alcatel-Lucent, was an "Adopter" member of Bluetooth Special Interest Group ("Bluetooth SIG") and owner of the '346 patent at the time Bluetooth 5.0 was adopted. *See* Complaint, Ex. 2D (Bluetooth 5.0 Specification, published December 2016); Ex. 1 (Bluetooth SIG member directory showing as

8

members Alcatel-Lucent, and its predecessors Alcatel and Lucent Technologies[2], and Canon); Ex. 2 (Annotated excerpts of August 2017 Patent Assignment from Alcatel-Lucent to WSOU). Bluetooth Adopter members, such as Alcatel-Lucent, grant Bluetooth "Associate" members, such as Canon, a perpetual, world-wide and royalty-free license to practice the Bluetooth standard. *See* Ex. 3 (Annotated July 2016 Bluetooth Patent/Copyright License Agreement) at 4 ("Effective upon the adoption by Bluetooth SIG of each Bluetooth Specification, each Associate and Adopter Member … hereby grant to each … Associate and Adopter Member … a nonexclusive, royalty-free, perpetual, irrevocable, nontransferable, nonsublicenseable, worldwide license …"). Thus, for at least these exemplary reasons, Canon has no knowledge that it is infringing the '346 patent and no intent to induce infringement.

Without any factual basis from which the Court could infer that Canon had the specific intent to induce infringement, WSOU's allegations of induced infringement cannot meet the standards set forth in *Iqbal* and *Twombly* and enforced in prior patent infringement actions by this Court.

---

[2] Alcatel and Lucent Technologies merged to form Alcatel-Lucent in 2006. *See, e.g.*, "Alcatel-Lucent Merger Timeline," https://web.archive.org/web/20110930041108/http://www.alcatel-lucent.com/wps/portal/%21ut/p/kcxml/04_Sj9SPykssy0xPLMnMz0vM0Y_QjzKLd4w39w3RL8h2VAQAGOJBYA%21%21?LMSG_CABINET=Docs_and_Resource_Ctr&LMSG_CONTENT_FILE=News_Features%2FNews_Feature_Detail_000046.xml.

### C. The Complaint Fails to State a Claim for Contributory Infringement

As discussed above, WSOU's failure to allege Canon's knowledge of the '346 patent dooms its claims of indirect infringement. *See Artip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citing *Commil*, 135 S. Ct. at 1926) ("To survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the accused infringer knew of the asserted patents.").

Claims of contributory infringement must be "more than boilerplate recitations of the elements of … contributory infringement." *Blackberry Ltd. v. Nokia Corp.*, No. 17-cv-00155, 2018 WL 1401330, at *4 (D. Del. Mar. 20, 2018) (dismissing contributory infringement claims). Required are *factual* allegations that the accused component "has no substantial noninfringing uses." *Affinity Labs*, 2014 WL 2892285, at *8 (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)). A "conclusory allegation" that "components provided by" the accused infringer "are not staple articles of commerce suitable for substantial non-infringing use" is "no more than a 'threadbare recital' of one of the elements." *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-00999, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (quoting *Iqbal*, 556 U.S. at 678) (dismissing contributory infringement claims). In other words, it is insufficient to assert "nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d, 1323, 1338 (Fed. Cir. 2012) (affirming dismissal of contributory infringement claims).

WSOU's contributory infringement claims do not even approach these standards. They are a textbook example of the "threadbare recital" of elements precluded by this Court's precedent and *Iqbal*/*Twombly*:

> **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '346 patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '346 patent. The Exemplary Defendant Products are especially made or adapted for infringing the '346 patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '346 patent.

*De La Vega v. Microsoft Corporation*, No. 19-cv-00612-ADA, Dkt. 29 at 3 (Feb. 11, 2020) (Albright, J.) (citing *Iqbal*, 556 U.S. at 662) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). WSOU's assertion plainly fails basic pleading standards—WSOU simply recites the legal requirements for contributory infringement. WSOU's assertion is so generic that it resembles the hypothetical contributory infringement claim explicitly rejected in *In re Bill of Lading*. *Compare id.* (Canon's products "have no substantial non-infringing use. … the Exemplary Defendant Products contain functionality which is material to at least one claim of the '346 patent."), *with* 618 F.3d at 1338 ("if you use this device to perform the patented method, the device will infringe and has no noninfringing uses"). Indeed, WSOU copied-and-pasted this exact same paragraph into its four other complaints against Canon accusing four different products.[3] And, in all its complaints, this single paragraph constitutes the entirety of WSOU's contributory infringement claim. Such generic allegations are plainly deficient and warrant dismissal.

---

[3] *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00981, Dkt. 1, ¶ 16 (Oct. 19, 2020); *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00982, Dkt. 1, ¶ 16 (Oct. 19, 2020); *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00984, Dkt. 1, ¶ 16 (Oct. 19, 2020); *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00985, Dkt. 1, ¶ 16 (Oct. 19, 2020).

The accused EOS R5 camera is fundamentally a camera. It can shoot extremely high-resolution still images at up to 20 frames per second and it also shoot 8K and 4K video. Its Bluetooth 5.0 capabilities represent additional minor functionality to transmit images from the camera or remotely control the camera. Accordingly, far from having ***no non-infringing uses***, as contributory infringement requires, the vast majority of the use, value, and functionality of the EOS R5 has nothing to do with is inclusion of Bluetooth 5.0.

## CONCLUSION

For the foregoing reasons, Canon respectfully requests that the Court grant this motion and dismiss WSOU's claims of induced infringement and contributory infringement.

Dated: March 15, 2021                               Respectfully Submitted

*/s/ John M. Jackson*

John M. Jackson (Texas Bar No. 24002340)
jjackson@jw.com
**JACKSON WALKER, LLP**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-6000
Fax: (214) 953-5822

Richard F. Martinelli (*pro hac vice pending*)
rmartinelli@orrick.com
Joseph A. Calvaruso (*pro hac vice pending*)
jcalvaruso@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
Fax: (212) 506-5151

*Attorneys for Defendant
Canon Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on the 15th day of March, 2021 in compliance with Rule CV-5 and has been served on all counsel who have consented to electronic service and all other counsel by regular mail.

/s/ *John M. Jackson*
John M. Jackson