# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development,<br><br>    Plaintiff,<br><br>  v.<br><br>Canon Inc.,<br><br>    Defendant. | Case No. 6:20-cv-00980-ADA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT CANON INC.'S
## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Canon Inc. ("Canon"), by and through its attorneys, hereby sets forth its answers and affirmative defenses to the Complaint filed in this action by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU"). The numbered paragraphs below correspond to the numbered paragraphs of the Complaint. Headings used in the Complaint are restated below for ease of reference, but no admissions are thereby made, as such headings are not allegations requiring an answer. Canon denies all allegations not expressly admitted.

## PARTIES

1. Canon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies them.

2. Admitted.

## JURISDICTION

3. Canon admits that the Complaint purports to allege claims for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

4. Canon admits that this Court has subject matter jurisdiction for this action.

5. Denied.

## VENUE

6. Denied.

## PATENT-IN-SUIT

7. Canon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore denies them.

## THE '346 PATENT

8. Canon admits that Exhibit 1 purports to be a copy of U.S. Patent No. 7,054,346 (the "'346 Patent"). Canon further admits that the '346 Patent appears from the face of the patent to have been filed on May 7, 2001, issued on May 30, 2006, and is entitled "Enhanced Frequency Hopping in a Wireless System."

9. Denied.

## COUNT 1: INFRINGEMENT OF THE '346 PATENT

10. Canon reasserts and incorporates its responses to paragraphs 1 through 9 of the Complaint.

11. Denied.

12. Denied.

13. Canon admits that the Complaint identifies the '346 Patent. Canon denies the remaining allegations in Paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Paragraph 18 contains no allegations that require a response.

19. Denied.

## JURY DEMAND

20. Paragraph 20 contains no allegations that require a response.

## WSOU'S PRAYER FOR RELIEF

Canon denies that it infringes the '346 Patent, and thus denies that WSOU is entitled to any relief against Canon.

## CANON'S AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that any of the following necessarily must be pled as an affirmative defense or that Canon necessarily bears the burden of proof or persuasion for any of the following, Canon asserts the following affirmative defenses to the Complaint. Canon reserves the right to amend its Answer and add affirmative defenses consistent with the facts discovered in the case.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to state a claim)

1. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

2. Canon has not and does not infringe, contribute to the infringement of, or actively induce others to infringe, either directly, indirectly, literally, or by application of the doctrine of equivalents, any valid claim of the '346 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (No willful infringement)

3.     WSOU is not entitled to enhanced or increased damages because Canon has not intentionally, willfully, or deliberately infringed any valid claim of the '346 Patent.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

4.     The claims of the '346 Patent are invalid for failure to comply with the statutory requirements of one or more provisions of Title 35 of the United States Code § 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### FIFTH AFFIRMATIVE DEFENSE
### (License and/or Exhaustion)

5.     Upon information and belief, WSOU's claims are barred, in whole or in part, because Canon has an express or implied license to the subject matter of the '346 Patent; and/or to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Canon by any entity or entities having an express or implied license to the '346 Patent; and/or WSOU's claims are barred, in whole or in part, under the doctrine of patent exhaustion.

### SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and Disclaimer)

6.     WSOU is estopped from construing or otherwise arguing that any claim of the '346 Patent covers or includes, either literally or by application of the doctrine of equivalents, any method, system, or apparatus manufactured, used, imported, sold, or offered for sale by Canon because of actions taken and arguments made before the United States Patent and Trademark Office ("PTO") during prosecution of the application that issued as the '346 Patent.

## SEVENTH AFFIRMATIVE DEFENSE
**(Limitation on Recovery)**

7. Pursuant to 35 U.S.C. §§ 286 and/or 287, WSOU is barred in whole or in part from recovering damages for any alleged infringement of the '346 Patent asserted in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
**(Preclusion of Costs)**

8. To the extent that any claim of the '346 Patent is held to be invalid, WSOU must be precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

## CANON'S PRAYER FOR RELIEF

WHEREFORE, Canon respectfully requests that this Court enter judgment in its favor and against WSOU and grant relief as follows:

A. An Order dismissing with prejudice WSOU's Complaint against Canon in its entirety, including all requests for relief therein;

B. Judgment in favor of Canon, and against WSOU, on the Complaint;

C. An Order and Judgment declaring that Canon does not infringe any claim of the '346 Patent;

D. An Order and Judgment declaring that the '346 Patent is invalid for failure to comply with the statutory requirements of one or more provisions of Title 35 of the United States Code § 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112;

E. An Order and Judgment declaring this an exceptional case and awarding Canon its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any other relief as the Court may deem just and proper.

Dated: March 15, 2021                              Respectfully Submitted,


                                                */s/ John M. Jackson*

John M. Jackson (Texas Bar No. 24002340)
jjackson@jw.com
**JACKSON WALKER, LLP**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-6000
Fax: (214) 953-5822

Richard F. Martinelli (*pro hac vice pending*)
rmartinelli@orrick.com
Joseph A. Calvaruso (*pro hac vice pending*)
jcalvaruso@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
Fax: (212) 506-5151


*Attorneys for Defendant
Canon Inc.*

7

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on the 15th day of March, 2021 in compliance with Rule CV-5 and has been served on all counsel who have consented to electronic service and all other counsel by regular mail.

*/s/ John M. Jackson*
John M. Jackson