# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Canon Inc.,<br><br>　　　　Defendant. | Case No. 6:20-cv-00980-ADA<br><br>**JURY TRIAL DEMANDED** |
| Canon Inc.,<br><br>　　　　Third-Party Plaintiff,<br><br>　v.<br><br>NXP USA, Inc.<br><br>　　　　Third-Party Defendant. | |

## DEFENDANT CANON INC.'S
## THIRD-PARTY COMPLAINT AGAINST NXP USA, INC.

Defendant and Third-Party Plaintiff, Canon Inc. ("Canon"), by and through its attorneys, brings this action against Third-Party Defendant, NXP USA, Inc. ("NXP") pursuant to Fed. R. Civ. P. 14 for breach of warranties and obligations to indemnify, defend and hold harmless Canon for any and all claims by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff") of infringing U.S. Patent No. 7,054,346 (the "'346 patent") asserted, *inter alia*, in this Civil Action No 6:20-cv-00980.

1

## PARTIES

1.     Canon is a corporation duly organized and existing under the laws of Japan. Its principal place of business is 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

2.     Upon information and belief, NXP is a Delaware corporation having its principal place of business at 6501 William Cannon Drive West, Austin, TX 78735. NXP may be served with process through its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION

3.     The underlying action for patent infringement arises from WSOU claims for patent infringement against Canon. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C.A. § 1367(a) because Canon's claims against NXP are so related to WSOU's claims for patent infringement that are within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

4.     NXP is subject to this Court's personal jurisdiction under FED. R. CIV. P. 4(k)(1)(A) because NXP is subject to the general jurisdiction of Texas; as a resident of the District, NXP's ties with the State of Texas and with the forum are continuous and systematic.

5.     Venue is proper in this District under 28 U.S.C. § 1391 because, among other things, Canon's alleged infringing acts that form the basis of the underlying action occurred in this District and the underlying lawsuit is pending in this Court.

## WSOU'S ALLEGATIONS

6.     In the Complaint filed on October 19, 2020 in the present action, WSOU claims to be the assignee of the '346 patent issued on May 30, 30016. Compl. at ¶ 7.

7.  WSOU alleges that Canon has been and continues to infringe at least claim 13 of the '346 patent by making, using, offering to sell, selling and/or importing at least Canon EOS R5 cameras (the "Accused Products"). *Id.* at ¶¶ 11-17; Ex. 2 to Compl.

8.  WSOU alleges that the Accused Products transmit data by using Bluetooth 5, which is "based on Adaptive Frequency Hopping." *See generally* Ex. 2 to Compl. (citing Bluetooth 5 standard and Canon EOS R5 camera specification); Ex. C to Ex. 2 (Bluetooth 5 standard published by Bluetooth SIG); Ex. D to Ex. 2 (Bluetooth Core Specification v 5.0 published by Bluetooth SIG on December 6, 2016).

9.  Specifically, WSOU alleges that the Accused Products comprise "a transmitter for transmitting signals using frequency hopping over a time period T" and thus meet the "wireless endpoint" limitation as claimed in claim 13 because they support Bluetooth 5 technology, which is based on Adaptive Frequency Hopping. Ex. 2 to Compl. at 1-5 (citing Bluetooth 5 standard); Ex. C to Ex. 2 (Bluetooth 5 standard published by Bluetooth SIG).

10. WSOU further alleges that the Accused Products "pseudorandomly select[] a frequency . . . the frequency selection is constrained to less than the N frequencies and such that at least one of the selected frequencies is prohibited from subsequent selection in at least a portion of the time period T" as claimed in claim 13 because the Accused Products use adaptive frequency hopping, which "replaces the unused channels by the used channels in a pseudo-random way" as described in the Bluetooth 5 standard. Ex. 2 to Compl. at 5-6 (citing Bluetooth Core Specification v 5.0); Ex. D to Ex. 2 (Bluetooth Core Specification v 5.0).

