**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00980-ADA** |
| **DEVELOPMENT,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CANON, INC.,** | § | |
| *Defendant.* | § | |
| | § | |

**WSOU INVESTMENTS, LLC'S MEMORANDUM OF LAW
<u>IN OPPOSITION TO CANON, INC.'S MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND AND PROCEDURAL HISTORY .................................................................... 2

LEGAL STANDARD ................................................................................................................. 2

ARGUMENT .............................................................................................................................. 4

THE AMENDED COMPLAINT STATES A CLAIM FOR INDIRECT INFRINGEMENT ....... 4

    A.   WSOU's Complaint Adequately Alleges Canon's Knowledge Of Its Infringement ......... 4

    B.   The Cases Relied On By Canon Do Not Support Dismissal Of WSOU's Post-Suit Indirect Infringement Claim .................................................................................... 8

    C.   WSOU Sufficiently Alleges That Canon Intentionally Induced Infringement ................. 10

CONCLUSION ......................................................................................................................... 16

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*#1 Fan Co., LLC v. Pepco Licensed Prod., Inc.*,
No. SA-09-CA-1029-FB, 2011 WL 13269165 (W.D. Tex. Mar. 16, 2011) ..........................11

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...............................................................................15, 16

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-cv-00365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...............................14, 15

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ..............................9

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-702-XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) ................................9

*Applied Materials, Inc. v. Muto Technology, Inc.*,
No. A-17-CV-00519-LY, 2018 WL 4999972 (W.D. Tex. Sept. 5, 2018)..........................5, 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................................3

*Bayer Cropscience AG v. Dow Agrosciences, LLC*,
288 F.R.D. 84 (D. Del. 2012) .........................................................................................13

*In re Bill of Lading Transmission and Processing System Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012).........................................................................................5

*Body Fit Training U.S.A., Inc. v. F45 Training Pty Ltd.*,
No. 20-cv-07081-AB (PJW), 2020 WL 8372966 (C.D. Cal. Dec. 3, 2020)..........................14

*Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*,
No. 6:12-cv-286-Orl-36DAB, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014)......................10

*Canon, Inc. v. Avigilon USA Corp.*,
411 F. Supp. 3d 162 (D. Mass. 2019) ............................................................................. 7

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*,
No. 2:18-CV-00546-JRG, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020)..........................6, 11

*CAP Co., Ltd. v. McAfee, Inc.*,
Case Nos. 14–cv–05068–JD, 14–cv–05071–JD, 2015 WL 3945875
(N.D. Cal. June 26, 2015) ..................................................................................................6

*Castlemorton Wireless, LLC v. Comcast Corp.*,
　　No. 20-cv-00034-ADA (W.D. Tex. July 25, 2020) ...................................................8

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
　　323 F. Supp. 3d 870 (E.D. Tex. 2018) .................................................................5

*Clyce v. Farley*,
　　836 F. App'x 262 (5th Cir. 2020) ......................................................................3

*Cywee Group, Ltd. v. Huawei Device Co.*,
　　Case No. 2:17-CV-495-WCB, 2018 WL 3819392 (E.D. Tex. Aug. 10, 2018)..........3, 4, 5, 12

*Erickson v. Pardus*,
　　551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) .........................................3

*ESW Holdings, Inc. v. Roku, Inc.*,
　　6:19-CV-00044-ADA, 2019 WL 10303653 (W.D. Tex. May 13, 2019) ................................3

*Hypermedia Navigation LLC v. Google LLC*,
　　No. 18-cv-01637-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ...................................12

*Intellectual Ventures v. VMWare*,
　　No. A 19-CA-1075 ADA (W.D. Tex. Jan. 31, 2020) ............................................8, 9

*IOENGINE, LLC. v. Paypal Holdings, Inc.*,
　　Nos. 18-452-WCB, 18-826-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019)...................5, 10

*Iron Oak Techs, LLC v. Acer Am. Corp.*,
　　No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ....................15

*Lowrey v. Texas A&M University System*,
　　117 F.3d 242 (5th Cir. 1997) ........................................................................2, 3

*Microlog Corp. v. Continental Airlines, Inc.*,
　　No. 6:10-cv-260, 2011 WL 13141017 (E.D. Tex. Sept. 28, 2011).........................................13

*Motiva Patents, LLC v. Sony Corp.*,
　　408 F. Supp. 3d 819 (E.D. Tex. Sept. 27, 2019)...................................................12

*Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*,
　　479 F.3d 377 (5th Cir. 2007) ........................................................................3

*Nalco Co. v. Chem-Mod, LLC*,
　　883 F.3d 1337 (Fed. Cir. 2018).......................................................................12

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
　　No. 6:14-cv-1017-Orl-22KRS, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ....................10

