# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Canon Inc., <br><br> Plaintiff, <br><br> v. <br><br> Avigilon USA Corporation, Inc., and Avigilon Corporation, <br><br> Defendants. | Case No.: 1:19-cv-10931-NMG <br><br> **JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' PARTIAL MOTION TO DISMISS THE COMPLAINT**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 2

    A. Canon States a Plausible Claim for Induced Infringement ............................ 2

        1. Canon Has Adequately Pled Avigilon's Knowledge Of The '952 Patent And Avigilon's Infringement Of The '952 Patent ............ 3

        2. Canon's Complaint Identified a Specific Intent to Infringe ................. 7

    B. Canon Properly Pled Willful Infringement .......................................................... 9

III. CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anthony v. Sundlun*,
   952 F.2d 603 (1st Cir. 1991) ................................................................................................. 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ........................................................................................................ 10

*Kyowa Hakka Bio, Co. v. Ajinomoto Co.*,
   No. CV 17-313, 2018 WL 834583 (D. Del. Feb. 12, 2018) ................................................. 7

*Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*,
   No. 16-CV-11458-DJC, 2017 WL 3795769 (D. Mass. Aug. 30, 2017) ........................ 3, 9-10

*Nike, Inc. v. Puma N. Am., Inc.*,
   No. CV 18-10876-LTS, 2018 WL 4922353 (D. Mass. Oct. 10, 2018) .......................... 3, 9-11

*Purdue Pharma L.P. v. Mylan Pharm. Inc.*,
   No. CV 15-1155-RGA-SRF, 2017 WL 784989 (D. Del. Mar. 1, 2017) .............................. 7

*Rampage LLC v. Glob. Graphics SE*,
   No. 16-CV-10691-ADB, 2017 WL 239328 (D. Mass. Jan. 19, 2017) ............................. 7-9

*Ricoh Co. v. Quanta Comput. Inc.*,
   550 F.3d 1325 (Fed. Cir. 2008) ......................................................................................... 7-8

*Rodriguez-Reyes v. Molina-Rodriguez*,
   711 F.3d 49 (1st Cir. 2013) ................................................................................................. 7

*Select Retrieval, LLC v. Bulbs.com Inc.*,
   No. 12-10389-TSH, 2012 WL 6045942 (D. Mass. Dec. 4, 2012) .................................... 3-4

*Simplivity Corp. v. Springpath, Inc.*,
   No. CV 4:15-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016) ..................... *passim*

*Sunrise Techs., Inc. v. Cimcon Lighting, Inc.*,
   219 F. Supp. 3d 260 (D. Mass. 2016) (Gorton, J.) ....................................................... *passim*

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
   700 F.3d 1287 (Fed. Cir. 2012) ............................................................................................ 4

*Zond, Inc. v. Fujitsu Semiconductor Ltd.*,
   990 F. Supp. 2d 50 (D. Mass. 2014) ................................................................................ 3, 5

*Zond, LLC v. Renesas Electronics Corp.*,
   No. 13-11625-NMG, 2014 WL 4161348 (D. Mass. Aug. 15, 2014) (Gorton, J.) ............ 1, 3

*Zond, Inc. v. SK Hynix*,
   No. 13-11591-RGS, 2014 WL 346008 (D. Mass. Jan. 31, 2014) .................................... 3-4

*Zond, LLC v. Toshiba Corp.*,
   No. 13-CV-11581-DJC, 2014 WL 4056024 (D. Mass. Aug. 14, 2014) ............................. 3

**Statutes**

35 U.S.C. § 271(b) ........................................................................................................................ 9
35 U.S.C. § 271(c) ........................................................................................................................ 9

I.  **<u>INTRODUCTION</u>**

Avigilon's ***partial*** motion to dismiss is premised on two flawed legal theories.  First, Avigilon argues that Canon has not adequately pled that Avigilon had knowledge of its infringement of the patent-in-suit.  But Avigilon ***ignores*** the holdings in the overwhelming majority of decisions in this district that the filing of the complaint provides a defendant with sufficient knowledge of a patent-in-suit to support a pleading of both induced infringement and willful infringement.  *See*, *e.g.*, *Zond, LLC v. Renesas Electronics Corp.*, No. 13-11625-NMG, 2014 WL 4161348, at *6 (D. Mass. Aug. 15, 2014) (Gorton, J.).  Second, Avigilon argues that Canon has not adequately pled the mental state element of intent for induced infringement and willfulness.  But, again, Avigilon ignores the case law in this district holding that such mental state elements can be pled based on circumstantial evidence and that egregious conduct is not something that needs to be pled at all.

