IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development,<br><br>       Plaintiff,<br><br>  v.<br><br>Canon Inc.,<br><br>       Defendant.<br><hr>Canon Inc.,<br><br>       Third-Party Plaintiff,<br><br>  v.<br><br>NXP USA, Inc.<br><br>       Third-Party Defendant. | Case No. 6:20-cv-00980-ADA<br><br>**JURY TRIAL DEMANDED** |

**THIRD-PARTY PLAINTIFF CANON INC.'S OPPOSITION TO
THIRD-PARTY DEFENDANT NXP USA, INC.'S MOTION TO DISMISS**

1

## TABLE OF CONTENTS

Page

I. Introduction ........................................................................................................................ 1

II. Background ........................................................................................................................ 2

III. NXP Does Not Dispute That It Has a Duty to Defend Canon and Must Indemnify Canon as to Canon Products That Use NXP Chips ............................................................ 2

IV. The Cases Cited in NXP's Motion Confirm That the Allegations in Canon's Complaint Are Plausible .................................................................................................... 6

CONCLUSION ............................................................................................................................. 9

CERTIFICATE OF SERVICE .................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CC-California Plaza Associates v. Paller & Goldstein*,
  51 Cal.App.4th 1042 (1996) ..................................................................................................8

*Clyce v. Farley*,
  836 F. App'x 262 (5th Cir. 2020) ..........................................................................................6

*Crawford v. Weather Shield Mfg., Inc.*,
  44 Cal.4th 541 (2008) .......................................................................................................7, 8

*Kirusa, Inc. v. Instagram, LLC*,
  No. 18-cv-1460, 2018 WL 6521913 (D. Del. Dec. 12, 2018) ..............................................4

*Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*,
  422 F. Supp. 3d 1191 (W.D. Tex. 2019) ...............................................................................6

**Statutes**

Civil Code § 2778, subdivision 1 ................................................................................................8

**Other Authorities**

Judicial Council of California's Civil Jury Instructions No. 303 ..................................................3

Rule 8(a) .........................................................................................................................................3

Defendant and Third-Party Plaintiff Canon Inc. ("Canon") hereby responds to Third-Party Defendant NXP USA, Inc. ("NXP")'s Motion to Dismiss (Dkt. 35) ("Motion").

## I.     Introduction

NXP's Motion does not dispute that Canon's Complaint pleads:  (i) Canon and NXP have a valid indemnification agreement, including a duty by NXP to defend Canon against claims that NXP's chips infringe third-party patents; (ii) Canon has performed its obligations under the agreement by acquiring NXP chips and integrating them into Canon's products; (iii) NXP has refused to defend Canon against the claims that its chips infringe; and (iv) Canon has been damaged by the breach.  According to the law cited by NXP in its motion, this is all that is required to state a claim for breach of contract.  *See* Dkt. 35 at 6.

NXP's primary argument—that it is hypothetically possible the current litigation between WSOU and Canon could expand to encompass Bluetooth 5.0 products from other chip makers—does not defeat Canon's legitimate breach of contract claim against NXP.  First, NXP's entire argument requires the Court to credit NXP's speculation that Canon has other suppliers of Bluetooth 5.0 chips and that those chips will be brought into the current litigation (Dkt. 35 at 2), which is a level of factual analysis that is improper at the motion to dismiss phase.  Second, even if another supplier's chips were brought into the case, that does not negate NXP's express obligation to defend Canon against the claims that ***NXP's chips*** infringe.  Rather, that would simply impact the scope of NXP's responsibilities for the case, *i.e.*, it would not have to defend the infringement allegations lodged against the other hypothetical chip maker.  NXP's issue is really about the ***scope of relief*** available to Canon, not the sufficiency of the cause of action asserted by Canon.

NXP's further argument that Canon's dispute is not ripe and that Canon must wait until

the infringement litigation is finally decided to sue NXP is similarly specious. NXP's argument is premised on its baseless assertion that NXP does not have any duty to defend Canon in the claim against the accused NXP chip. But, as pled in Canon's Complaint, NXP's agreement expressly requires it to defend Canon. The very cases cited by NXP's affirm that the California statute NXP seeks to rely on does not apply when an indemnity agreement includes a duty to defend, as NXP's agreement does.

