IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>   Plaintiff,<br><br> v.<br><br>CANON INC.,<br><br>   Defendant. | CASE NO. 6:20-cv-00980-ADA |
| CANON INC.,<br><br>   Third-Party Plaintiff,<br><br> v.<br><br>NXP USA, INC.,<br><br>   Third-Party Defendant. | |

**THIRD-PARTY DEFENDANT NXP'S ANSWER TO THIRD-PARTY COMPLAINT**

NOW COMES Third-Party Defendant NXP USA, Inc. ("NXP"), and files this Answer to Defendant Canon Inc.'s Third-Party Complaint, and respectfully shows the Court as follows:

**PARTIES**

1. NXP is without knowledge or information sufficient to form a belief as to Canon's corporate status or principal place of business.

2. Admitted.

## **JURISDICTION**

3. This paragraph contains legal conclusions that do not require a response. To the extent a further response is required, denied.

4. This paragraph contains legal conclusions that do not require a response. To the extent a response is required, NXP admits that venue is proper in this District. To the extent a further response is required, denied.

5. This paragraph contains legal conclusions that do not require a response. To the extent a response is required, NXP admits that venue is proper in this District, but denies that this is a convenient division within the District. To the extent a further response is required, denied.

## **WSOU'S ALLEGATIONS**

6. This paragraph contains no factual allegations as it purports to summarize a pleading, the content of which is on file with the Court and speaks for itself. To the extent a response is required, denied.

7. This paragraph contains no factual allegations as it purports to summarize a pleading, the content of which is on file with the Court and speaks for itself. To the extent a response is required, denied.

8. This paragraph contains no factual allegations as it purports to summarize a pleading, the content of which is on file with the Court and speaks for itself. To the extent a response is required, denied.

9. This paragraph contains no factual allegations as it purports to summarize a pleading, the content of which is on file with the Court and speaks for itself. To the extent a response is required, denied.

10. This paragraph contains no factual allegations as it purports to summarize a pleading, the content of which is on file with the Court and speaks for itself. To the extent a response is required, denied.

11. This paragraph contains no factual allegations as it purports to summarize a pleading, the content of which is on file with the Court and speaks for itself. To the extent a response is required, denied.

12. This paragraph contains no factual allegations as it purports to summarize a pleading, the content of which is on file with the Court and speaks for itself. To the extent a response is required, denied.

## CANON'S RELATIONSHIP WITH NXP

13. NXP admits that Canon and Marvell Asia Pte., Ltd. entered into an IP Indemnification Agreement effective December 1, 2005, which contains the terms and conditions for indemnification. The remaining allegations are denied.

14. NXP admits that Canon and Marvell Asia Pte., Ltd. entered into an IP Indemnification Agreement effective December 1, 2005, which contains the terms and conditions for indemnification. The remaining allegations are denied.

15. NXP admits that Canon and Marvell Asia Pte., Ltd. entered into an amendment to the IP Indemnification Agreement effective as of May 4, 2017, which addressed Bluetooth standards. The remaining allegations are denied.

16. NXP admits that it acquired certain Marvell assets as of December 6, 2019. The remaining allegations are denied.

17. NXP admits that it executed an agreement with Canon effective December 6, 2019 concerning the IP Indemnification Agreement and amendment. The remaining allegations are denied.

18. Denied.

## COUNT 1: BREACH OF CONTRACT

19. NXP hereby incorporates the above responses herein by reference.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. NXP admits that it refuses to defend this lawsuit. The remaining allegations are denied.

## JURY DEMAND

25. This paragraph contains no factual allegation and therefore requires no response.

## CANON'S PRAYER FOR RELIEF

26. Canon's prayer for relief and the subparagraphs thereunder are requests for relief to which no response is required. NXP denies that Canon is entitled to any relief for the claim asserted against NXP.

## AFFIRMATIVE AND OTHER DEFENSES

By answering, and by way of affirmative and other defenses, and without conceding as to any of these that NXP bears the burden of proof, NXP states as follows:

A. Canon has failed to state a claim upon which relief may be granted.

B. Canon has failed to join necessary parties.

C.   Canon's claim for indemnification is not ripe.

August 30, 2021　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By:   /s/ *Richard S. Zembek*

　　　　　　　　　　　　　　　　　　　Richard S. Zembek (SBN 00797726)
　　　　　　　　　　　　　　　　　　　richard.zembek@nortonrosefulbright.com
　　　　　　　　　　　　　　　　　　　**NORTON ROSE FULBRIGHT US LLP**
　　　　　　　　　　　　　　　　　　　Fulbright Tower
　　　　　　　　　　　　　　　　　　　1301 McKinney, Suite 5100
　　　　　　　　　　　　　　　　　　　Houston, Texas 77010-3095
　　　　　　　　　　　　　　　　　　　Tel:   (713) 651-5151
　　　　　　　　　　　　　　　　　　　Fax:   (713) 651-5246

　　　　　　　　　　　　　　　　　　　Adam Schramek (SBN 24033045)
　　　　　　　　　　　　　　　　　　　adam.schramek@nortonrosefulbright.com
　　　　　　　　　　　　　　　　　　　Eric C. Green (SBN 24069824)
　　　　　　　　　　　　　　　　　　　eric.green@nortonrosefulbright.com
　　　　　　　　　　　　　　　　　　　**NORTON ROSE FULBRIGHT US LLP**
　　　　　　　　　　　　　　　　　　　98 San Jacinto Boulevard, Suite 1100
　　　　　　　　　　　　　　　　　　　Austin, Texas 78701
　　　　　　　　　　　　　　　　　　　Tel:   (512) 474-5201
　　　　　　　　　　　　　　　　　　　Fax:   (512) 536-4598

　　　　　　　　　　　　　　　　　　　**COUNSEL FOR THIRD-PARTY DEFENDANT NXP USA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 30, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

　　　　　　　　　　　　　　　　　　　/s/ *Richard S. Zembek*