# Exhibit 17



 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/924,582 | 08/09/2001 | Miska Hannuksela | 367.40448X00 | 2987 |

| 20457 | 7590 | 09/30/2005 |
|---|---|---|

ANTONELLI, TERRY, STOUT & KRAUS, LLP
1300 NORTH SEVENTEENTH STREET
SUITE 1800
ARLINGTON, VA  22209-3873

| EXAMINER |
|---|
| PHILIPPE, GIMS S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2613 | |

DATE MAILED: 09/30/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

WSOU-CANON-0000558

|  | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 09/924,582 | HANNUKSELA, MISKA |
|  | Examiner | Art Unit |
|  | Gims S. Philippe | 2613 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>15 July 2005</u>.
2a) ☒ This action is **FINAL**.    2b) ☐ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-39</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-39</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☒ All   b) ☐ Some * c) ☐ None of:
    1. ☒ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 7-05)                      Office Action Summary                      Part of Paper No./Mail Date 09272005

Application/Control Number: 09/924,582 Page 2
Art Unit: 2613

## *Response to Amendment*

1. Applicant's amendment received on July 15, 2005 in which claim 1-15 were amended, and claims 16-39 were added been fully considered and entered but the arguments are moot in view of the new ground(s) of rejection.

## *Claim Rejections - 35 USC § 102*

2. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

The changes made to 35 U.S.C. 102(e) by the American Inventors Protection Act of 1999 (AIPA) and the Intellectual Property and High Technology Technical Amendments Act of 2002 do not apply when the reference is a U.S. patent resulting directly or indirectly from an international application filed before November 29, 2000. Therefore, the prior art date of the reference is determined under 35 U.S.C. 102(e) prior to the amendment by the AIPA (pre-AIPA 35 U.S.C. 102(e)).

3. Claims 1-7 and 9 are rejected under 35 U.S.C. 102(e) as being anticipated by Ueda (US Patent no. 6591014)

WSOU-CANON-0000560

Application/Control Number: 09/924,582 Page 3
Art Unit: 2613

Regarding claims 1-2, 6-7 and 9, Ueda discloses the same apparatus and method of encoding a video signal representing a sequence of pictures to form an encoded video signal, the method comprising receiving a first picture or part thereof, encoding the first picture or the part thereof, using a first encoding mode, without reference to another picture of the sequence to form a first encoded representation of the first picture or the part thereof (See Ueda col. 2, lines 45-48, and col. 4, lines 61-62), and encoding said at least first picture or the part thereof, using a second encoding mode with reference to another picture of the sequence to produce a corresponding temporally predicted picture second encoded representation of the picture or part thereof (See Ueda col. 2, lines 50-51, col. 4, lines 62-64).

As per claims 3-5, most of the limitations of these claims have been noted in the above rejection of claim 1. In addition, Ueda further discloses encoding part of the first picture is encoded with reference to another picture occurring in the sequence temporally prior to the first picture (See col. 2, lines 4-18), and wherein the first picture or part thereof is encoded with reference to another picture occurring in the sequence temporally after the first picture (See Ueda col. 4, lines 60-67, col. 5, lines 1-5).

4.      Claims 10-11, and 16-39 are rejected under 35 U.S.C. 102(e) as being anticipated by Nakaya et al. (US Patent no. 6,028,631).

WSOU-CANON-0000561

Application/Control Number: 09/924,582                                                                           Page 4
Art Unit: 2613

As per claims 10-11, Nakaya discloses in fig. 3 the same apparatus and method of video decoding comprising receiving an encoded video signal representing encoded pictures of a video sequence, the encoded video signal comprising a first encoding representation of a first picture or a part thereof, the first encoded representation having been formed, using a first encoding mode, by encoding the first picture or the part thereof without reference to another picture of the sequence (See col. 6, lines 42-50), the encoded video signal further comprising a temporally predicted second encoded representation of the first picture or the part thereof, the temporally predicted second encoded representation having been formed using a second encoding mode, by encoding the first picture or part thereof with reference to another picture of the sequence, the method comprising determining whether the first encoded representation of the first picture or the part thereof can be decoded and, if not, monitoring the received encoded video signal for the temporally predicted second encoded representation of the first picture of the part thereof (See col. 6, lines 50-58) and, on receipt of the temporally predicted second encoded representation of the first picture or the part thereof, decoding the temporally predicted second encoded representation of the first picture or the part thereof with reference to another picture (See col. 6, lines 58-67 and col. 7, lines 1-10).

