# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Canon Inc.,<br><br>　　　　　Defendant.<br><br>Canon Inc.,<br><br>　　　　　Third-Party Plaintiff,<br><br>　v.<br><br>NXP USA, Inc.<br><br>　　　　　Third-Party Defendant. | Case No. 6:20-cv-00980-ADA<br><br>**JURY TRIAL DEMANDED** |

## CANON INC.'S INITIAL DISCLOSURES

Pursuant to the Agreed Amended Scheduling Order (Dkt. No. 45) and Fed. R. Civ. P. 26(a), Defendant Canon Inc. ("Canon" or "Defendant") hereby provides the following Initial Disclosures to Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development. ("WSOU" or "Plaintiff") and Third-Party Defendant NXP USA, Inc.

Canon's initial disclosures are based on the information reasonably available to it at this time and are made without waiving any objections as to relevance, materiality, or admissibility of evidence in this action. Canon's investigation in this action is ongoing. By making these disclosures, Canon does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this action. Canon reserves all rights, consistent with Rule 26(e), to modify, amend, and/or supplement the disclosures made herein as additional evidence and

information becomes available.

Canon's disclosures are made without waiving the right to object on any proper ground to: (1) the use of any information disclosed in this action or in any other proceeding; (2) any discovery request or proceeding involving or relating to the subject matter of these disclosures; and (3) the production of any document or tangible thing disclosed in these disclosures on the basis of a privilege or other valid objection. All disclosures set forth below are made subject to the above objections and qualifications.

**I.  INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT CANON MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES (FED. R. CIV. P. 26(a)(1)(A)(i))**

Canon identifies below individuals who may have discoverable, non-privileged information that Canon may use to support its defenses and counterclaims in this action. Canon's investigation is ongoing, and Canon reserves the right to identify additional individuals at a later date. These identifications are not an admission that these individuals' testimony would be admissible evidence; nor do the disclosures of the subject of information serve to limit the range of discoverable information or potential testimony to be provided. These identifications do not constitute a waiver of any attorney-client privilege or work product immunity with respect to any information that any witness may possess. Canon does not waive, and expressly preserves, its right to object to any deposition or trial testimony of these individuals.

| Name | Contact Information | Substance of Information |
|---|---|---|
| Personnel at NXP knowledgeable about the operation of its Bluetooth controller | NXP USA, Inc. 6501 William Cannon Drive West, Austin, TX 78735 | Knowledge of the design and operation of the Accused Instrumentalities relating to compliance with Bluetooth standards. |
| Personnel at NXP knowledgeable about the operation of its Bluetooth | NXP USA, Inc. 6501 William Cannon Drive West, Austin, TX 78735 | Knowledge of the structure, function, and operation of the |

| Name | Contact Information | Substance of Information |
|---|---|---|
| chips and associated technology | | Bluetooth chips and associated technology purchased from NXP USA, Inc. and incorporated in the Accused Instrumentalities |
| Hiroshi Mashimo | Canon Inc.<br>70-1 Yanagicho, Saiwai-ku, Kawasaki, Kanagawa 212-8602, Japan<br>(contact through Canon's counsel) | Knowledge of the indemnification agreements with Marvell Asia Pte., Ltd. and/or NXP USA, Inc. related to the Bluetooth chips purchased from NXP USA, Inc. |
| Jason Fligman | Canon U.S.A., Inc.<br>One Canon Park<br>Melville, NY 11747<br><br>(contact through Canon's counsel) | Knowledge of customer support and communications with end-user customers related to the Accused Instrumentalities. |
| Nam Wook Baek | Canon U.S.A., Inc.<br>One Canon Park<br>Melville, NY 11747<br><br>(contact through Canon's counsel) | Knowledge of technical support and quality control of the Accused Instrumentalities. |
| Andrew MacCallum | Canon U.S.A., Inc.<br>One Canon Park<br>Melville, NY 11747<br><br>(contact through Canon's counsel) | Knowledge of marketing of the Accused Instrumentalities |
| James L. Smith | Canon U.S.A., Inc.<br>One Canon Park<br>Melville, NY 11747<br><br>(contact through Canon's counsel) | Knowledge of financial information of the Accused Instrumentalities |
| John E. Curtin | On information and belief:<br><br>Capitol Patent & Trademark Law Firm, PLLC<br>P.O. Box 1995<br>Vienna, VA 2218 USA | Knowledge of the Asserted Patent, the prosecution of the Asserted Patent, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and |

