# EXHIBIT 4

| | |
|---|---|
| **From:** | Chow, Michael C. <mchow@orrick.com> |
| **Sent:** | Thursday, November 4, 2021 8:45 PM |
| **To:** | Bradley P. Lerman; WSOU v. Canon; Mark (waltfairpllc) |
| **Cc:** | Zembek, Richard; Green, Eric; Schramek, Adam T.; Canon-WSOU; jjackson@jw.com |
| **Subject:** | RE: WSOU v. Canon: Motion for Leave |

Brad,

Canon has confirmed that it does not have English language versions of the core technical documents that have been produced. We will follow-up with the emails of those that will be attending Mr. Smith's deposition.

Regards,

Michael

---

**From:** Bradley P. Lerman <BLerman@kasowitz.com>
**Sent:** Thursday, November 4, 2021 9:21 AM
**To:** Chow, Michael C. <mchow@orrick.com>; WSOU v. Canon <WSOUvCanon@kasowitz.com>; Mark (waltfairpllc) <mark@waltfairpllc.com>
**Cc:** Zembek, Richard <richard.zembek@nortonrosefulbright.com>; Green, Eric <eric.green@nortonrosefulbright.com>; Schramek, Adam T. <adam.schramek@nortonrosefulbright.com>; Canon-WSOU <Canon-WSOU@orrick.com>; jjackson@jw.com
**Subject:** RE: WSOU v. Canon: Motion for Leave

Michael, please provide us the names and email addresses of those from your side that will be attending Mr. Smith's deposition next Thursday (11/11), including Mr. Smith's email, so we can share it with Veritext who will email you the pertinent information. Please also respond to the below email and let us know if you have searched for and will provide the translated documents to the extent that they exist. Thanks. Best, Brad.

---

**From:** Bradley P. Lerman
**Sent:** Tuesday, November 2, 2021 4:11 PM
**To:** Chow, Michael C. <mchow@orrick.com>; WSOU v. Canon <WSOUvCanon@kasowitz.com>; Mark (waltfairpllc) <mark@waltfairpllc.com>
**Cc:** Zembek, Richard <richard.zembek@nortonrosefulbright.com>; Green, Eric <eric.green@nortonrosefulbright.com>; Schramek, Adam T. <adam.schramek@nortonrosefulbright.com>; Canon-WSOU <Canon-WSOU@orrick.com>; jjackson@jw.com
**Subject:** RE: WSOU v. Canon: Motion for Leave

Michael, we disagree with your characterizations of our exchanges and the bases you assert for challenging venue. WSOU will oppose Canon's motion for leave to file a venue motion in the 980 case. We will send the reporter information/access link for Mr. Smith's deposition next week. Concerning the foreign language documents, we were not requesting you to translate them at this time, but to the extent they exist in English or have already been translated, we request you provide them to us in English. *See, e.g., Contreras v. Isuzu Motors, Ltd. of Japan*, 1999 WL 33290667 (W.D.

1

Tex. 1999).  Please provide the documents in English if they exist, otherwise please confirm you checked and that they do not exist in English.

---

**From:** Chow, Michael C. [mailto:mchow@orrick.com]
**Sent:** Tuesday, November 2, 2021 12:44 PM
**To:** Bradley P. Lerman <BLerman@kasowitz.com>; WSOU v. Canon <WSOUvCanon@kasowitz.com>; Mark (waltfairpllc) <mark@waltfairpllc.com>
**Cc:** Zembek, Richard <richard.zembek@nortonrosefulbright.com>; Green, Eric <eric.green@nortonrosefulbright.com>; Schramek, Adam T. <adam.schramek@nortonrosefulbright.com>; Canon-WSOU <Canon-WSOU@orrick.com>; jjackson@jw.com
**Subject:** RE: WSOU v. Canon: Motion for Leave

Bradley,

We disagree with your recollection of the meet and confer.  As we expressly stated during the meet and confer, the addition of CUSA created an improper venue issue under *TC Heartland*, which clearly applies in both cases.  Additionally, Canon specifically revised the joint stipulation filed for both cases to permit both Canon Inc. and Canon USA to move to dismiss or transfer under FRCP 12(b)(3) and 28 U.S.C. Section 1406(a) or move to transfer under 28 U.S.C. Section 1404(a), a revision to which WSOU agreed.  For WSOU to now feign surprise that Canon would be filing venue motions in both cases—as the stipulation expressly stated that Canon may do—shows that WSOU is the party acting in bad faith.

We understand that WSOU will oppose Canon's venue motions in both the 980 and 981 cases so there is no further need to meet and confer on that issue.  However, we do not understand WSOU's position on Canon's motion for leave to file its motions to transfer, especially given the joint stipulation.  WSOU filed Second Amended Complaints adding Canon USA as a party to both the 980 and 981 cases, destroying venue for both cases.  Is it WSOU's position that adding a party to which venue is not proper to a case would not constitute good cause to file motions to transfer within eight weeks of the rescheduled Markman hearing, per Judge Albright's Standing Order?  Additionally, by adding a party that is not subject to venue in WDTX, does WSOU intend to proceed in two jurisdictions in parallel when Canon USA is transferred?  That also significantly changes the weighing of the convenience factors under Section 1404(a), further evidencing good cause for Canon's motions.  Please confirm by 5 pm PT today whether WSOU opposes Canon's motion for leave to file its motions to transfer.

