IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**, <br><br> *Plaintiff*, <br><br> v. <br><br> **CANON INC.**, and **CANON U.S.A., INC.** <br><br> *Defendant*. | 6:20-cv-00980-ADA <br> 6:20-cv-00981-ADA |
| **CANON INC.**, <br><br> *Third-Party Plaintiff*, <br><br> v. <br><br> **NXP USA, INC.**, <br><br> *Third-Party Defendant*. | 6:20-cv-00980-ADA |

**DEFENDANT CANON U.S.A., INC.'S AND DEFENDANT CANON INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION TO TRANSFER**

WSOU Investments, LLC d/b/a Brazos Licensing and Development's ("WSOU") Opposition to Canon U.S.A., Inc. (hereinafter, "CUSA") and Canon Inc.'s (hereinafter, "CINC") (collectively, "Canon") Motion for Leave to File Motions to Transfer ("WSOU Opp.") shows that WSOU has a fundamental misunderstanding of the facts of this case, the Federal Rules of Civil Procedure, and this Court's Second Amended Standing Order Regarding Motions for Inter-District Transfer.  Regardless of what WSOU may have "understood," neither CUSA nor CINC ever: (1) stated that CUSA was a necessary party; (2) waived its rights to file a motion to transfer for improper venue or convenience as to either Case No. 6:20-cv-00980-ADA ("the 980 Action") or Case No. 6:20-cv-00981-ADA ("the 981 Action"); or (3) agreed that venue was proper as to CUSA.  Thus, because CUSA was only just added as a party and this is its first opportunity to object to venue against it, and because the addition of CUSA significantly changes the balance of convenience factors as to CINC, good cause exists to grant Canon leave to file CUSA's Motion to Transfer for Improper Venue and CUSA and CINC's Motion to Transfer for Convenience to the Eastern District of New York in both the 980 and 981 Actions.

**I.       THE INDISPUTABLE FACTS**

The following facts cannot legitimately be disputed:

1. On October 19, 2020, WSOU filed its original Complaints for Patent Infringement, naming CINC as the ***only defendant***.  980 Action, Dkt. No. 1; 981 Action, Dkt. No. 1.

2. On March 29, 2021, CINC filed a Third-Party Complaint Against NXP USA, Inc. in the 980 Action.  980 Action, Dkt. 22.

3. On April 12, 2021, WSOU filed its Amended Complaints for Patent Infringement, still naming CINC as the ***only defendant***.  980 Action, Dkt. No. 27; 981 Action, Dkt. No. 22.

4. On June 1, 2021, CINC files its Replies ISO its Motions to Dismiss.  980 Action, Dkt. No. 39; 981 Action, Dkt. No. 28.

5. On August 16, 2021, a hearing was held on CINC's Motions to Dismiss pursuant to FRCP 12(b)(6) for both the 980 and 981 Actions and NXP's Motion to Dismiss CINC's

    Third Party Complaint in the 980 Action. 980 Action, Dkt. Nos. 49-50, 981 Action, Dkt. No. 38.

6. On September 10, 2021, CINC filed a timely Motion to Transfer Venue Under 28 U.S.C. § 1404(a). 981 Action, Dkt. No. 42.

7. On October 4, 2021, counsel for WSOU informed counsel for CINC *for the first time* that it intended to file a Second Amended Complaint ("SAC") to add a new party, CUSA as a defendant in both the 980 and 981 Actions. Ex. 3, p. 7[1] (10/4/2021 Email from M. Siegmund).

8. On October 8, 2021, counsel for CINC informed counsel for WSOU that it would consent to the filing of WSOU's SACs "without waiving any venue challenges in either the 980 and 981 cases," and subject to the identified proposals. *Id.* at 5 (10/8/2021 Email from M. Chow). Specifically, in the proposals, counsel noted that both Canon Inc. and Canon U.S.A., Inc. would "respond to the second amended complaint/*move to dismiss or transfer cases*" on December 3, 2021. *Id.*[2]

9. On October 8, 2021, CINC filed its "Status Report RE: Inter-District Motion to Transfer," advising the Court that WSOU had advised it would be amending its complaint to add CUSA. as a party to both cases and that "[v]enue as to Canon U.S.A., Inc. [CUSA] is not proper in this District and we expect that WSOU's amended complaint will raise additional statutory and convenience venue issues." 980 Action, Dkt. No. 66; 981 Action, Dkt. No. 54.

10. On October 12, 2021, without consent or agreement from CINC, WSOU filed its SACs for Patent Infringement adding CUSA as a defendant in both the 980 and 981 Actions *for the first time*. 980 Action, Dkt. No. 70; 981 Action, Dkt. No. 56.

