**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

**WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**,

Plaintiff,

v.

**CANON INC. AND CANON U.S.A., INC.**,

Defendants.

---

**CANON INC.,**

Third-Party Plaintiff,

v.

**NXP USA, INC.**

Third-Party Defendant.

Case No. 6:20-cv-00980-ADA

**JURY TRIAL DEMANDED**

**DEFENDANTS CANON INC. AND CANON U.S.A., INC.'S REPLY IN SUPPORT OF CANON U.S.A., INC.'S MOTION TO TRANSFER FOR IMPROPER VENUE AND CANON INC. AND CANON U.S.A., INC.'S MOTION TO TRANSFER FOR CONVENIENCE**

WSOU's Opposition to Canon's Motion to Transfer is premised primarily on two incorrect contentions: (1) Canon's U.S.A., Inc.'s ("CUSA") work from home ("WFH") employees establish venue in WDTX; and (2) CUSA's wholly owned subsidiary, Canon Solutions America, Inc. ("CSA") establishes venue for CUSA in WDTX. WSOU's Opposition purports to recite allegedly supporting facts (with minimal analysis). But none, individually or collectively, can satisfy WSOU's burden to prove proper venue over CUSA in WDTX. *GreatGigz Solutions, LLC v. Maplebear Inc.*, No. W-20-cv-00737-ADA, 2021 WL 4691145, at *1 (W.D. Tex. Oct. 6, 2021). Thus, Canon's motion should be granted and this case transferred to EDNY in its entirety.[1]

## I. CUSA'S EMPLOYEES' HOMES ARE NOT CUSA PLACES OF BUSINESS

WSOU failed to prove the homes of CUSA's WFH employees are "regular and established places of business" of CUSA under Section 1400(b), which requires a place: (1) physically in the district; (2) that is a regular and established place of business; and (3) of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "It is not enough that a physical location exists in the district where an employee performs work for his employer." *Gesture Tech. Partners, LLC v. Lenovo Grp. Ltd.*, No. 6:21-cv-00122-ADA, 2021 WL 6205789, at *2 (W.D. Tex. Dec. 29, 2021).

The only case WSOU cites finding a place of business in an employee's home is readily distinguishable because, in that case, ***all*** the defendant's employees worked from home and home offices constituted ***a primary physical location for defendant's business***. *RegenLab USA LLC v. Estar Techs. Ltd.*, 335 F. Supp. 3d 526 (S.D.N.Y. 2018) (*citing Cray*, 871 F.3d at 1363 n.l (noting the possibility of venue where a defendant's business model make employees' homes defendant's place of business.)). In contrast, CUSA indisputably has established physical places of business,

[1] CINC's third-party claim against NXP is irrelevant because it was filed *prior to* WSOU's addition of CUSA, and CUSA is not a party. *CINC's* filed cases are irrelevant to proper venue as to *CUSA*. Opp. at n. 11. CUSA was not a party in *Flexiworld Techs., Inc. v. Canon Inc.* No. 6:21-cv-00143, Dkt. 1. *Nano-Proprietary, Inc. v. Canon Inc.*, No. 1:05-cv-00258 and *Dobson v. Canon Inc.*, No. 1:98-cv-00639 predate *TC Heartland's* change to the venue law.

such as its headquarters in Melville, NY, where many of CUSA's employees work. And, *Cray* expressly rejected WSOU's argument that CUSA ratified its employees' homes as its place of business for venue merely by listing them in internal company records. 871 F.3d at 1365.