11. WSOU also alleges that the Accused Products "pseudorandomly select[] a frequency from a set of N frequencies such that over at least a portion of the time period T, the frequency selection is constrained to less than the N frequencies and such that at least one of the

selected frequencies is prohibited from subsequent selection in at least a portion of the time period T" as claimed in claim 13 because Bluetooth 5 technology "uses a new channel selection algorithm with adaptive frequency hopping, which produces hopping sequences, which are pseudo-random and distinct sequences in a period T" and because Bluetooth 5's "distinct sequence helps to use the different channels rather than the same channel, avoiding repetition at a different time hop in a single period. (i.e., [sic] least one of the selected frequencies is prohibited from the subsequent selection in at least a portion of the period T)." Ex. 2 to Compl. at 6-7 (citing Bluetooth 5 standard); Ex. C to Ex. 2.

12.  WSOU also alleges that the Accused Products use adaptive frequency hopping, with which "[t]he Bluetooth channels are divided into two categories used and unused" and "[t]he channels for frequency hopping are selected from the used and unused channels (i.e. N)," and thus meet the limitation that "N is the total number of frequencies available for frequency hopping" in claim 13. Ex. 2 to Compl. at 7-8 (citing Bluetooth Core Specification v 5.0); Ex. D to Ex. 2.

## CANON'S RELATIONSHIP WITH NXP

13.  Effective December 1, 2005, Canon and Marvell Asia Pte., Ltd. ("Marvell"), which is NXP's predecessor in interest, entered into an IP Indemnification Agreement ("Marvell Agreement").  Pursuant to the Marvell Agreement, Marvell agreed to indemnify Canon if it purchased Marvell wireless LAN chips and associated technology (the "Chips"), either directly from Marvell or through a third-party supplier.

14.  The Marvell Agreement provides, in relevant part, that Marvell is obligated to indemnify, defend and hold harmless Canon, Canon's subsidiaries, affiliates, wholesale or software distributors, or dealers from and against any claims alleging that the manufacture, use, sale, offer

to sell, distribution, transfer, lease, display, importation or other disposition of the Chips and any associated firmware infringes a third-party's patent.

15. Canon and Marvell entered into an amendment to the Marvell Agreement effective as of May 4, 2017, in which Marvell confirmed that Canon, Canon's subsidiaries, affiliates, wholesale or software distributors, or dealers are indemnified for claims, actions, suits or proceedings alleging infringement or misappropriation of functionality adopted as standard by Bluetooth SIG, Inc. of any Marvell products sold to Canon and Canon's affiliates ("Marvell Amendment").

16. NXP acquired Marvell's Wi-Fi and Bluetooth Business effective as of December 6, 2019.

17. In light of the NXP's acquisition of Marvell's Wi-Fi and Bluetooth Business, Canon and NXP executed another agreement effective as of December 6, 2019 ("NXP Agreement"). The NXP Agreement provides, among other things, that as of December 6, 2019 NXP warrants that it is the successor of Marvell and that it is bound by all of Marvell's obligations under the Marvell Agreement. The NXP Agreement further provides that all the terms and conditions of the Marvell Agreement and Marvell Amendment shall remain in full force and effect unless expressly stated otherwise (NXP Agreement, Marvell Agreement and Marvell Amendment collectively referred to as the "Indemnification Agreements" hereinafter).

18. The allegedly infringing Bluetooth functionality in Canon EOS R5 camera's is provided by a Marvell/NXP Chip.

## COUNT 1: BREACH OF CONTRACT

19. Canon hereby incorporates the above paragraphs herein by reference.

20. WSOU filed a complaint against Canon alleging patent infringement of the '346 patent and seeking damages in the present action.

21. NXP/Marvell sells and has sold products, which form the accused features alleged by WSOU of infringing the '346 patent, to Canon.

22. By the terms of the Indemnification Agreements, NXP expressly represents and warrants to Canon that it is the successor of Marvell as to all obligations under the Marvell Agreement and Marvell Amendment. Pursuant to the Indemnification Agreements NXP is obligated to indemnify, defend, and hold harmless Canon from and against any claims alleging that the manufacture, use, sale, offer to sell, distribution, transfer, lease, display, importation or other disposition of the Chips, products embodying the Chips, or Bluetooth Functionality of the Chips of patent infringement.