*Parity Networks, LLC v. Cisco Systems, Inc.,*
No. 6:19-cv-00207-ADA, No. 6:19-cv-00209-ADA, 2019 WL 3940952
(W.D. Tex. July 26, 2019) ...................................................................................4

*Parus Holdings, Inc. v. Apple, Inc.,*
No. 19-cv-00432-ADA (W.D. Tex. Jan. 31, 2020) ...........................................8, 9

*Quartz Auto Technologies, LLC v. Lyft, Inc.,*
1:20-CV-00719-ADA, 2021 WL 1177886 (W.D. Tex. Mar. 29, 2021)...............2, 3

*Schindler Elevator Corp. v. Otis Elevator Co.,*
No. 09–cv–0560 (DMC), 2010 WL 1032651 (D.N.J. Mar. 16, 2010) ...................6

*Script Security Solutions L.L.C. v. Amazon.com, Inc.,*
170 F. Supp. 3d 928 (E.D. Tex. 2016) ...................................................10, 12, 13

*Simplivity Corp. v. Springpath, Inc.,*
No. 4:15-cv-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016) ..............6, 7

*Slyce Acquisition Inc. v. Syte -Visual Conception Ltd.,*
422 F. Supp. 3d 1191 (W.D. Tex. 2019)...............................................................3

*Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.,*
W-19-CV-00257-ADA, 2020 WL 278481 (W.D. Tex. Jan. 10, 2020) ..............4, 14

*United States v. Jon-T Chemicals, Inc.,*
768 F.2d 686 (5th Cir. 1985) .............................................................................14

*Walker Digital, LLC v. Facebook, Inc.,*
852 F. Supp. 2d 559 (D. Del. 2012)..................................................................9, 10

*Xpoint Techs., Inc. v. Microsoft Corp.,*
730 F. Supp. 2d 349 (D. Del. 2010)..................................................................9, 10

*YETI Coolers, LLC v. RTIC Coolers, LLC,*
1:15-CV-00597-RP, 2016 WL 5956081 (W.D. Tex. Aug. 1, 2016) ......................5

*Zapfraud, Inc. v. Barracuda Networks, Inc.,*
No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021) ..................10

## Other Authorities

Fed. R. Civ. P. 8 ......................................................................................10, 11

Fed. R. Civ. P. 12 ....................................................................................... *passim*

**Miscellaneous**

*Canon, Inc. v. Avigilon USA Corp.*,
    Case No. 1:19-cv-10931-NMG. Dkt. 19 (D. Mass. June 28, 2019) ...............................7, 8, 12

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") submits this memorandum of law in opposition to defendant Canon, Inc.'s ("Canon") motion to dismiss WSOU's Amended Complaint for Patent Infringement (the "Amended Complaint").[1]

## PRELIMINARY STATEMENT

In its Amended Complaint and accompanying claim chart, WSOU set forth clear - allegations that, construed in WSOU's favor, are more than sufficient to survive a motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  Those well-pled facts assert Canon's EOS R5 camera (the "Canon product") infringes U.S. Patent No. 7,054,346 (the "'346 Patent") -- on which WSOU is the assignee of all right, title and interest -- both directly and indirectly, by incorporating into the Canon product technology protected by the '346 Patent and actively distributing product literature to its customers that encourages and aids the use of the infringing technology.  Moreover, Canon has continued to infringe notwithstanding that, without question, it has been apprised of its infringement of the '346 Patent since no later than October 19, 2020, when WSOU filed its initial complaint in this case.

Nonetheless, ignoring the proper standards on a motion to dismiss and seeking to have the inferences of WSOU's allegations drawn in *its* favor, Canon seeks dismissal of WSOU's induced infringement claim (it does not move to dismiss WSOU's direct infringement claim).  Its arguments, however, fail.

First, contrary to Canon's contentions, the law does not require pre-suit knowledge for claims -- like WSOU's indirect infringement claim -- seeking *post-suit* damages, which is what WSOU is seeking here.  Further, as shown below, WSOU's allegations regarding the sale of, and

---

[1]  Submitted herewith is the May 24, 2021 Declaration of Jonathan K. Waldrop.  Exhibits to the Waldrop Declaration are referred to herein as "Exh. __."  References herein to Canon's Motion to Dismiss are to "Mot. __."

deliberate dissemination of materials, instructions and internet-based directions regarding, Canon's infringing products are sufficient to meet the "intent" requirement of WSOU's indirect infringement claim and withstand a motion to dismiss.  Indeed, Canon has made nearly identical arguments when seeking to protect its *own* patents, and it cannot speak out of both sides of its mouth just because it is on the receiving end of an infringement complaint.[2]

## BACKGROUND AND PROCEDURAL HISTORY

WSOU is a Delaware limited liability company with its principal place of business located at 605 Austin Avenue, Suite 6, Waco, Texas.  (Dkt. 27 at ¶ 1.)  It is the assignee of the '346 Patent.  (*Id*. at ¶ 7.)  Canon is a global corporation, with its main headquarters in Japan, that developed the infringing Canon product, as detailed in Amended Complaint.  (*Id*. at ¶¶ 2, 12-21.)