Canon's complaint provides a detailed factual pleading with an element-by-element analysis showing how the HDSM 2.0 feature in Avigilon's accused products infringe the patent-in-suit.  The complaint further shows how Avigilon encourages its customers to use the accused feature through manuals and marketing materials.  Once customers use the accused feature as Avigilon instructs, they infringe the patent-in-suit.  And, Avigilon's continuous instruction and encouragement of its customers to use the accused feature in its products in defiance of Canon's patent induces infringement and is willful.  The notice pleading standard of Rules 7-10 and *Iqbal/Twombly* do not require anything further.  And Canon has surely provided enough circumstantial evidence to support the intent prong of its induced infringement and willfulness claims here.  Avigilon's motion should be denied.

1

## II. ARGUMENT

### A. Canon States a Plausible Claim for Induced Infringement

Canon has properly pled induced infringement. First, Avigilon does not dispute that Canon has adequately pled *direct* infringement by the accused features of Avigilon's products. Indeed, it cannot do so because the complaint specifically shows how the accused features of Avigilon's products infringe claim 19 of U.S. Patent No. 10,135,952, the "'952 patent" or "patent-in-suit," on an element-by-element basis. *See* Dkt. No. 1 at ¶¶ 18-27. The complaint also specifically alleges that when Avigilon's customers use those accused features, they necessarily become direct infringers, which is one element of an *induced* infringement claim. *See id.* at ¶ 28; *see also, e.g., Sunrise Techs., Inc. v. Cimcon Lighting, Inc.*, 219 F. Supp. 3d 260, 264 (D. Mass. 2016) (Gorton, J.). The complaint goes on to show precisely how Avigilon actively promotes the accused features and encourages its customers to use those features, which is a further element of an *induced* infringement claim. *See id.*

The remaining elements of induced infringement, knowledge and intent, go to a defendant's mental state, which is typically difficult to demonstrate with direct evidence prior to receiving discovery. But the courts in this district have held that indirect or circumstantial evidence is enough. And Avigilon unequivocally knows ***at least the detailed facts of its infringement spelled out in the complaint***, as described above. *Id.*

As such, Avigilon's continued distribution of products with the accused features and its instructions to its customers to use the accused features in the face of this knowledge demonstrates Avigilon's intent to encourage infringement. And all of the above is more than sufficient to state a claim of induced infringement. *Sunrise*, 219 F. Supp. 3d at 264. Thus, as explained below, Avigilon's arguments that Canon has not sufficiently pled knowledge and

intent simply ignore the vast weight of precedent to the contrary and should be rejected out of hand.