## II.     Background

Canon purchased Bluetooth chips from NXP for use in the accused Canon EOS R5 camera that Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") has alleged infringes U.S. Patent No. 7,054,346 (the "'346 patent"). Complaint, ¶ 18. As NXP's customer—and pursuant to longstanding indemnification agreements between Canon and NXP—Canon requested that NXP defend it in this lawsuit, and to hold harmless and indemnify Canon for any liability or damages incurred by Canon in defending against WSOU's infringement claims based on the NXP chip used in the Canon EOS R5. NXP has refused to do so, in violation of the express terms of the parties' indemnification agreements (Complaint, ¶¶ 22-24), forcing Canon to file a Third-Party Complaint (Dkt. 22) ("Complaint") against NXP for breach of contract.

## III.    NXP Does Not Dispute That It Has a Duty to Defend Canon and Must Indemnify Canon as to Canon Products That Use NXP Chips

As an initial matter, NXP does not contend that the Complaint fails to allege sufficient facts as to the existence or terms of the indemnification agreements between Canon and NXP.

As acknowledged by NXP (Dkt. 35 at 6), to state a claim for breach of contract under California law, a party must plead facts supporting each of the following elements: (i) the existence of a valid contract, (ii) the plaintiff's performance or excuse for nonperformance,

(iii) the defendant's breach of contract, and (iv) resulting damages. Dkt. 35 at 6, *citing,* Judicial Council of California's Civil Jury Instructions No. 303.

Notably, NXP's brief further admits that the Complaint alleges:

i. There is a contract: NXP entered into an agreement to indemnify Canon (Dkt. 35 at 4);

ii. Canon performed under the agreement by buying NXP chips (*Id.*, "Canon has sued NXP for breach of contract because the 'allegedly infringing Bluetooth functionality in Canon EOS R5 camera's [sic] is provided by a Marvell/NXP chip.'");

iii. NXP breached the agreement (*Id.*, "Canon alleges that NXP has "refused to step in and defend Canon" and therefore "breached the Indemnification Agreements." *Id.* at ¶ 23."); and

iv. Canon has been damaged (*Id.* at 5, "Canon further seeks 'all money spent by Canon [to] defend against WSOU's claims of infringement in this action, including but not limited to costs, attorney's fees, expenses, damages, royalties, etc.'").

Accordingly, NXP's own articulation of the law and facts completely contradicts its motion to dismiss and shows that Canon's Complaint states a claim.

Rather than showing that Canon has failed to state a claim, NXP argues that the Complaint's prayer for relief—which seeks to have NXP defend Canon against WSOU's infringement claim—would be too broad if non-NXP products are brought into the case. Rule 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." NXP does not cite any case law supporting its assertion that a cause of action can be

3

dismissed based on the scope of relief requested. To the contrary, "[w]hatever relief Plaintiff may [] receive will necessarily stem from the claims, not from Plaintiffs Prayer for Relief." *Kirusa, Inc. v. Instagram, LLC*, No. 18-cv-1460, 2018 WL 6521913, at *1 (D. Del. Dec. 12, 2018). Thus, NXP's belief that the prayer for relief *might* be broader than is warranted, is not a basis to dismiss the Complaint.

More importantly, NXP's Motion rests on a ***fundamental mischaracterization*** of Canon's Complaint as somehow alleging that NXP breached its "duty to defend this lawsuit concerning *all* of Canon's Bluetooth 5.0-capable products." Motion at 2 (emphasis added); *id.* at 6-7 (asserting that "NXP never undertook any obligation to defend Canon from a lawsuit claiming that *any* Canon product with Bluetooth 5.0 functionality infringed on a third party's patent, irrespective of the supplier of the Bluetooth-enabling chip") (emphasis added); Motion at 7 ("Canon has not alleged that NXP is the ***sole supplier*** of all of its products supporting Bluetooth 5.0 functionality. Absent such a factual allegation, Canon cannot plausibly state a claim for breach of NXP's agreement to defend claims limited to NXP's chips procured by Canon and used in Canon products.") (emphasis added).

But, the express allegations in Canon's Complaint rely on the *only* product that WSOU has accused of infringement—the Canon EOS R5 camera—which uses NXP chips. Complaint, ¶¶ 7, 18. Nowhere does Canon allege that NXP must defend claims against "all" or "any" Canon products having Bluetooth 5.0 functionality. Indeed, the factual allegations in Canon's Complaint make clear that NXP is contractually obligated to "indemnify, defend and hold harmless Canon" from and against "**any claims alleging** that the manufacture, use, sale, offer to sell … of **the [NXP chips] and any associated firmware infringes [WSOU's] patent**":