As per claim 14, most of the limitations of this claim have been noted in the above rejection of claims 10-11. In addition, Nakaya further suggests a decoder in a portable electronic device as disclosed in col. 2, lines 10-25, col. 5, lines 16-30.

Application/Control Number: 09/924,582 Page 5
Art Unit: 2613

As per claim 15, most of the limitations of this claim have been noted in the above rejection of claim 10. In addition, the encoding is also provided in col. 5, lines 31-61.

As per claims 16, 18, 26-27, 29-32, 36 and 38, Ueda's Intraframe (I-frame in a GOP or part of a GOP) as disclosed in col. 4, lines 60-62, is a standard first picture of an MPEG video sequence, the first picture after a scene cut. Such designation is rather well known and common in MPEG (See fig. 10 of Ueda).

As per claims 17 and 28, controlling at periodic intervals is necessary in the encoder/decoder processing, thus, an inherent feature in the prior art of record.

As per claims 19-25, all of the limitations of these claims are found in Ueda col. 4, lines 29-67, and col. 5, lines 1-5.

Claims 33-35, 37, and 39, are considered as standard decisions in any MPEG application. All of these decisions are made either in decoding or encoding the picture. These limitations are met in Ueda col. 5, lines 5-56 as well as by Nakaya in col. 5, lines 31-67 and col. 6, lines 1-64.

### *Claim Rejections - 35 USC § 103*

5. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

6.  Claim 8, 12 and 13, are rejected under 35 U.S.C. 103(a) as being unpatentable over Ueda (US Patent no. 6591014) in view of Nakaya et al. (US Patent no. 6028631).

Regarding claims 8, 12, and 13, most of the limitations of these claims have been noted in the above rejection of claims 6 and 7.

It is noted that Ueda is silent about a multimedia system and a portable electronic device including a video encoder.

Nakaya et al. discloses a multimedia system and a portable electronic device including a video encoder (See Nakaya col. 4, lines 53-67, and col. 5, lines 1-15).

Therefore, it is considered obvious that one skilled in the art at the time of the invention would recognize the advantage of modifying Ueda's encoding method by providing Nakaya's multimedia system and a portable electronic device including a video encoder. The motivation for such a modification in Ueda is to take advantage of over traditional analog systems by supporting services such as video telephony and multimedia services via radio networks.

### Response to Arguments

7.  Applicant's arguments filed July 15, 2005 have been fully considered but they are not persuasive.

Application/Control Number: 09/924,582                                                                  Page 7
Art Unit: 2613

The applicant argues that Ueda employs a single encoding mode while the claimed invention provides for encoding with first and second mode. The examiner respectfully disagrees. In fact, a quick look at the applicant dependent claims will show the same coding apparatus and method used by either Ueda or Nakaya. In fact, the applicant's claimed "coding without reference to another picture" is the well known Intraframe encoding (See applicant's own claims 1, 6, with claim 18). The applicant's arguments are not persuasive considering the added claims contradicting the presented arguments. For the record, the intraframe is the I frame; the first picture after a scene change is encoded without reference to any previousl picture as an I-frame. Any skilled artisan need no specific reference to prove the preceding. In fact, either reference presented by the examiner does suggest encoding the first frame independently.

8.  Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any

WSOU-CANON-0000565

Application/Control Number: 09/924,582                                                                                           Page 8
Art Unit: 2613

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Gims S. Philippe whose telephone number is (571) 272-7336. The examiner can normally be reached on M-F (9:30-7:00) Second Monday Off.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Dastouri S. Mehrdad can be reached on (571) 272-7418. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

Gims S Philippe
Primary Examiner
Art Unit 2613

GSP

September 27, 2005

WSOU-CANON-0000566