| Name | Contact Information | Substance of Information |
|---|---|---|
| | | issues relating thereto, including the subject matter of the Asserted Patent, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| Alcatel-Lucent USA Inc. | 26801 West Agoura Rd Calabasas CA 91301 | Knowledge of the Asserted Patent, including efforts to sell, assign, transfer, or license the Asserted Patent, valuation of the Asserted Patent, ownership of the Asserted Patent, prior art, and/or invalidity of the Asserted Patent; knowledge of Bluetooth standards, Bluetooth SIG membership and Bluetooth Patent/Copyright License Agreement. |
| Nokia Corp. | Karakaari 7 Espoo, Finland 02610 | Knowledge of Bluetooth standards, Bluetooth SIG membership and Bluetooth Patent/Copyright License Agreement. |
| Krishna Balachandran | On information and belief: Morganville, New Jersey | Named inventor of the Asserted Patent (U.S. Pat. No. 7,054,346).  Knowledge of the Asserted Patent, including the subject matter of the Asserted Patent, prosecution of the Asserted Patent, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Joseph H. Kang | On information and belief: Belle Mead, New Jersey | Named inventor of the Asserted Patent (U.S. Pat. No. 7,054,346).  Knowledge of the Asserted Patent, including the subject matter of the Asserted Patent, prosecution of the Asserted Patent, conception, reduction to practice, acts of |

| Name | Contact Information | Substance of Information |
|---|---|---|
| | | inequitable conduct, prior art and/or invalidity. |
| Kumud K. Sanwal | On information and belief:<br><br>Edison, NJ | Named inventor of the Asserted Patent (U.S. Pat. No. 7,054,346). Knowledge of the Asserted Patent, including the subject matter of the Asserted Patent, prosecution of the Asserted Patent, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| James Paul Seymour | On information and belief:<br><br>Buffalo Grove, Illinois | Named inventor of the Asserted Patent (U.S. Pat. No. 7,054,346). Knowledge of the Asserted Patent, including the subject matter of the Asserted Patent, prosecution of the Asserted Patent, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Craig Etchegoyen | On information and belief:<br><br>WSOU Investments, LLC d/b/a Brazos Licensing and Development<br>Kailua-Kona, Hawaii | Knowledge of assignment of the Asserted Patent |
| Stuart A. Shanus | On information and belief:<br><br>WSOU Investments, LLC d/b/a Brazos Licensing and Development<br>3008 Cavendish Dr, Los Angeles, CA 90064-4616 | Knowledge of assignment of the Asserted Patent |
| Aaron Garvey | On information and belief:<br><br>WSOU Investments, LLC d/b/a Brazos Licensing and Development | Knowledge of Plaintiff's damages claims |

| **Name** | **Contact Information** | **Substance of Information** |
|---|---|---|
| | New York, NY | |
| Inventors, authors, and developers of prior art disclosed in Canon's Invalidity Contentions. | | Knowledge regarding prior art to the Asserted Patent and the state of the art. |

Other individuals, including individuals not specifically known to Canon, who may possess relevant and discoverable information, including: (i) individuals identified in the documents that the parties produce in discovery; (ii) individuals identified by Plaintiff in this matter, or by Plaintiff or other parties in other legal matters involving Plaintiff; (iii) inventors of prior art methods, systems, devices or applications (including individuals listed on prior art patents or patent applications) and authors of prior art publications which render the claimed inventions anticipated or obvious under 35 U.S.C. §§ 102 and/or 103; (iv) other individuals with knowledge of prior invention, public use, sale or offer for sale of the claimed inventions; (v) other individuals with knowledge related to the infringement and/or validity of the Asserted Patent and/or information related to the operation of the Accused Instrumentalities in this matter; (vi) individuals with knowledge of any relevant Plaintiff's products or licensed products; and (vii) experts in the field(s) pertaining to the asserted patents and/or the Accused Instrumentalities. All of the foregoing is incorporated by reference.  Canon incorporates by reference the individuals listed in Plaintiff's disclosures in this action.  To the extent Plaintiff or any other party wishes to contact any of Canon's current or former employees, such contact must be through the undersigned counsel for Canon.  Canon reserves its right to supplement or amend this list based on its continued investigations into this matter or as information becomes available.