Regarding the additional items in your email below:

1. Subpoena to CSA
    a. We do not have confirmation as to whether Orrick will be representing CSA for purposes of the subpoena.  However, we note that the subpoena requested the production of documents on November 12, which will be after the venue deposition.
2. Canon Inc. and Canon U.S.A., Inc. 30(b)(6) depositions
    a. James L. Smith will be designated as the 30(b)(6) witness for both Canon Inc. and Canon USA, pursuant to Canon's objections which will be served later this week.  Mr. Smith is available on November 11 and will be available remotely.
3. Canon Inc.'s Core Technical Document Production
    a. We are not aware of any rules that would require Canon to translate documents kept in the ordinary course of business and do not intend to do so.

Regards,

Michael

---

**From:** Bradley P. Lerman <BLerman@kasowitz.com>
**Sent:** Monday, November 1, 2021 6:42 PM
**To:** Chow, Michael C. <mchow@orrick.com>; WSOU v. Canon <WSOUvCanon@kasowitz.com>; Mark (waltfairpllc) <mark@waltfairpllc.com>
**Cc:** Zembek, Richard <richard.zembek@nortonrosefulbright.com>; Green, Eric <eric.green@nortonrosefulbright.com>; Schramek, Adam T. <adam.schramek@nortonrosefulbright.com>; Canon-WSOU <Canon-WSOU@orrick.com>; jjackson@jw.com
**Subject:** RE: WSOU v. Canon: Motion for Leave


Michael,

We are surprised to learn Canon intends to file a venue motion in the 980 case.  We oppose a venue motion concerning the 980 case, and do not believe Canon is operating in good faith.  As you know, we submitted a stipulation agreeing to add Canon USA as a party and setting a schedule for venue discovery over both Canon and Canon USA along briefing with respect to the issues raised in Canon's venue motion in the 981 case as it addressed both Canon and Canon USA.  There was never a mention of Canon filing a venue motion in the 980 case (or moving to dismiss based on venue) in our meet and confers and Canon had only referenced a venue motion/motion to dismiss in the 981 case.  In fact in Canon's transfer motion for the 981 case, it specifically concedes that the Western District of Texas is the proper venue for that case.

  A few other things we would like confirmation on:

1.    While it was unreasonable for you not grant us the courtesy of accepting service of the subpoena on Canon Solutions America "CSA", which we had to use a process server to serve today, please confirm that you are representing CSA for the purposes of the subpoena and will provide the requested documents in advance of the upcoming venue depositions.
2.    Canon, Inc. and Canon U.S.A., Inc. 30(b)(6) depositions:
     a.    please provide us the names of the individuals,
     b.    confirm that their depositions will occur on Nov. 11/12 via remote means,
     c.    confirm venue Rog/RFP responses and document productions will be made on Nov. 8.
3.    Canon, Inc.'s Core Technical Document Production
     a.    Over 50% of the documents are in a foreign language,
     b.    Please confirm you will provide English versions of these documents within 2 weeks.

Thank you.  Best, Brad.


Bradley P. Lerman
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 506-3388
Fax. (212) 835-5000
BLerman@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

**From:** Chow, Michael C. [mailto:mchow@orrick.com]
**Sent:** Friday, October 29, 2021 2:03 PM
**To:** WSOU v. Canon <WSOUvCanon@kasowitz.com>; Mark (waltfairpllc) <mark@waltfairpllc.com>
**Cc:** Zembek, Richard <richard.zembek@nortonrosefulbright.com>; Green, Eric <eric.green@nortonrosefulbright.com>; Schramek, Adam T. <adam.schramek@nortonrosefulbright.com>; Canon-WSOU <Canon-WSOU@orrick.com>; jjackson@jw.com
**Subject:** WSOU v. Canon: Motion for Leave

**ALERT: THIS IS AN EXTERNAL EMAIL.** Do not click on any link, enter a password, or open an attachment unless you know that the message came from a safe email address. Any uncertainty or suspicion should be immediately reported to the Helpdesk.

Counsel,

As you know from our scheduling discussions and the parties' stipulation, Canon intends to file venue motions in the 980 and 981 cases.  Per Judge Albright's Standing Order, Canon believes it should, out of an abundance of caution, request leave to file these motions since they will be filed within 8 weeks of the December 16 Markman hearing.  Please confirm that pursuant to the parties' October 22 stipulation concerning the SACs that WSOU will not oppose.

Regards,

Michael


**Michael C. Chow**
Attorney at Law

Orrick
Orange County
T +1-949-852-7733
mchow@orrick.com



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.