11. On October 22, 2021, the parties filed stipulations in both the 980 and 981 actions stating that "Canon may move to dismiss or transfer under Federal Rule of Procedure 12(b)(3) and 28 U.S.C. Section 1406(a) [statutory venue] or a motion to transfer under 28 U.S.C. Section 1404(a) [convenience]." 980 Action, Dkt. No. 80; 981 Action, Dkt. No. 66. "Canon" was defined as both Canon Inc. [CINC] and Canon U.S.A., Inc. [CUSA] *Id.*

12. On November 4, 2021, pursuant to this Court's Second Amended Standing Order Regarding Motions for Inter-District Transfer, CINC and CUSA filed their Motions for leave to file its Motions to Transfer, attaching as exhibits their Motions to Transfer for Improper Venue and Motions to Transfer for Convenience, as required by L.R. CV-7(B). 980 Action, Dkt. Nos. 85, 85-1; 981 Action, Dkt. Nos. 71 and 71-1.

13. On November 4, 2021, CINC and CUSA filed their Answers to WSOU's SACs denying that venue is proper. 980 Action, Dkt. No. 86; 981 Action, Dkt. No. 72.

---

[1] All exhibit citations are to the exhibits attached to the Declaration of Jonathan K. Waldrop ISO Plaintiff's Opposition (Dkt. No. 74-1).
[2] All emphasis added unless otherwise noted.

2

II. **CUSA IS NOT A NECESSARY PARTY**

Contrary to WSOU's claims, CINC has never asserted that CUSA was a necessary party. Furthermore, even if CINC did assert that CUSA was a necessary party (it did not), and it was found that CUSA is a necessary party (it is not), it would still not make venue proper as to CUSA.

A. **CINC Has Never Asserted that CUSA is a Necessary Party**

A necessary party under Federal Rule of Civil Procedure 19 "is one that has an interest in the litigation and whose absence would leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *Paso Del Norte Motors LP v. Tri Star Partners, LLC*, No. EP-15-cv-33-PRM, 2015 WL 13778729, at *2 (W.D. Tex. July 8, 2015) (citing Fed. R. Civ. P. 19(a)(1)(B)(ii)) (internal quotations omitted). "A defendant has the right to be safe from needless multiple litigation and incurring avoidable inconsistent obligations." *Id.* (citing *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970)). Additionally, the party advocating joinder has the initial burden of demonstrating that an absent party is required. *Id.* at *3. Here, WSOU has not proven that CUSA is a necessary party and fails to present any argument regarding why CUSA is a necessary party.

Significantly, however, even if CUSA were a necessary party, that is totally irrelevant to whether venue is proper for CUSA in this District or whether CUSA allegedly waived its venue argument. Indeed, Rule 19(a)(3) expressly states that "[i]f a joined party objects to venue ***and the joinder would make venue improper, the court must dismiss that party***." Thus, whether CUSA is a necessary party is irrelevant to the venue analysis.

Turning to WSOU's misguided allegations, WSOU relies on three events to argue that CINC has asserted that CUSA is a necessary party: (1) CINC's June 1, 2021 Reply ISO its Motions to Dismiss; (2) counsel's statements made at the August 16, 2021 hearing on CINC's

3

Motions to Dismiss and NXP's Motion to Dismiss; and (3) CINC's September 10, 2021 Motion to Transfer Venue under § 1404(a). WSOU Opp. at 2-3. However, CINC never took the position in any of these papers or at the August 16, 2021 hearing that CUSA was a necessary party to the litigation. Indeed, the only statements CINC made, and that WSOU references now, were regarding the fact that CUSA—and not CINC—sells and markets the accused products in the U.S.[3] Those statements are insufficient to establish that CUSA is a necessary party. Instead, it merely highlights a significant weakness in WSOU's infringement allegation against CINC (namely, CINC does not commit any acts in the U.S. that could constitute infringement).

### III.   NEITHER CUSA NOR CINC WAIVED ITS RIGHTS TO CHALLENGE VENUE

WSOU's arguments that either CUSA or CINC have waived their rights to challenge venue under Section 1400(b) or 1404(a) is preposterous to the point of bordering on a Rule 11 violation.

#### A.   CINC and CUSA Have Repeatedly Maintained That Venue Is Not Proper in this District for CUSA

Contrary to WSOU's assertion that CINC demanded that CUSA be added to these cases (WSOU Opp. at 1), CINC repeatedly warned WSOU in its public filings and during meet and confers that venue in this judicial District was improper as to CUSA and that joining CUSA would destroy venue here. For example, in its Replies ISO of its Motions to Dismiss, filed June 1, 2021, CINC stated that "WSOU made the tactical decision not to sue CUSA, presumably to artificially maintain venue in this district" and "[o]n the other hand, if WSOU wants to base its suit on the actions of CUSA, it needs to make CUSA a party to this action, ***which would destroy venue here***." 980 Action, Dkt No. 39, pp. 3, 5; 981 Action, Dkt. No. 28, p. 4, 5.