This Court, and others, routinely hold that WFH employees' homes are ***not*** employer's places of business relying on the same facts present here. CUSA does not: (1) condition employment on residing in WDTX; (2) dictate where its WFH employees live; or (3) hold out its employees' homes as its place of business. *Gesture Tech.*, 2021 WL 6205789, at *2-3; *Correct Transmission LLC v. Adtran, Inc.*, 6:20-cv-00669-ADA, 2021 WL 1967985 at *4 (W.D. Tex. May 17, 2021); *EmeryAllen, LLC v. MaxLite Inc.*, 2021 WL 2111159 at *3 (D.S.C. May 25, 2021); *C.R. Bard, Inc. v. Smiths Med. ASD, Inc.*, 2020 WL 6710425 at *8-13 (D. Utah Nov. 16, 2020). There is no evidence that CUSA hired five employees specifically to work in WDTX (Opp. at 6). Rather, it is unrebutted that the employees chose where they live, and CUSA does not require them to live in WDTX. Dkt. 95, pp. 22-30 ("Smith Decl."), ¶ 17. CUSA's employees can move their homes out of the district without the approval of CUSA, "cutting against the employee[s'] home[s] being considered a place of business of [CUSA]." *Cray*, 871 F.3d at 1363.

WSOU's Opposition does not show that any one of CUSA's employees' homes meet *Cray's* three requireme [REDACTED] [REDACTED]. Ex. 1[2] at 169:9-18. [REDACTED] [REDACTED] (*Id.* at 170:13-14) or reside in WDTX (Smith Decl., ¶ 17). This unrebutted evidence contradicts WSOU's assertion that CUSA hired Ms. Strick "as CUSA's sales representative in Austin to work with the three authorized dealers in Austin." Opp. at 8. *Cray* held on similar facts that a sales executive's home was not defendant's place of business. *Id.* at

[2] Unless otherwise noted, all numerical exhibits are attached to the Declaration of Richard F. Martinelli ISO Reply.



Dkt. 107-6, p. 14; Ex. 1 at 165:9-14. There is no evidence that Mr. Tomita's home is a place of business. *Cray*, 871 F.3d at 1364 ("the defendant must actually engage in business from that location."). Contrary to WSOU's arguments (Opp. at 3, 6), Mr. Tomita's house is ***not*** CUSA's place. CUSA does not own or lease his home, pay his rent, dictate where he lives, or in any way control his premises. . Ex. 1 at 165:15-23; *see also* https://www.merriam-webster.com/dictionary/stipend (stipend: "a fixed sum of money paid periodically for services or to defray expenses"). . *See, e.g.*, Ex. 1 at 167:17-168:20. Thus, WSOU presented no evidence that their homes are places of business, much less a place of CUSA. **Jill Curtis**, an outside lawyer, is not even a CUSA employee. Dkt. 107-6, p. 10 (); Smith Decl., ¶ 20. WSOU argues without evidence that she works on disputes in Austin.

## II. WSOU FAILS TO PROVE THAT CSA IS CUSA'S ALTER EGO

"To impute the property of a subsidiary to the defendant under an alter ego theory, the lines between the defendant and the subsidiary must become so blurred that the two become one" and "the plaintiff has a heavy burden to establish a degree of control sufficient to impute the subsidiary's jurisdictional contacts to the parent." *Nat'l Steel Car Ltd. v. Greenbrier Companies, Inc.*, No. 6:19-cv-00721-ADA, 2020 WL 4289388, at *2 (W.D. Tex. July 27, 2020). Here, WSOU has not met the heavy burden to impute CSA's jurisdictional contacts to CUSA.

First, the officers of CUSA and CSA merely overlap; they are not identical. Ex. 2, (compare CUSA officers with CSA officers). This Court has already found overlapping corporate officers are insufficient to find alter ego. *National Steel Car*, 2020 WL 4289388, at *5. Second,

whether CUSA and CSA share office space is irrelevant. The relevant consideration, which WSOU has ***not*** shown, is whether "the parent uses the subsidiary's property as its own." *Id.* at *2; Ex. 1 at 128:11-15 ([REDACTED]). Third, whether CUSA and CSA sell the same products does not prove alter ego. *See Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289-90 (Fed. Cir. 2021) (store's location not imputed to related subsidiary selling the same merchandise through website).