23. At all relevant times, NXP is and has been obligated to indemnify, defend, and hold harmless Canon from and against any claims alleging patent infringement based on the manufacture, use, sale, offer to sell, distribution, transfer, lease, display, importation or other disposition of the Chips, products embodying the Chips, or Bluetooth Functionality of the Chips. Nevertheless, NXP has refused to step in and defend Canon from WSOU's claims of infringement pursuant to the Indemnification Agreements and has therefore breached the Indemnification Agreements.

24. While Canon has denied and continues to deny that it infringes any claims of the '346 patent, and while Canon has alleged and does allege, *inter alia*, that claims of the '346 patent are invalid and unenforceable, and while Canon has denied and does deny any liability to WSOU, WSOU continues to assert infringement based on Canon's use of NXP's products and NXP has refused and continues to refuse to defend Canon against WSOU's infringement assertions and to

otherwise indemnify Canon pursuant to the Indemnification Agreements. NXP has breached the Indemnification Agreements for the products subject to a third-party claim of infringement sold by NXP to Canon and is liable for that breach to Canon.

## JURY DEMAND

25. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Canon demands a trial by jury of this action.

## CANON'S PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff Canon prays for a final judgment against NXP and respectfully request the following relief:

A. A judgment that NXP is liable to Canon to indemnify, defend, and hold harmless Canon from and against any claims or demands of WSOU arising from infringement of the '346 patent;

B. A judgment that NXP has breached the Indemnification Agreements for the products accused of infringement sold by NXP to Canon (through a third-party supplier), and is liable for that breach to Canon;

C. A judgment ordering NXP to compensate Canon for all money spent by Canon defend against WSOU's claims of infringement in this action, including but not limited to costs, attorney's fees, expenses, damages, royalties, etc.

D. A judgment under 35 U.S.C. § 285 awarding Canon its costs and reasonable attorneys' fees expended in defending and maintaining this action;

E. A judgment awarding Canon its costs and reasonable attorneys' fees expended in bringing and prosecuting this third-party action; and,

F. Any other relief as the Court may deem just and proper.

Dated: March 29, 2021  Respectfully Submitted,

*/s/ John M. Jackson*

John M. Jackson (Texas Bar No. 24002340)
jjackson@jw.com
**JACKSON WALKER, LLP**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-6000
Fax: (214) 953-5822

Richard F. Martinelli (*pro hac vice*)
rmartinelli@orrick.com
Joseph A. Calvaruso (*pro hac vice*)
jcalvaruso@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
Fax: (212) 506-5151

*Attorneys for Defendant and Third-Party Plaintiff Canon Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically on the 29th day of March, 2021 in compliance with Rule CV-5 and has been served on all counsel who have consented to electronic service and all other counsel by electronic mail.

>Jonathan K. Waldrop (CA Bar No. 297903)
>(Admitted in this District)
>jwaldrop@kasowitz.com
>Darcy L. Jones (CA Bar No. 309474)
>(Admitted in this District )
>djones@kasowitz.com
>Marcus A. Barber (CA Bar No. 307361)
>(Admitted in this District)
>mbarber@kasowitz.com
>John W. Downing (CA Bar No. 252850)
>(Admitted in this District)
>jdowning@kasowitz.com
>Heather S. Kim (CA Bar No. 277686)
>(Admitted in this District)
>hkim@kasowitz.com
>Jack Shaw (CA Bar No. 309382)
>(Admitted in this District)
>jshaw@kasowitz.com
>**KASOWITZ BENSON TORRES LLP**
>333 Twin Dolphin Drive, Suite 200
>Redwood Shores, California 94065
>Telephone: (650) 453-5170
>Facsimile: (650) 453-5171
>
>Mark D. Siegmund (TX Bar No. 24117055)
>mark@waltfairpllc.com
>**LAW FIRM OF WALT FAIR, PLLC**
>1508 N. Valley Mills Drive
>Waco, TX 76710
>Telephone:  (254) 772-6400
>Facsimile:  (254) 772-6432
>
>*Attorneys for Plaintiff*

*/s/ John M. Jackson*
John M. Jackson