WSOU commenced this action on October 19, 2020, by filing its initial complaint.  (Dkt. 1.)  On or about March 15, 2021, Canon moved to dismiss WSOU's complaint.  (Dkt. 16.)  Pursuant to its unopposed motion to extend its time to file a response to Canon's motion, WSOU's time to respond to that motion was extended to April 12, 2021.  (Dkt. 19.)  Although WSOU's original complaint was sufficient to withstand Canon's motion to dismiss, on April 12, WSOU filed the Amended Complaint, further expounding on its infringement allegations against Canon.  (Dkt. 27.)  On April 26, 2021, notwithstanding WSOU's expanded allegations in its Amended Complaint, Canon filed the instant motion to dismiss.  (Dkt. 32.)

## LEGAL STANDARD

Motions to dismiss are "viewed with disfavor" and "rarely granted" by courts in this circuit.  *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Quartz Auto*

---

[2]  While not necessary, WSOU does not object to its contributory infringement claim being stayed or dismissed without prejudice at this time, with leave to replead after the parties have had the benefit of claim construction and discovery.

*Technologies, LLC v. Lyft, Inc.*, 1:20-CV-00719-ADA, 2021 WL 1177886, at *2 (W.D. Tex. Mar. 29, 2021).  A claim cannot be dismissed under Rule 12(b)(6) unless the plaintiff "would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint."  *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007).  In other words, it must appear beyond doubt that the plaintiffs can prove no set of facts in support of their claim entitling them to relief.  *See ESW Holdings, Inc. v. Roku, Inc.*, 6:19-CV-00044-ADA, 2019 WL 10303653, at *1–2 (W.D. Tex. May 13, 2019).  The question to be resolved on a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold."  *Cywee Group, Ltd. v. Huawei Device Co.*, Case No. 2:17-CV-495-WCB, 2018 WL 3819392, at *1 (E.D. Tex. Aug. 10, 2018).

Pursuant to FRCP 12(b)(6), a claim has "facial plausibility" and must not be dismissed "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Specific facts are not necessary, rather the allegations "need only give the defendant fair notice of what the ... claim is and the ground upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Slyce Acquisition Inc. v. Syte -Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019) (Albright, J.).  *See also Clyce v. Farley*, 836 F. App'x 262, 266 (5th Cir. 2020); *Lowrey, supra*.  Dismissal under Rule 12(b)(6) is inappropriate where fact discovery

could affect the court's analysis.  *See Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, W-19-CV-00257-ADA, 2020 WL 278481, at *6 (W.D. Tex. Jan. 10, 2020).  All reasonable inferences from the allegations must be drawn in plaintiff's favor.  *Cywee*, *supra*, 2018 WL 3819392, at *5.

Applying the foregoing standards, Canon's motion should be denied.

## ARGUMENT

## THE AMENDED COMPLAINT STATES A CLAIM FOR INDIRECT INFRINGEMENT

Contrary to Canon's argument, the Amended Complaint adequately alleges that Canon is liable for indirect infringement of the '346 Patent.  As an initial matter, as this Court has previously recognized, whether allegations of indirect infringement are sufficient should be resolved "either at the summary judgment stage or at trial."  *Parity Networks, LLC v.  Cisco Systems, Inc*., No. 6:19-cv-00207-ADA, No. 6:19-cv-00209-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019).  But in any event, nothing Canon argues warrants dismissing WSOU's indirect infringement claim.

A.    WSOU's Complaint Adequately Alleges Canon's Knowledge Of Its Infringement

Canon argues that the Amended Complaint should be dismissed because it purportedly does not allege Canon's pre-suit knowledge of the '346 Patent.  (Mot. at 4).  Canon is wrong.

Claims seeking only *post-suit* infringement damages, like WSOU's claim here, do not require allegations of pre-suit knowledge of the patent.  Thus, in *Cywee Group, Ltd. v. Huawei Device Co*., *supra*, the court denied defendant-infringer's motion to dismiss asserting that pre-suit knowledge of the subject patent was required to support indirect infringement claims seeking post-suit damages:

> The third amended complaint alleges that '[defendant] provides manuals and instructions ... and/or provides instructional and support materials on its website that teach and instruct its customers to operate those products in ways that practice the claimed invention' ... The use of the present tense—"provides"—indicates that [defendant], *with knowledge of infringement no later than the time of the filing of the complaint*, continues to provide those instructions.  Even if [defendant] did not have knowledge of the asserted patents before this action was filed, that knowledge

4

and [defendant's] continued distribution of the instructions is sufficient to establish
post-suit infringement.