### 1. Canon Has Adequately Pled Avigilon's Knowledge Of The '952 Patent And Avigilon's Infringement Of The '952 Patent

The overwhelming weight of recent authority in this district and by this very Court holds that pleading knowledge for inducement based on the filing of a complaint is sufficient to state a claim. *Zond v. Renesas*, 2014 WL 4161348, at *6 (plaintiff "stated a claim of post-filing knowledge because the filing of the Complaint put [defendant] on notice" of the patents-in-suit); *Sunrise*, 219 F. Supp. at 264-265 (complaint's claim-specific identification of infringed claims sufficient to show defendant "knew of the patent"); *Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*, No. 16-CV-11458-DJC, 2017 WL 3795769, at *6 (D. Mass. Aug. 30, 2017) ("acknowledgement of notice through filings in this case" sufficient to show knowledge of the asserted patent); *see also, e.g., Simplivity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, 2016 WL 5388951, at *7 (D. Mass. July 15, 2016), *report and recommendation adopted*, D.I. 72 (Aug. 19, 2016) ("the court sees no reason why service of the complaint could not support liability for allegedly infringing activity post-dating the service of the Complaint"); *Nike, Inc. v. Puma N. Am., Inc.*, No. CV 18-10876-LTS, 2018 WL 4922353, at *4 (D. Mass. Oct. 10, 2018); *Zond, LLC v. Toshiba Corp.*, No. 13-CV-11581-DJC, 2014 WL 4056024, at *3 (D. Mass. Aug. 14, 2014); *Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F. Supp. 2d 50, 56 (D. Mass. 2014); *Zond, Inc. v. SK Hynix Inc.*, No. CIV.A. 13-11570-RGS, 2014 WL 346008, at *3 (D. Mass. Jan. 31, 2014).

Avigilon ignores this heavy weight of recent authority. Instead, Avigilon's motion relies on an isolated, earlier, and **now rejected case**, *Select Retrieval, LLC v. Bulbs.com Inc.*, No. 12-

3

10389-TSH, 2012 WL 6045942, at *5 (D. Mass. Dec. 4, 2012). *See* Dkt. No. 18 at 5. But that reliance is misplaced.

First, subsequent rulings in this district have recognized that *Select Retrieval's* views regarding pleading knowledge as of the filing of the complaint are *dicta* and represent the minority view. *Zond v. SK Hynix,* 2014 WL 346008, at *3, n.3.

Second, *Select Retrieval* dealt with a complaint that was pled using Form 18, which allowed very minimal pleading of direct infringement. 2012 WL 6045942; *Sunrise*, 219 F. Supp. at 262-263. Under the law at the time, use of Form 18 was sufficient to state a claim of direct infringement. A detailed element-by-element pleading for direct infringement was not required. *Id*. Essentially, Form 18 exempted direct infringement claims from the more stringent factual pleadings of *Iqbal/Twombly*. And Form 18 complaints for direct infringement typically did not specify exactly how defendants were allegedly infringing an asserted patent.

But Form 18 did not provide a model pleading for an ***induced infringement*** allegation. *See, e.g.*, *Zond v. SK Hynix*, 2014 WL 346008, at *2 (citing *Superior Indus., LLC v. Thor Global Enters. Ltd.,* 700 F.3d 1287, 1295 (Fed. Cir. 2012)). Thus, many courts required the more stringent *Iqbal/Twombly* standard for pleading induced infringement. *Select Retrieval, LLC*, 2012 WL 6045942, at *4-5. This frequently led to situations where inducement claims were not supported by factual allegations explaining exactly what conduct defendants were alleged to be inducing. As a consequence, many courts declined to maintain merely conclusory claims of inducement where it was practically impossible for a defendant to know from the threadbare direct infringement assertions how it should act to avoid infringement. *Id*.

This situation changed significantly when Form 18 was abrogated in 2015. Now, claims of direct infringement typically provide detailed element-by-element allegations of how and why

4

the defendant infringes the patent-in-suit, as Canon has done here.  In view of these more factually detailed complaints, courts have overwhelmingly found that such post-Form 18 complaints are sufficient to put a defendant on notice and state a claim meeting the knowledge requirement of induced infringement, such as in the cases cited above.  Avigilon conveniently ignores these cases.

Instead, Avigilon cites one older decision in this district that relied on notice provided by a complaint to support a showing of defendant's knowledge and argues that the facts in that case present a different situation from the one here.  Dkt. No. 18 at 5 (*citing Zond v. Fujitsu*, 990 F. Supp. 2d at 57).  But, Avigilon's basis for distinguishing that case has been subsequently rejected by later decisions in this district.  According to Avigilon, *Zond v. Fujitsu* is distinguishable because the court there relied on knowledge derived from the original complaint because the plaintiff filed a subsequent amended complaint.  *Id*.  But *Simplivity*, which Avigilon also relies on (*id.*), expressly **rejected** this two-step process as impractical formalism and concluded that an amended complaint is not required.  *Simplivity*, 2016 WL 5388951, at *8 (describing this practice as a "gratuitous loophole").