    13.    Effective December 1, 2005, Canon and Marvell Asia Pte., Ltd.

>   ("Marvell"), which is **NXP's predecessor in interest**, entered into an IP Indemnification Agreement ("Marvell Agreement").  Pursuant to the Marvell Agreement, **Marvell agreed to indemnify Canon if it purchased Marvell wireless LAN chips and associated technology (the "Chips")**, either directly from Marvell or through a third-party supplier.
>
>   14.   The Marvell Agreement provides, in relevant part, that **Marvell is obligated to indemnify, defend and hold harmless Canon**, Canon's subsidiaries, affiliates, wholesale or software distributors, or dealers **from and against any claims alleging that** the manufacture, use, sale, offer to sell, distribution, transfer, lease, display, importation or other disposition of **the Chips and any associated firmware infringes a third-party's patent**.
>
>   17.   In light of the NXP's acquisition of Marvell's Wi-Fi and Bluetooth Business, Canon and NXP executed another agreement effective as of December 6, 2019 ("NXP Agreement").  The NXP Agreement provides, among other things, that as of December 6, 2019 NXP warrants that it is the successor of Marvell and that it is bound by all of Marvell's obligations under the Marvell Agreement.  **The NXP Agreement further provides that all the terms and conditions of the Marvell Agreement and Marvell Amendment shall remain in full force and effect** unless expressly stated otherwise (NXP Agreement, Marvell Agreement and Marvell Amendment collectively referred to as the "Indemnification Agreements" hereinafter).
>
>   18.   **The allegedly infringing Bluetooth functionality in Canon EOS R5 camera's is provided by a Marvell/NXP Chip**.

Complaint, ¶¶ 13-14, 17-18 (emphasis added).  NXP's Motion acknowledges as much.  Motion at 4 (citing Complaint, ¶ 22) ("alleging that NXP is obligated to 'indemnify, defend, and hold harmless' Canon from claims alleging that that [sic] the use, distribution of the [sic] 'of the Chips, products embodying the Chips, or Bluetooth Functionality of the Chips [constitutes] patent infringement.'").[1]

NXP improperly seizes on the allegations in *WSOU's* Complaint (not Canon's Complaint) that its infringement claim covers, in addition to the accused Canon EOS R5 camera, "numerous other devices that infringe the claims of the '346 patent." Motion at 3, 7.  Yet, over

---

[1] "Chips" refers to the NXP/Marvell Bluetooth chips at issue.  *See* Complaint, ¶ 13.

seven months into the litigation and after serving its preliminary infringement contentions, WSOU has identified no such allegedly infringing "other devices"; the Canon EOS R5 camera, which uses an NXP chip, remains the *sole accused product*.[2]

Furthermore, NXP's Motion is devoid of any authority supporting the position that NXP's duty to defend Canon hinges on a factual allegation that NXP be the "sole supplier" of the chips potentially at issue in the lawsuit. NXP's indemnification agreements do not limit NXP's obligations to those lawsuits in which it is the "sole supplier" of the chips at issue; they simply require NXP to defend, hold harmless and indemnify Canon with respect to *NXP chips* that are at issue. Complaint, ¶¶ 13-14, 17.

Regardless of any other chips or infringement allegations that might be added to the case, NXP has a duty to defend Canon against the infringement allegations directed against the NXP chips. And as described above, the sole accused product—the Canon EOS R5—uses *NXP chips*. Complaint, ¶¶ 7, 18. If the lawsuit ever puts at issue chips originating from multiple suppliers, Canon or another vendor would be responsible for the defense of those chips.

## IV.   The Cases Cited in NXP's Motion Confirm That the Allegations in Canon's Complaint Are Plausible

NXP relies on several California state court decisions to support its contention that Canon's Complaint fails to state a claim. In particular, NXP appears to contend that its obligations to Canon do not attach until "a final and non-appealable judgment exists, Canon has

---

[2] NXP's assertion that "Canon sources chipsets that support Bluetooth 5.0 related functionality in the accused products from multiple semiconductor chip suppliers" (Motion at 2) is factually incorrect and contrary to the allegations in the Complaint. Further, in ruling on a motion to dismiss, the Court accepts as true the factual allegations in the Complaint and resolves any factual disputes in favor of the non-moving party, Canon. *Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019) (Albright, J.); *see also Clyce v. Farley*, 836 F. App'x 262, 266 (5th Cir. 2020).

paid such a judgment, and NXP has refused to reimburse Canon for such a judgment." Motion at 8-9. The decisions cited in NXP's Motion, however, directly contradict its argument.