**II.     DOCUMENTS AND THINGS (FED. R. CIV. P. 26(a)(1)(A)(ii))**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Canon may rely upon the following categories of non-privileged documents or tangible things that Canon has in its possession, custody, or control to support its defenses or counterclaims.  These categories are in no way admissions that any specific documents within a specified category exist or that they are within the custody or control of Canon.  Identification and production of the documents in the categories listed below shall not be construed as a waiver of any objection, attorney-client privilege, work-product immunity, and/or any other privilege or exception afforded to Canon.

A.     Publicly available documents relating to the prosecution of the Asserted Patent or any related patents or patent applications, including publicly available copies of the Asserted Patent and its file history (offices of Canon's outside counsel in New York, NY);

B.     Publicly available documents relating to the sale, license, or assignment of the Asserted Patent or any related patent applications (offices of Canon's outside counsel in New York, NY);

C.     Documents showing the invalidity and/or unenforceability of the Asserted Patent, including but not limited to prior art references and publications such as those identified in Canon's Preliminary Invalidity Contentions, served on July 7, 2021, and references cited on the face of the Asserted Patent and related patent applications (offices of Canon's outside counsel in New York, NY);

D.     Documents related to the purchase of Bluetooth chips and associated technology from Marvell Asia Pte., Ltd. and/or NXP USA, Inc. incorporated in the Accused Instrumentalities (Canon Inc., 30-2, Shimomaruko 3-chome Ohta-ku, Tokyo and offices of Canon's outside counsel in New York, NY).

      E.    Documents related to the structure, function and operation of the Bluetooth chips purchased from NXP USA, Inc. incorporated in the Accused Instrumentalities (Canon Inc., 30-2, Shimomaruko 3-chome Ohta-ku, Tokyo and offices of Canon's outside counsel in New York, NY).

      F.    Documents related to the indemnification agreements with Marvell Asia Pte., Ltd. and/or NXP USA, Inc. related to the Bluetooth chips purchased from NXP USA, Inc. (Canon Inc., 30-2, Shimomaruko 3-chome Ohta-ku, Tokyo and offices of Canon's outside counsel in New York, NY);

      G.    Documents relating to Canon's financials and the sale and/or use of the Accused Instrumentalities (Canon U.S.A., Inc., One Canon Park, Melville, NY 11747 and offices of Canon's outside counsel in New York, NY);

      H.    Documents relating to the marketing of the Accused Instrumentalities (Canon U.S.A., Inc., One Canon Park, Melville, NY 11747 and offices of Canon's outside counsel in New York, NY).

Canon has produced or will produce documents in its possession, custody, or control relating to these issues. Canon reserves the right to object to production of individual documents or sets of documents for any reason including, without limitation, proportionality, burden, privacy, relevance, and privilege. Canon's investigation in this case is ongoing. The foregoing list is therefore based on Canon's preliminary review of the documents relating to the claims and defenses in this action and is not exhaustive. Canon reserves the right to supplement and/or amend these disclosures as discovery proceeds and in conformity with the Local Rules and Orders of this Court, and the Federal Rules of Civil Procedure.

## III.   COMPUTATIONS OF DAMAGES (FED. R. CIV. P. 26(a)(1)(A)(iii))

Canon may seek its attorney's fees and costs pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and/or other applicable law at the conclusion of this action.

Canon reserves the right to challenge any damages calculations offered by Plaintiff and to offer opposing calculations.

## IV.   INSURANCE AGREEMENTS (FED. R. CIV. P. 26(a)(1)(A)(iv))

Canon is not presently aware of any insurance policy that provides coverage for any of the claims alleged in this lawsuit.

Dated: October 8, 2021                Respectfully Submitted,

                                             /s/ Richard F. Martinelli

Richard F. Martinelli (*pro hac vice*)
rmartinelli@orrick.com
Joseph A. Calvaruso (*pro hac vice*)
jcalvaruso@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
Fax: (212) 506-5151

John M. Jackson (Texas Bar No. 24002340)
jjackson@jw.com
**JACKSON WALKER, LLP**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-6000
Fax: (214) 953-5822

*Attorneys for Defendant and Third-Party Plaintiff Canon Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served or delivered electronically to all counsel of record on October 8, 2021.

*/s/ Weimin Ning*

Weimin Ning