---

[3] WSOU's reference to CINC's statement at the hearing that "[CINC] doesn't make Bluetooth chips, NXP does…" (WSOU Opp. at 2) is not relevant at all to CUSA.

4

Similarly, CINC's Motion to Transfer Venue under 28 U.S.C. § 1404(a), filed September 10, 2021, stated "[i]nstead, WSOU has engaged in a transparent exercise of forum shopping to bring the case in the WDTX where there are virtually no contacts to the case and *where WSOU cannot sue CUSA*, the party actually engaging in acts alleged to be an infringement."  981 Action, Dkt. No. 42, pp. 5-6.  Additionally, CINC's counsel expressly stated during its meet and confer with WSOU that the addition of CUSA created venue issues under *TC Heartland*.  Ex. 4, p. 2.

Most notably, after being made aware of WSOU's intent to file SACs to add CUSA as a party, CINC filed its Status Report RE: Inter-District Motion to Transfer in both the 980 and 981 Actions advising the Court and WSOU that "[v]enue as to Canon U.S.A., Inc. is not proper in this District and we expect that WSOU's amended complaint will raise additional *statutory and convenience* venue issues."  980 Action, Dkt. No. 66; 981 Action, Dkt. No. 54.

It is incomprehensible that, rather than take CINC's above statements—that venue as to CUSA in WDTX was improper— at face value, WSOU seeks to interpret CINC's filings as somehow waiving any future venue challenge by CUSA, who was not even a party to the above captioned actions at the time.  Though it is not Canon's job to prevent WSOU from destroying venue in its own cases, it cannot be said that it did not warn WSOU of the consequences of its actions.

    **B.**    **CINC and CUSA Expressly Reserved the Right to Challenge Venue in the 980 Action After CUSA Was Added As a Party**

WSOU claims that the only thing that it stipulated to was "that it would not oppose Canon's ability to amend its motion to transfer the 981 Case after CUSA was added as a party as long as it was on an expedited schedule coinciding with venue discovery."  WSOU Opp. at 1. But this is clearly contradicted by the plain language of the stipulation to which WSOU agreed

and filed. 980 Action, Dkt. 80 ("[CINC and CUSA] may move to dismiss or transfer under Federal Rule of Procedure 12(b)(3) and 28 U.S.C. Section 1406(a) or a motion to transfer under 28 U.S.C. Section 1404(a)."); 981 Action, Dkt. 66 (same). And none of WSOU's submitted evidence supports WSOU's claim that it only agreed that Canon could "amend its motion to transfer the 981 Case after CUSA was added as a party." Instead, the email to which WSOU cites (WSOU Opp. at 4) incoherently stated that CINC's Motion to Transfer under 1404(a) in the 981 Action, filed on September 19, 2021, somehow already addressed both CINC and CUSA, despite CUSA not being a party to the action at that time, and that Canon also conceded that WDTX was the proper venue for the 980 Action as to both CINC and CUSA, despite the clear statement that "WSOU cannot sue CUSA" in WDTX (981 Action, Dkt. No. 42, pp. 5-6).

Furthermore, WSOU's argument that both CINC and CUSA agreed that venue was proper in WDTX in the 980 Action because of CINC's statements regarding NXP at the August 16, 2021 hearing and in CINC's September 10, 2021 Motion to Transfer under 1404(a) is a complete misrepresentation of the facts. On both August 16, 2021 and September 10, 2021, CUSA *was not a party* to the 980 Action since it was not added until October 12, 2021. Thus, prior to October 12, venue was proper for the 980 Action as to CINC, a foreign corporation for which venue is proper in any judicial district under 28 U.S.C. Section 1391(c)(3). As stated in CINC's motion, CINC chose not to move to transfer *for convenience* under Section 1404(a) because it understood that NXP may have relevant documents and witnesses in Austin. There was no admission that venue would be proper in the 980 Action if CUSA were added to the case.

Regardless of what WSOU supposedly understood as to what the Canon entities would or would not do, WSOU cannot identify any statement from the Canon entities that they would not move to transfer the 980 Action for improper venue or convenience after WSOU informed CINC

6

that it was going to amend its complaint to add CUSA. Indeed, the only statements that have been made by any Canon entity are that venue is *improper* as to CUSA in WDTX, that Canon was *not* waiving its rights to challenge venue in both actions, and that Canon may move to dismiss or transfer under Federal Rule of Procedure 12(b)(3) and 28 U.S.C. Section 1406(a) [statutory venue] or a motion to transfer under 28 U.S.C. Section 1404(a) [convenience]. That WSOU may have "understood" otherwise just shows that WSOU was willfully ignorant of the facts.