CSA's jurisdictional contacts cannot be imputed on CUSA, a separate entity. Dkt. 107-14 ([REDACTED]); Ex. 1 at 132:12-134:2 ([REDACTED]); Smith Decl., ¶ 30 (CSA leases the Austin office, no CUSA employees work there). Even the article that WSOU relies on expressly distinguishes CSA and CUSA as separate entities. Dkt. 107-16. WSOU's citation to *TMT Sys., Inc. v. Medtronic, Inc.* is hollow because there is no evidence that CUSA selected the location of facilities within the district as occurred in that case. No. 6:20-cv-00973-ADA, 2021 WL 5316411, at *4 (W.D. Tex. Oct. 19, 2021). Thus, CSA is not CUSA's alter ego.

## III. WSOU'S CONVENIENCE ARGUMENTS WERE ALREADY REJECTED

**Access to Sources of Proof:** WSOU admits that the sales and marketing documents in NY are "part of the infringement story." Opp. at 10. These documents are significantly more substantial and voluminous than the few public documents WSOU identifies. *Id. In re Juniper Networks, Inc.* rejected WSOU's argument that CUSA's electronic documents should be afforded less weight. 14 F.4th 1313, 1321 (Fed. Cir. 2021).

**Compulsory Processes:** Jill Curtis is a lawyer and **former** CUSA employee without any relevant information. Smith Decl., ¶ 20. WSOU also does not identify the alleged "information relevant to sales of the infringing products" the nonparty authorized dealers hold. *Future Link Sys., LLC v. Advanced Micro Devices, Inc.*, No. 6:20-cv-1176-ADA, 2021 WL 6015535, at *4 (W.D. Tex., Oct. 18, 2021) (discounting argument where no evidence of relevant knowledge). And WSOU

does not explain why this same "information relevant to sales of the infringing products" cannot be sought from CUSA's authorized dealers in EDNY (*e.g.*, [REDACTED] (Dkt. 107-4, p. 6)).

**Cost of attendance/convenience:** CUSA has identified more witnesses in EDNY (five) than WSOU has identified in WDTX (two), strongly favoring transfer. *Juniper* at 1318-19. WSOU has not identified any NXP witnesses in WDTX, and NXP has not opposed transfer. WSOU's two employees/witnesses are not credibly relevant to this action. [REDACTED] *Juniper* rejected similar claims from WSOU, and they should be rejected here. 14 F.4th at 1319.

WSOU has not identified any relevant information from Ms. Curtis, an outside lawyer with no knowledge of the accused products (Smith Decl.,¶ 20), or [REDACTED] (Ex. 1 at 169:9-18) and [REDACTED] (*id.* at 109:6-17). Thus, CUSA's EDNY witnesses, who have knowledge of CUSA's U.S. activities, will still need to testify. CINC expressly identified these witnesses' relevant testimony in its motion (Mot. at 12; Smith Decl., ¶ 14) and initial disclosures (Dkt. 107-22, p. 3).

**Local Interest:** The Federal Circuit has rejected WSOU's argument that its presence creates a local interest here. *Juniper*, 14 F.4th at 1320-21. And authorized dealers in WDTX are not relevant. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (nationwide sales do not create local interest). Thus, this factor favors transfer to EDNY.

Dated: January 18, 2022

Respectfully Submitted

*/s/ Richard F. Martinelli*

Richard F. Martinelli (*pro hac vice*)
rmartinelli@orrick.com
Joseph A. Calvaruso (*pro hac vice*)
jcalvaruso@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
Fax: (212) 506-5151

John M. Jackson (Texas Bar No. 24002340)
jjackson@jw.com
**JACKSON WALKER, LLP**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-6000
Fax: (214) 953-5822

*Attorneys for Defendants*
*Canon Inc. and Canon U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

I certify that on January 18, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically mail notification of such filing to all counsel of record who have appeared in this case. A copy of the foregoing was served on counsel of record via electronic mail.

*/s/ John M. Jackson*
John M. Jackson