2018 WL 3819392, at *2 (emphasis added).   Here, as in *Cywee*, WSOU alleges that Canon
"continues" to sell and distribute its infringing products and "distribute product literature and
website materials inducing end users and others" to use those infringing products.   (Amended
Complaint at ¶¶ 15-16.)   As in *Cywee*, those allegations are sufficient to survive a motion to
dismiss.

      In *Applied Materials, Inc. v. Muto Technology, Inc.*, No. A-17-CV-00519-LY, 2018 WL
4999972 (W.D. Tex. Sept. 5, 2018), the plaintiff opposed a Rule 12 motion, arguing that defendant
had notice of the patents at issue "from at least the filing of the complaint."   *Id*. at *3.   Denying
defendant's motion, this Court held that: "Although the patent holder has the burden of pleading
and proving at trial that it has complied with the statutory requirements for notice, at the pleading
stage it is sufficient to allege that the accused infringer had knowledge of the asserted patents."   *Id*.
That is what WSOU has alleged here (and what must be construed as true on this motion), and it
is enough.   Cases holding similarly are legion.   *See In re Bill of Lading Transmission and
Processing System Patent Litig*., 681 F.3d 1323, 1342-1345 (Fed. Cir. 2012) (accepting without
comment plaintiff's allegations that defendant infringers became aware of subject patents "at the
latest" when complaints were filed and served); *YETI Coolers, LLC v. RTIC Coolers, LLC*, 1:15-
CV-00597-RP, 2016 WL 5956081, at *11 (W.D. Tex. Aug. 1, 2016) (complaint provides sufficient
notice of the existence of the patent-in-suit to support a claim of indirect infringement); *Cellular
Commc'ns Equip. LLC v. HTC Corp.*, 323 F. Supp. 3d 870, 874 (E.D. Tex. 2018) ("pre-suit
knowledge is not a prerequisite for inducement"); *IOENGINE, LLC. v. Paypal Holdings, Inc*., Nos.
18-452-WCB, 18-826-WCB, 2019 WL 330515, at *4 (D. Del. Jan. 25, 2019) (reversing in part
dismissal of post-suit indirect infringement claim because "knowledge of the patents was clearly

conveyed to [defendant] by the service of the complaint"); *Simplivity Corp. v. Springpath, Inc.*, No. 4:15-cv-13345-TSH, 2016 WL 5388951, at *7 (D. Mass. July 15, 2016) (noting that service of complaint alleging patent infringement was sufficient notice for post-suit indirect infringement claims)[3]; *CAP Co., Ltd. v. McAfee, Inc.*, Case Nos. 14–cv–05068–JD, 14–cv–05071–JD, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015) ("A complaint is perfectly adequate notice to defendants for indirect infringement claims for post-filing conduct"); *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 09–cv–0560 (DMC), 2010 WL 1032651, at *10 (D.N.J. Mar. 16, 2010) (denying motion to dismiss indirect infringement claim where defendant claimed lack of pre-suit notice because "[a]s the Federal Circuit has explained, '[t]he failure to … provide the requisite notice does not prohibit a patentee from bringing an infringement suit to obtain an injunction or damages occurring after the complaint was served").

Indeed, Canon's argument here is *directly contrary* to arguments *it* made when it sought to defend its *own* patents from infringement.  For example, in *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-00546-JRG, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020), Canon successfully opposed defendant's motion to dismiss its infringement claims, arguing that those claims were adequately stated because, *inter alia*, "'Defendants had knowledge' of the Asserted Patents 'or have been willfully blind to such infringement since (A) at least December 27, 2018 when Canon filed a complaint for infringement ... against [defendant], or (B), at the latest, starting from the filing of th[e] Amended Complaint.'"  *Id*. at *6.

---

[3]  Thus, Canon's reliance on *Simplivity* (Mot. at 5) for its argument that "WSOU's claims of post-suit infringement also fail," is misplaced.  *Simplivity* explicitly recognized that service of the complaint is sufficient notice of post-suit infringement claims and therefore supports *WSOU*, not *Canon*.

Similarly, in *Canon, Inc. v. Avigilon USA Corp.*, Case No. 1:19-cv-10931-NMG. Dkt. 19 (D. Mass. June 28, 2019), in opposing defendant's motion to dismiss Canon's induced infringement claim, Canon (represented by the same counsel representing it here) argued that "pleading knowledge for inducement based on the filing of a complaint is sufficient to state a claim" and that defendant's "argument that an inducement pleading cannot be sustained based on a defendant's knowledge as of the complaint has been soundly rejected and must fail." *See* Exh. 1 at 3, 5-6.[4]   Under Canon's own reasoning, then, the requisite notice of Canon's patent infringement was provided by WSOU's complaint, and its post-suit indirect infringement claims are adequately alleged.[5]