Avigilon's arguments as to pre-suit inducement similarly exemplify Avigilon's efforts to force the Court and the parties to engage in an impractical and inefficient process.  As discussed above, Avigilon's argument that an inducement pleading cannot be sustained based on a defendant's knowledge as of the complaint has been soundly rejected and must fail.  As a result, the inducement cause of action cannot be removed from this case. So if the inducement claim cannot be removed because of Avigilon's post-complaint knowledge, it makes no sense to dismiss the inducement claim as to pre-suit activity.  The inducement claim survives anyway and

5

the dismissal does not do anything but subject the Court and the parties to additional unnecessary process associated with a future motion to amend.

Canon admits that it can only seek damages for induced infringement occurring after Avigilon had actual knowledge of the patent-in-suit and its infringement of the patent. The question of whether or not Avigilon had pre-suit knowledge of the '952 patent and its infringement (the answer to which can only be confirmed by information possessed by Avigilon that will be disclosed in discovery) will in no way affect discovery or the issues in the case. When Avigilon first learned of its infringement and how it acted thereafter are unquestionably relevant.[1] And the discovered facts on these issues will dictate the ultimate actual scope of the inducement claim here. If discovery shows that Avigilon first learned of the patent-in-suit and its infringement from the present complaint, the scope of Canon's induced infringement claim will naturally be limited to post-complaint activities. If, on the other hand, discovery shows Avigilon had knowledge of Canon's patent and its infringement prior to the filing of the complaint, Canon's inducement claim may go back to that earlier date.[2]

---

[1] This is not a situation where granting the motion to dismiss will stave off unnecessary discovery or prevent the plaintiff from going on a fishing expedition. The facts of when Avigilon became aware of the patent-in-suit and what it did in response is relevant to a number of issues in the case. Thus, granting Avigilon's motion does not actually narrow the case.

[2] Significantly, there is reason to believe that Avigilon did in fact know of its infringement earlier. From 2017 until the present, Canon has pursued patent infringement claims against Avigilon involving other Canon patents. *See Canon Inc. v. Avigilon USA Corp., Inc. et al.*, No. 2-17-cv-04011 (E.D.N.Y.) (initial infringement action); *Canon Inc. v. Avigilon USA Corp., Inc. et al.*, No. 3-17-cv-02733 (N.D. Tex.) (ongoing infringement action); *Avigilon Corp. v. Canon Inc.*, No. 1-17-cv-11922 (D. Mass) (declaratory judgment action alleging invalidity and noninfringement of Canon patents). Due to this ongoing dispute, it is plausible that Avigilon had an alert set to notify it of the issuance of the asserted '952 patent on November 20, 2018. Whether or not this is the case will, of course, be revealed in discovery.

6

If the Court denies Avigilon's motion, the inducement claim will run its course according to the facts as described above.  If, however, the Court grants Avigilon's motion and it turns out Avigilon had pre-suit knowledge of the patent and its infringement, Canon will be forced to amend its complaint to address this new evidence and the Court will be burdened to rule on Canon's motion to amend.  The substantive outcome is the same in either case.  But Canon's approach avoids the need to slog through these additional filings.  This is also consistent with the typical practice where courts do not make factual determinations at the pleading stage to winnow down the scope of a claim.  *See, e.g.*, *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, No. CV 17-313, 2018 WL 834583, at *9 (D. Del. Feb. 12, 2018) (motion to dismiss § 271(g) claim for failure to allege "no material change" to the accused product premature as the claim involves factual issues improper for resolution at the pleading stage); *Purdue Pharma L.P. v. Mylan Pharm. Inc.*, No. CV 15-1155-RGA-SRF, 2017 WL 784989, at *8 (D. Del. Mar. 1, 2017) (denying motion to dismiss because "fact-based inquiries are premature for resolution at" this stage).