For example, the California Supreme Court in *Crawford v. Weather Shield Mfg., Inc.*, 44 Cal.4th 541, 568 (2008) concluded that the contract at issue included a "duty to defend" that attached "***as soon as a suit was filed*** against [indemnitee]." In reaching this conclusion, the Court relied on specific language in the parties' contract setting forth indemnification obligations and a duty to defend: "First, [indemnitor] agreed 'to indemnify and save [indemnitee] harmless against all claims … Second, [indemnitor] made a separate and specific promise 'at [its] own expense to defend any suit or action brought against [indemnitee] … ." *Id.* at 553. The Court further explained the scope of a "contractual promise to 'defend'":

> A contractual promise to "defend" another against specified claims clearly connotes an obligation of active responsibility, from the outset, for the promisee's defense against such claims. **The duty promised is to render, or fund, the service of providing a defense on the promisee's behalf—a duty that necessarily arises as soon as such claims are made against the promisee, and may continue until they have been resolved**. This is the common understanding of the word "defend" as it is used in legal parlance.

*Id.* at 553-54 (emphasis added).

As expressly pled by Canon, and like the contract at issue in *Crawford*, the indemnification agreements between Canon and NXP include an obligation "to indemnify, ***defend*** and hold harmless Canon … from and against ***any claims*** alleging that … the Chips and any associated firmware infringes a third-party's patent." Complaint, ¶ 14; *id.* at ¶¶ 22-24. NXP has failed to "render, or fund, the service of providing a defense on [Canon's] behalf" (*Crawford*, 44 Cal.4th at 553-54) in breach of the parties' indemnification agreements, as alleged in the

7

Complaint.  Complaint, ¶¶ 22-24.[3]

Similarly, *CC-California Plaza Associates v. Paller & Goldstein*, 51 Cal.App.4th 1042, 1054 (1996) involved an indemnity clause that provided:  "**Subcontractor shall indemnify, defend and save harmless** Contractor from and against any and all claims … **Subcontractor will on request and at its expense defend** any action suit or proceeding arising hereunder **and shall reimburse and pay** Contractor for any loss, cost, damage or expense **(including legal fees)** suffered by it hereunder."  The Court explained that this indemnity clause "explicitly provides for defense and indemnity against *both* liabilities and claims" and, as a result, "properly falls under Civil Code section 2778, subdivision 1; as a consequence, "payment" was not required prior to seeking indemnification."  *Id.* (emphasis in original).  The reasoning in *CC-California Plaza Associates* applies with equal force to the parties' indemnification agreements, which include substantially similar provisions.  *See* Complaint ¶¶ 13-17, 22-24.  Thus, NXP is wrong in asserting that "until there's a final and non-appealable judgment that Canon pays and NXP … refuse[s] to reimburse, there is no breach of any indemnity agreement with respect to such a claim."  Motion at 9.

Further, NXP's suggestion that Canon has not incurred any damages overlooks the fact that Canon has been actively defending against WSOU's infringement claims based on NXP's chips and steadily accruing attorneys' fees in the course of doing so.  NXP's refusal to honor its obligations to defend Canon and its filing of a meritless motion to dismiss has already damaged Canon.  Indeed, NXP needs to step in and defend Canon now.

---

[3] Further, *Crawford* makes clear that the California Civil Code—which NXP cites on page 8 of its Motion—includes "an indemnitor's duty 'to defend' the indemnitee upon the latter's request" in "every indemnity contract, unless the agreement provides otherwise … ."  *Crawford*, 44 Cal.4th at 557.

8

Consistent with the parties' indemnification agreements and the cases cited in NXP's Motion, such damages should be collectable now; Canon should not have to wait until the end of litigation.

## CONCLUSION

For the foregoing reasons, Canon respectfully requests that the Court deny NXP's motion to dismiss in its entirety. Should the Court grant NXP's motion, Canon respectfully requests an opportunity to plead further factual allegations in the Complaint to correct any deficiencies identified by the Court.

Dated: June 4, 2021

Respectfully Submitted,

*/s/ John M. Jackson*

John M. Jackson (Texas Bar No. 24002340)
jjackson@jw.com
**JACKSON WALKER, LLP**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-6000
Fax: (214) 953-5822

Richard F. Martinelli (*pro hac vice*)
rmartinelli@orrick.com
Joseph A. Calvaruso (*pro hac vice*)
jcalvaruso@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
Fax: (212) 506-5151

*Attorneys for Defendant and Third-Party Plaintiff Canon Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically on the 4th day of June, 2021 in compliance with CV-5 and has been served on all counsel who have consented to electronic service and all other counsel by regular mail.

*/s/ John M. Jackson*
John M. Jackson