      C.      <u>**CUSA Was Diligent in Filing Its Motion to Transfer under FRCP 12(b)(3)**</u>

WSOU also argues that Canon's "failure to move to transfer the 980 Case earlier, constitutes waiver." WSOU Opp. at 5. But WSOU fails to identify at what earlier point CUSA should have, or could have, moved to transfer the case. CUSA was not added as a party until October 12, 2021, when WSOU filed its SACs. The parties agreed that CINC and CUSA would have until November 4, 2021 to respond. Thus, with its first defensive move—as required by *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982)—on November 4, CUSA filed a motion to transfer under FRCP 12(b)(3) and Section 1400(b) for improper venue, and there was no waiver. It is difficult to understand how WSOU can argue with a straight face that CUSA should have filed its motion to transfer for improper venue any earlier than it did.

Moreover, it was *WSOU's decision* to add CUSA to the case that creates good cause now for CINC to move to transfer the 980 Action for convenience. As this Court knows, the test for transfer based on convenience involves a balancing of the facts. Obviously, WSOU's decision to sue CUSA, and the necessary parallel litigation in EDNY that results from that decision, drastically changed the balance of the convenience factors for CINC. Because venue is improper as to CUSA, and CUSA must be transferred to EDNY, CINC should also be transferred so that CINC and CUSA do not have to litigate the same claims in two separate jurisdictions. Not only

could this lead to inconsistent rulings between the two different jurisdictions but would cause a heavy burden for CINC and CUSA witnesses (and all other witnesses) to have to appear in both cases on the same issues.

WSOU's further arguments about the schedule are a problem completely of its own making. The Canon entities agreed to WSOU's resetting of the Markman date to December 16, 2021, because they secured a stipulation from WSOU that they would be able to file their venue challenges. Had WSOU simply responded to Canon's venue motions, the agreed schedule gave the parties plenty of time to complete briefing on the venue issues before the proposed Markman hearing. It is WSOU's reneging on its stipulation and its opposition to Canon's motion for leave that has upended the agreed schedule. WSOU cannot be heard to complain over scheduling issues that it created.

### D.  Canon is Not Forum Shopping

WSOU's allegation that Canon's decision to only have CINC—and not CUSA—file a third-party complaint against NXP is forum shopping and evidence of gamesmanship is patently ridiculous and illogical. WSOU Opp. at p. 6-7, n. 4. First, CINC is the Canon entity that is the signatory to the contracts at issue with NXP and Marvell Technology, Inc. Second, at the time the third-party complaint was filed in the 980 Action, CINC was the only Canon entity being sued, and thus, would be the only entity with a cause of action against NXP.[4] The only entity guilty of forum shopping here is WSOU who consciously decided not to sue CUSA originally to create venue in this Court as to CINC (the fact that WSOU apparently did not think through the consequences of adding CUSA to these cases is not Canon's problem). That WSOU even

---

[4] Additionally, contrary to WSOU's apparent argument (WSOU Opp. at 5), that CINC filed suit against NXP in WDTX cannot be a waiver of CUSA's rights to challenge venue in WDTX as CINC and CUSA are completely separate corporate entities. Moreover, the venue considerations for CINC's contract claim differ from the patent law's statutory venue issues.

attempts to bring forum shopping into the discussion here is evidence that its opposition to Canon's Motion for Leave lacks any legitimate basis.

## IV.    CONCLUSION

For the foregoing reasons, Canon has demonstrated that good cause exists for Canon to file its Motions to Transfer. Thus, Canon's Motion for Leave to File its Motions to Transfer should be granted.

Dated:  November 22, 2021                           Respectfully Submitted


                                                    */s/ Richard F. Martinelli*

                                                    Richard F. Martinelli (*pro hac vice*)
                                                    rmartinelli@orrick.com
                                                    Joseph A. Calvaruso (*pro hac vice*)
                                                    jcalvaruso@orrick.com
                                                    **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                                    51 West 52nd Street
                                                    New York, NY 10019-6142
                                                    Tel: (212) 506-5000
                                                    Fax: (212) 506-5151

                                                    John M. Jackson (Texas Bar No. 24002340)
                                                    jjackson@jw.com
                                                    **JACKSON WALKER, LLP**
                                                    2323 Ross Avenue, Suite 600
                                                    Dallas, TX 75201
                                                    Tel: (214) 953-6000
                                                    Fax: (214) 953-5822

                                                    *Attorneys for Defendant*
                                                    *Canon Inc.*

## **CERTIFICATE OF SERVICE**

      I certify that on November 22, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically mail notification of such filing to all counsel of record who have appeared in this case.

                                             */s/ John M. Jackson*
                                             John M. Jackson