Canon's contrary approach here is misguided.  To wit:

- Service of a complaint does not *create* a claim, it merely gives defendant *notice* of one, *i.e.*, that a defendant is infringing on a patent.  If a defendant then continues doing so post-suit, that continuing infringement supports the claim;

- Consistent with Canon's own prior arguments in that case, even assuming *arguendo* -- and contrary to the majority position -- that a complaint could not provide the requisite notice, that rule could not logically apply to amended complaints.  An amended complaint that alleges a defendant has had knowledge of its indirect infringement since at least the filing of the original complaint is not "creating" a claim or the required knowledge; it is merely alleging the obvious fact that the defendant has knowledge of its indirect infringement (something confirmed by post-filing exchanges between counsel);

---

[4]  In *Avigilon*, Canon cited to *Simplivity* for the proposition that filing a complaint provides the requisite notice (*id.*), yet cites that same case here to misguidedly argue exactly the opposite.

[5]  Although the court in *Avigilon* granted defendant's motion to dismiss, it: (i) did so without prejudice to Canon amending its complaint; and (ii) noted that a majority of lower courts have held that "an infringer who continues to induce infringement even after becoming aware of the subject patent cannot evade liability merely because it learned of the patent as a result of a lawsuit." *Canon, Inc. v. Avigilon USA Corp.*, 411 F. Supp. 3d 162, 165 (D. Mass. 2019).  And, of course, Canon's position was that the court was wrong to dismiss because the complaint gave defendant the requisite notice.  It cannot now claim that the opposite is true as a matter of law.

- Dismissing an infringement claim for lack of notice when amendment cures that purported defect is a waste of time and resources (as Canon itself argued in *Avigilon*, Exh. 1 at 5-6);

- Under Canon's contorted approach here, filing a complaint *immunizes* a defendant from liability for post-filing indirect infringement (even if the defendant is, in fact, indirectly infringing); and

- Canon's argument, if adopted, would nonsensically mean that a defendant who receives a letter notifying it of its infringement shortly before a complaint is filed can be held liable for its indirect infringement but a defendant who receives the same letter right after a complaint is filed (or who receives the complaint itself) may continue to indirectly infringe without any consequence.

Those perverse results are not -- and cannot be -- the law, and Canon's argument that WSOU's indirect infringement claim should be dismissed for lack of pre-suit notice should be rejected.

B.     The Cases Relied On By Canon Do Not Support Dismissal Of WSOU's Post-Suit Indirect Infringement Claim

Nor do the cases Canon cites warrant dismissal of WSOU's post-suit indirect infringement claim. For example, as is plain from the Text Order in *Castlemorton Wireless, LLC v. Comcast Corp.*, No. 20-cv-00034-ADA (W.D. Tex. July 25, 2020) (Mot. at 4-5), the dismissal there was of plaintiff's *pre-suit* induced infringement claim, not, as here, an indirect infringement claim seeking damages for continuing *post-suit* infringement (and, in any event, the Court dismissed without prejudice to plaintiff's refiling following discovery). *Castlemorton* is simply inapposite. Exh. 2.

Canon also overstates this Court's holding in *Parus Holdings, Inc. v. Apple, Inc.*, No. 19-cv-00432-ADA (W.D. Tex. Jan. 31, 2020) (Mot. at 5). As is plain from the oral argument transcript in *Parus*, the Court's dismissal decision focused primarily on plaintiff's willful infringement claim and, moreover, its decision was premised on plaintiff's ability to take discovery and reassert the dismissed claims if discovery showed they were viable (in other words, the Court's decision did not foreclose plaintiffs' indirect infringement claim). *See* Exh. 3 at 15-16, 46-47. Moreover, the Court's subsequent discussion of *Intellectual Ventures v. VMWare*, No. A 19-CA-

1075 ADA (W.D. Tex. Jan. 31, 2020), also heard that day, indicates that the willful infringement aspect of *Parus* was the driving factor in its non-dismissive dismissal:

> MR. GILMAN: Everything in front of you on the motion that VMware filed was simply for pre-suit damages.  Are you now saying you're going to dismiss our indirect infringement claims?  Because I think that's in a wholly different context than what's been argued on willfulness.
>
> THE COURT: No.  I thought we were -- I meant willfulness.

*See* Exh. 3 at 51.  Indeed, in response to defense counsel's questions about the indirect infringement claim, the Court stated: "So I would need to take that up and give -- I would need to let [defendant] --- if you want to move to have those dismissed to file a motion … When you said, can we have the same ruling, I just lost track that there was no willfulness claim.  And so, what I was dealing with was, I think we can deal with the willfulness in the same manner as I am in the Parus Holdings cases, but I'm not prepared until they have a chance to argue the other ones to rule on that." *Id.* at 52.  *Parus*, therefore, does not compel dismissal here.