### 2. Canon's Complaint Identified a Specific Intent to Infringe

Canon's complaint adequately alleged a specific intent to infringe.  At this juncture, circumstantial evidence that supports an inference of a specific intent suffices.  *Rodriguez-Reyes v. Molina-Rodriguez,* 711 F.3d 49, 56 (1st Cir. 2013) ("[f]or pleading purposes, circumstantial evidence often suffices to clarify 'a protean issue such as an actor's motive or intent'") (*citing Anthony v. Sundlun*, 952 F.2d 603, 605 (1st Cir. 1991)); *Simplivity*, 2016 WL 5388951, at *14 (direct evidence is not required to show intent; "rather, circumstantial evidence may suffice"); *Rampage LLC v. Glob. Graphics SE*, No. 16-CV-10691-ADB, 2017 WL 239328, at *5 (D. Mass. Jan. 19, 2017) (*citing Ricoh Co. v. Quanta Comput. Inc.*, 550 F.3d 1325, 1342 (Fed. Cir. 2008)) ("specific intent may be inferred from circumstantial evidence where a defendant has both

7

knowledge of the patent and specific intent to cause the acts constituting infringement"). Indeed, it would be impractical and unreasonable to require a plaintiff to plead direct evidence of specific intent without the benefit of discovery.

Significantly, Canon alleges in its complaint that "Defendants have indirectly infringed the '952 patent by inducing their customers to directly infringe the '952 patent." Dkt. No. 1 at ¶ 28. The complaint further alleges multiple facts in support of this allegation. For one, Canon pled precisely how the infringing systems that Avigilon sells constitute direct infringement of claim 19 of the '952 patent by Avigilon, and Avigilon does not contest this. *Id*. at ¶¶ 18-27. Canon also explained that when a "customer connects an Accused Camera configured to implement the HDSM 2.0 functionality to an ACC server and an ACC client, they have implemented an Accused System," such that Avigilon "induc[es] [its] customers to directly infringe the '952 patent" in the same manner as Avigilon's direct infringement discussed in the preceding paragraphs. *Id*. at ¶ 28. Even further, Canon identified multiple user guides and manuals that show how Avigilon "specifically instructs their customers to use the Accused Systems in a manner that infringes at least claim 19 of the '952 patent," again as discussed in the preceding paragraphs. *Id*. Canon also connected these facts to Avigilon's knowledge of its infringement in paragraph 29 of the complaint. *Id*. at ¶ 29.

Avigilon's protest that the complaint does not include the particular phrase "that Avigilon *intended* its customers' infringement" is simply not the law. Dkt. No. 18 at 6. There are no "magic words" that have to be pled, but rather supporting facts, such as those described above. This Court has recognized that facts like those in the complaint here, in which "defendant's marketing materials provide a description of the functionality of the accused products and the intended use of such products," *are* "sufficient to support an inference that a third party was

induced by defendant to infringe." *Sunrise*, 219 F. Supp. 3d at 265; *see also, e.g.*, *Simplivity*, 2016 WL 5388951, at *15; *Rampage LLC*, 2017 WL 239328, at *5.

Avigilon's other assertion that the inducement claim is defective because it does not allege that the accused products have no "substantial non-infringing use" is wrong. Dkt. No. 18 at 6. While the lack of a "substantial non-infringing use" may be an element of a contributory infringement claim under 35 U.S.C. § 271(c), it has no bearing on an inducement claim under 35 U.S.C. § 271(b). Canon is **not** asserting a contributory infringement claim here. *Compare* 35 U.S.C. §§ 271(b) (induced infringement statute) *with* 271(c) (contributory infringement statute, discussing "substantial noninfringing use"); *see also, e.g., Simplivity*, 2016 WL 5388951, at *11 (analyzing substantial noninfringement uses with respect to contributory infringement claim).

Put simply, Avigilon's attorney argument cannot negate the reality that the facts showing Avigilon's induced infringement alleged in the complaint are clearly sufficient to plead a specific intent to infringe.