Canon's reliance on the Magistrate's report in *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) (Mot. at 5) also is misplaced.  First, *Aguirre* involved allegations relating to *pre-suit* infringement (and the court noted that plaintiff did not request leave to amend).  *Id*. at *3.  Moreover, *Aguirre* relied on a Delaware case, *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010), that has since been rejected by several Delaware courts under circumstances similar to those here.[6]  Thus, for example, in *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559 (D. Del. 2012), the Court stated:

---

[6] The District Court Judge in *Aguirre* dismissed an indirect infringement claim "without prejudice to allow for the filing of a [second] amended complaint" so plaintiff -- who failed to even allege knowledge -- could plead defendant's knowledge.  *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 WL 3359554, at *5–6 (W.D. Tex. Aug. 4, 2011).  The Court also indicated that "notice of the infringement" could run from "the filing of the original complaint."  *Id*. at *4.

The court acknowledges that [its denial of the motion to dismiss] is inconsistent with its prior decisions in *Xpoint Techs. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010) … Given the ease of amendment, *the limitation of damages to post-knowledge conduct*, and in the interests of judicial economy, the court finds that the better reasoning is to allow a complaint that satisfies Rule 8 to proceed to discovery rather than dismissing it for lack of pre-filing knowledge when, by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled by plaintiff.

*Id*. at 566.  *See also IOENGINE, LLC. v. Paypal Holdings, Inc*., *supra.* 2019 WL 330515, at *4.[7]

C.    <u>WSOU Sufficiently Alleges That Canon Intentionally Induced Infringement</u>

Canon also grossly mischaracterizes WSOU's allegations regarding Canon's intent to induce infringement of the '346 Patent, deriding them as "naked assertions." (Mot. at 9).  In fact, WSOU alleges that Canon has:  (i) produced and sold its infringing products and continues to do so; (ii) engaged in "advertising, promoting, and instructing the use of the [infringing] Products via various websites, including providing and disseminating product descriptions, operating manuals, how-to videos and guides, and other instructions on how to implement and configure the [infringing] Products"; and (iii) engaged in the foregoing conduct in intentional infringement of the '346 Patent.  (Amended Complaint at ¶¶ 15-18.)  Those allegations are sufficient on their own to withstand a motion to dismiss.  But even if they were not, WSOU also identified specifically in,

---

[7]  While the court in *Zapfraud, Inc. v. Barracuda Networks, Inc*., No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021) (Mot. at 5) took a different approach, the court there conceded that it was "not without doubts" as to the correctness of its holding.  *Id*. at *3.  Here, of course, in light of Canon's own arguments that notice *can* be provided via the complaint (*supra* 7), no such doubts exist.  Canon's reliance on *Orlando Commc'ns LLC v. LG Elecs.*, *Inc.*, No. 6:14-cv-1017-Orl-22KRS, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) and *Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*, No. 6:12-cv-286-Orl-36DAB, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014) (Mot. at 5-6) is unavailing.  The courts in the Fifth Circuit have rejected the notion that pre-suit notification is required for claims for post-suit infringement damages.  *See, e.g., Script Security Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937-938 (E.D. Tex. 2016) (rejecting *Orlando* and stating "this Court is persuaded by reasoning adopted by the majority of recent district court decisions that have ruled that a complaint provides sufficient notice of the existence of the patent-in-suit to support a claim of indirect infringement as to conduct following the filing of the initial complaint in the case").

and attached to, its Amended Complaint supporting materials and a claim chart setting forth on a limitation-by-limitation basis public information that further supports WSOU's contentions that Canon is infringing on at least one claim of the '346 Patent.  *See* Amended Complaint, Exh. 2.

Those combined allegations are more than sufficient to meet Rule 8's pleading requirements.  *See, e.g., #1 Fan Co., LLC v. Pepco Licensed Prod., Inc*., No. SA-09-CA-1029-FB, 2011 WL 13269165, at *1 (W.D. Tex. Mar. 16, 2011) ("Specific facts are not necessary; the [allegations] need only give the defendant fair notice of what the ... claim is and the ground upon which it rests").  Indeed, in *Canon, Inc. v. TCL Electronics Holdings Ltd*, *supra*, Canon argued that its own, similar allegations were sufficient to withstand a motion to dismiss.  Canon alleged that defendants "have induced and are continuing to induce infringement" by "taking active steps to encourage and facilitate direct infringement by others, including … customers and/or end users," including "through the dissemination of the Accused Products as well as 'the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to such products with knowledge and the specific intent that their efforts will result in the direct infringement' of the Asserted Patents."  2020 WL 1478356, at *5.  Further, Canon alleged that "'Defendants have also induced and are continuing to induce infringement' of the Asserted Patents by 'encouraging, instructing, and/or directing third parties, including end users, to use' the Accused Products."  *Id*.  Based on Canon's allegations -- which are largely analogous to WSOU's allegations here -- the court determined that "[w]ith all reasonable inferences drawn in favor of Canon, it is plausible that Defendants' TV sales and/or offers for sale actively induced infringement of the Asserted Patents."  *Id*.  So too, here, with all reasonable inferences drawn in WSOU's favor, it is "plausible" that Canon's EOS R5 sales and/or offers for sale "actively induced" infringement of the '346 Patent.  *See also* Exh. 1 at 2, 7 (Canon