### B. <u>Canon Properly Pled Willful Infringement</u>

Avigilon's attack on Canon's willful infringement claim lacks merit for largely the same reasons described above. Indeed, the issue regarding knowledge for the purpose of supporting pre- and post-complaint willfulness is essentially the same as discussed above with respect to inducement and need not be repeated here. Avigilon cannot legitimately dispute that the complaint alleges both elements of a willful infringement claim, namely that: (1) Avigilon "knew about the patent"; and (2) Avigilon "knew of [its] alleged infringement." *Sunrise*, 219 F. Supp. 3d at 265; *see also Nike*, 2018 WL 4922353, at *4; *Lexington Luminance*, 2017 WL 3795769, at *6. For the reasons stated in the previous section, the complaint clearly satisfies both elements. Avigilon had knowledge of the patent at least based on the complaint's

9

identification of the facts surrounding the filing of the complaint itself and the identification of the patent therein. Avigilon also had knowledge of its infringement by way of the detailed direct and indirect infringement allegations in paragraphs 18-29 of the complaint. And despite that knowledge, Avigilon continues to infringe.

Avigilon argues that a pleading of willful infringement requires pleading facts to show that "Avigilon's actions rose to the level of 'egregious' conduct" pursuant to *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). Dkt. No. 18 at 8. But, Avigilon cites *no* authorities from this district after *Halo* holding that this elevated showing is the required pleading standard. That is because the law of this district clearly does *not* require such allegations. The *Nike* opinion, cited above, considered this exact issue, and noted that even after *Halo*, the cases in this district "***have not required plaintiffs 'to allege more than knowledge of the patent and of infringement****.'" *Nike*, 2018 WL 4922353, at *4 (*citing Lexington Luminance*, 2017 WL 2795769, at *6 (plaintiff not required to allege "egregious infringement behavior"), *Sunrise, Simplivity*) (*emphasis added*).

The complaint recites detailed facts explaining how Avigilon has infringed and continues to infringe the '952 patent. It also alleges that, at least by virtue of the filing of the complaint, Avigilon "knew or should have known of the objectively high likelihood that [its] actions constituted infringement of the '952 patent," that in light of the facts alleged Avigilon's "continued infringement is subjectively reckless," and that on information and belief, Avigilon has "not had any good faith basis to believe [it does] not infringe or that the '952 patent is invalid." *See* complaint at ¶ 29. Avigilon has not disputed any of these facts. And, it has not articulated any good faith belief of noninfringement or invalidity. Nor has it alleged that it has changed the accused products or its conduct in any way. The complaint's allegations are thus

10

uncontroverted "facts sufficient to avoid dismissal of its willful infringement claims." *Nike*, 2018 WL 4922353, at *4 (plaintiff's notification of belief of infringement and defendant's continued marketing of accused products despite knowledge of the patents and infringement are sufficient facts).  Avigilon's motion to dismiss Canon's willfulness claim should be denied.

## III. CONCLUSION

For the reasons stated above, Avigilon's partial motion to dismiss should be denied. Should the Court grant Avigilon's motion any dismissal should be made without prejudice to Canon filing an amended complaint repleading these causes of action.

Dated: June 28, 2019

Respectfully submitted,

By: */s/ Joseph A. Calvaruso*

Joseph A. Calvaruso (*pro hac vice*)
Richard F. Martinelli (*pro hac vice*)

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

51 W 52nd Street
New York, NY 10019
(212) 506-5000
jcalvaruso@orrick.com
rmartinelli@orrick.com

Caroline Simons, BBO # 680827

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

500 Boylston Street, Suite 1850
Boston, MA 02116-3740
(617) 880-1800
csimons@orrick.com

*Attorneys for Plaintiff Canon Inc.*

12

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically on June 28, 2019 in compliance with L.R. 5.4(c) and is being served on all ECF registered counsel of record through the Court's transmission facilities.

                                               */s/ Joseph A. Calvaruso*
                                               Joseph A. Calvaruso