11

arguing in *Avigilon* that "[Defendant's] continued distribution of products with the accused features and its instructions [in, *inter alia*, "multiple user guides and manuals"] to its customers to use the accused features in the face of this knowledge demonstrates [its] intent to encourage infringement" and was "more than sufficient to state a claim of induced infringement").[8]

Again, Canon cannot have it both ways, seeking one set of standards on a motion to dismiss infringement claims when it is the *plaintiff* and imposing a harsher set of rules on WSOU when Canon is the *defendant*.   Under the applicable pleading standards, WSOU's allegations here are sufficient and Canon's motion should be denied.  *See also Nalco Co. v. Chem-Mod*, *LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (denying motion to dismiss where pleadings alleged defendant's inducing actions included "providing instructions, support, and technical assistance for the use of the [accused instrumentality]"); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex. Sept. 27, 2019) (denying motion to dismiss because complaint contained general allegations that the end-users of the accused software product were the direct infringers and that the accused infringer, through its advertising and instruction manuals, encouraged end users to use the product in an infringing manner); *Cywee Group, Ltd. v. Huawei Device Co.*, *supra*, 2018 WL 3819392, at *4-5 ("[plaintiff's] allegations, illuminated by the exemplary user manuals and the allegations of direct infringement, are sufficient to raise an inference that [defendant] specifically intended to induce infringement of the asserted patents … allegations that the defendant advertised [] the product and its benefits are sufficient to give rise to a reasonable inference of an intention to induce infringement"); *Script Security Solutions L.L.C. v. Amazon.com, Inc.*, *supra*, 170 F. Supp. 3d at

---

[8]   WSOU's allegations are no more "passing references" to "product literature and website materials" (Mot. at 9) than were Canon's allegations in the foregoing cases.  Accordingly, *Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-01637-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) (Mot. at 9) is of no moment.

937 (denying motion to dismiss induced infringement claim where "the defendants induced customers to infringe the patents by instructing them in advertising and promotion to use the accused products in an infringing way").

Nor do Canon's arguments regarding its supposed "license" to "practice Bluetooth" (Mot. at 7) warrant granting its motion.  As Canon concedes (Mot. at 8), WSOU alleges that Canon is infringing the '346 Patent without a license to do so.[9]  Accepting WSOU's allegation as true for the purposes of this motion -- as the Court must, *see supra* 3-4 -- whether the facts and discovery will ultimately show that Canon in fact has a license to use the patented technology and is not infringing on it is well beyond a motion to dismiss, regardless of Canon's "firm belief" (Mot. at 8) that it can do what it wants regardless of the assignment of the '346 Patent to WSOU.  *See, e.g.*, *Applied Materials, Inc. v. Muto Technology, Inc.*, *supra*, 2018 WL 4999972, at *3 (whether defendant in fact infringed on patent would not be decided under Rule 12 where discovery was necessary to test contentions); *Bayer Cropscience AG v. Dow Agrosciences, LLC*, 288 F.R.D. 84, 86 (D. Del. 2012) (denying motion to dismiss where defendant argued that it held a license to use the subject technology because "[t]his argument … asserts a factual defense … It is not an attack on the pleadings and is misplaced within the context of a 12(b)(6) motion"); *Microlog Corp. v. Continental Airlines, Inc.*, No. 6:10-cv-260, 2011 WL 13141017, at *3 (E.D. Tex. Sept. 28, 2011) (denying motion to dismiss and noting that "the Court could not merely accept [defendant's] conclusory allegations of non-infringement without any claim analysis").

Likewise, the relationship between Canon and its subsidiaries, and what control and involvement, if any, Canon exercises over the content of their websites (Mot. at 9) is something

---

[9]   Canon's counter-contention that it is licensed to use the technology here is therefore not "unrebutted."  (Mot. at 2.)

13

that requires factual development through discovery.[10]  *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 694 (5th Cir. 1985) (determining relationship between parent and subsidiary "is heavily fact-specific").  WSOU cannot be expected to simply accept Canon's dismissals of its allegations -- and the Court cannot extend the benefit of the inferences from competing allegations to Canon -- at this stage.  *See Slyce Acquisition, Inc.*, *supra*, 2020 WL 278481, at *3, 6 (on a motion-to-dismiss "factual conflicts are resolved in the non-movant's favor" and dismissal is inappropriate where discovery could affect the court's analysis).[11]

Canon's cases do not dictate otherwise.  Contrary to Canon's assertion, *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-cv-00365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) (Mot. at 8), supports *WSOU*, not Canon.  In *Affinity Labs*, the Court held that "[w]here a plaintiff can establish that a defendant knew certain uses constituted patent infringement [and the Court noted that such knowledge can be provided by the complaint, as WSOU argues here], '[e]vidence of 'active steps ... taken to encourage direct infringement,' *such as advertising an infringing use or instructing how to engage in an infringing use*, shows an affirmative intent that the product be used to infringe.'"  *Id.* at *5, 7 (emphasis added).  The court in *Affinity* dismissed plaintiff's claims, though, because, unlike here, its complaint was "devoid of any reference of

---

[10]  Canon USA, Inc.'s Terms and Conditions, for example, state that its terms "for any of the products, services, solutions, software, websites, interactive features, forms, mobile and social media pages, and other goods and services offered, owned, or operated by Canon U.S.A., Inc., or Canon" constitute "a legally binding contract in electronic form between you … and Canon U.S.A., Inc. … *and its parents, successors, subsidiaries, affiliates and related entities*," *i.e.*, including Canon, Inc.  https://www.usa.canon.com/internet/portal/us/home/about/legal/terms-of-use.  If Canon USA, Inc. can purport to bind end-users to contracts on behalf of Canon and thereby benefit Canon, it is plausible that its other website representations are made on behalf of Canon.

[11]  *Body Fit Training U.S.A., Inc. v. F45 Training Pty Ltd*., No. 20-cv-07081-AB (PJW), 2020 WL 8372966 (C.D. Cal. Dec. 3, 2020) (Mot. at 9) is inapplicable.  That case only involved whether jurisdiction could be invoked over a foreign parent based on the alleged activities of its local affiliates, not whether defendant induced infringement of a patent.

actual intent or knowledge of induced infringement on the part of Toyota" and did not "express whether the induced infringement claim is limited to patent violations that occurred after the lawsuit was filed, or if the induced infringement claim includes Toyota's conduct or knowledge pre-lawsuit," leaving Toyota to "speculate" as to these issues. *Id*. at *4. The Amended Complaint here contains all of the elements that were missing in *Affinity Labs* and leaves no room for "speculation" as to WSOU's claims against Canon. Amended Complaint at ¶¶ 14-18 (describing Canon's actual knowledge of the '714 Patent and intent to induce infringement since at least October 19, 2020).

*Iron Oak Techs, LLC v. Acer Am. Corp*., No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) (Mot. at 6) does not dictate otherwise. In *Iron Oak*, the court noted that plaintiff did not include any information in its claim chart supporting its induced infringement claim and did "not cite or reference to the claim chart in its claims for induced infringement for the asserted patents." *Id*. at *5. Here, in contrast, WSOU does include information in its claim chart supporting its induced infringement claim (*see* Amended Complaint, Exh. 2) and expressly references its claim chart in connection with its allegations of inducement, intent, and knowledge of infringement (as well as specific references to internet sources Canon uses to induce infringement). *See* Amended Complaint at ¶¶ 15-17. Thus, unlike in *Iron Oak*, WSOU *does* present "sufficient factual content that would allow this court to draw a reasonable inference" (2017 WL 9477677, at *6) that Canon induced infringement of the '346 Patent.

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934 (Fed. Cir. 2015) (Mot. at 8) also is inapposite. In that case, the plaintiff alleged only that defendants "have induced infringement of and/or contributorily infringed the Patent," but did not even *allege* specific acts of

inducement or intent (let alone attach an extensive claim chart expounding on defendant's infringements).  *Id*. at 938.  As shown above (10-12), that is simply not the case here.

## <u>CONCLUSION</u>

For the foregoing reasons, Canon's motion to dismiss WSOU's induced infringement claim should be denied.

Dated:  May 24, 2021

RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    Jack Shaw (CA Bar No. 309382)
    (Admitted in this District)
    jshaw@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    333 Twin Dolphin Drive, Suite 200
    Redwood Shores, California 94065
    Telephone: (650) 453-5170
    Facsimile: (650) 453-5096

    Mark D. Siegmund (TX Bar No. 24117055)
    mark@waltfairpllc.com
    **LAW FIRM OF WALT FAIR, PLLC**
    1508 N. Valley Mills Drive
    Waco, TX 76710
    Telephone:  (254) 772-6400
    Facsimile:   (254) 772-6432

    **Attorneys for Plaintiff**
    **WSOU INVESTMENTS, LLC d/b/a**
    **BRAZOS LICENSING AND**
    **DEVELOPMENT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jonathan K. Waldrop
**Jonathan K. Waldrop**