**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** <br> _Plaintiff,_ <br><br> **v.** <br><br> **CANON INC. AND CANON U.S.A., INC.** <br> _Defendants._ | **CIVIL ACTION 6:20-cv-00980-ADA** <br> **CIVIL ACTION 6:20-cv-00981-ADA** |
| **CANON INC.,** <br> _Third-Party Plaintiff,_ <br><br> **v.** <br><br> **NXP USA, INC.,** <br> _Third-Party Defendant._ | **CIVIL ACTION 6:20-cv-00980-ADA** |

**LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING**
**OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

GREETINGS:

| | |
|---|---|
| 1.  Sender | The Honorable Judge Alan D Albright, District Judge United States District Court for the Western District of Texas, Waco Division <br> 800 Franklin Avenue Room 301 <br> Waco, Texas 76701 <br> USA |
| 2.  Central Authority of the Requested State | Ministry of Justice <br> Unit for International Judicial Cooperation <br> P.O. Box 25 <br> FIN-00023 Government |

| | | |
|---|---|---|
| | | Finland |
| 3. | Person to whom the executed request is to be returned | This Court; representatives of the parties as indicated below; the witnesses from whom evidence is requested as indicated below; such other person(s) that you deem proper; and Defendants' representative in Finland:<br><br>Panu Siitonen<br>Panu.Siitonen@hannessnellman.com<br>Vilhelm Schröder<br>Vilhelm.Schroder@hannessnellman.com<br>**Hannes Snellman Attorneys Ltd**<br>Eteläesplanadi 20 / P.O. Box 333<br>00130 / 00131 Helsinki, Finland<br>Tel: +358 9 228 841<br>Fax: +358 9 177 393 |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | August 1, 2022 |

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), Federal Rule of Civil Procedure 28(b), and 28 U.S.C.A. 1781(b), the undersigned authority respectfully has the honor to submit the following request:

| | | |
|---|---|---|
| 5. | a. Requesting Judicial Authority (Article 3, a) | The Honorable Judge Alan D Albright, District Judge<br>United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue Room 301<br>Waco, Texas 76701<br>USA |
| | b. To the competent Authority of (Article 3, a) | Finland |
| | c. Names of the case and any identifying number | *WSOU Investments LLC v. Canon Inc. and Canon U.S.A., Inc.*<br>Case No. 6:20-cv-00980-ADA, United States District Court for the Western District of Texas<br><br>*WSOU Investments LLC v. Canon Inc. and Canon U.S.A., Inc.* |

| | Case No. 6:20-cv-00981-ADA, United States District Court for the Western District of Texas |
|---|---|
| 6. Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) ||
| a. Plaintiff | WSOU Investments LLC |
| Representatives | WSOU Investments LLC is represented by:<br><br>Jonathan K. Waldrop<br>jwaldrop@kasowitz.com<br>Darcy L. Jones<br>djones@kasowitz.com<br>Marcus A. Barber<br>mbarber@kasowitz.com<br>John W. Downing<br>jdowning@kasowitz.com<br>Heather S. Kim<br>hkim@kasowitz.com<br>**KASOWITZ BENSON TORRES LLP**<br>333 Twin Dolphin Drive, Suite 200<br>Redwood Shores, California 94065<br>Telephone: (650) 453-5170<br>Facsimile: (650) 453-5171<br>Charles Abraham Naggar<br>cnaggar@kasowitz.com<br>Hershy Stern<br>hstern@kasowitz.com<br>Howard L. Bressler<br>hbressler@kasowitz.com<br>Jayita Guhaniyogi<br>jguhaniyogi@kasowitz.com<br>Noah P. Dorman<br>ndorman@kasowitz.com<br>**KASOWITZ BENSON TORRES LLP**<br>1633 Broadway<br>New York, NY 10019<br>Telephone:(212) 506-1700<br>Facsimile: (212) 506-1800<br><br>Craig D. Cherry<br>craig@swclaw.com<br>Mark D. Siegmund<br>mark@swclaw.com<br>**STECKLER WAYNE COCHRAN CHERRY, PLLC**<br>8416 Old McGregor Road<br>Waco, TX 76712<br>Telephone:  (254) 651-3690 |

| | Facsimile:   (254) 651-3689 |
|---|---|
| b. Defendants | Canon Inc. and Canon U.S.A., Inc. (collectively, "Defendants") |
| Representatives | Canon Inc. and Canon U.S.A., Inc. are represented by:<br><br>Richard F. Martinelli<br>rmartinelli@orrick.com<br>Joseph A. Calvaruso<br>jcalvaruso@orrick.com<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>51 West 52nd Street<br>New York, NY 10019-6142<br>Tel: (212) 506-5000<br>Fax: (212) 506-5151<br><br>Michael C. Chow<br>mchow@orrick.com<br>**Orrick, Herrington & Sutcliffe LLP**<br>2050 Main Street, Suite 1100<br>Irvine, CA 92614<br>Tel: (949) 567-6700<br>Fax: (949) 567-6710<br><br>John M. Jackson<br>jjackson@jw.com<br>**JACKSON WALKER, LLP**<br>2323 Ross Avenue, Suite 600<br>Dallas, TX 75201<br>Tel: (214) 953-6000<br>Fax: (214) 953-5822<br><br>The Defendant has appointed legal counsel in Finland to pursue and assist with the commission to take evidence. The details of the Defendant's legal counsel in Finland are:<br><br>Panu Siitonen<br>Panu.Siitonen@hannessnellman.com<br>Vilhelm Schröder<br>Vilhelm.Schroder@hannessnellman.com<br>**Hannes Snellman Attorneys Ltd**<br>Eteläesplanadi 20 / P.O. Box 333<br>00130 / 00131 Helsinki, Finland<br>Tel: +358 9 228 841<br>Fax: +358 9 177 393 |

| | |
|---|---|
| c. Other parties | NXP USA, Inc., a third-party defendant in *WSOU Investments LLC v. Canon Inc. and Canon U.S.A., Inc.* Case No. 6:20-cv-00980-ADA, United States District Court for the Western District of Texas |
| Representatives | NXP USA, Inc. is represented by: Richard S. Zembek richard.zembek@nortonrosefulbright.com **NORTON ROSE FULBRIGHT US LLP** Fulbright Tower 1301 McKinney, Suite 5100 Houston, Texas 77010-3095 Tel: (713) 651-5151 Fax: (713) 651-5246 Adam Schramek adam.schramek@nortonrosefulbright.com Eric C. Green eric.green@nortonrosefulbright.com Nathan Damweber nathan.damweber@nortonrosefulbright.com **NORTON ROSE FULBRIGHT US LLP** 98 San Jacinto Boulevard, Suite 1100 Austin, Texas 78701 Tel: (512) 474-5201 |
| 7.  a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c) | Civil action alleging patent infringement under the patent laws of the United States. |
| b. Summary of complaint | WSOU is the alleged assignee of several portfolios of patents that were originally assigned to Nokia Corporation and various subsidiaries of Nokia Corporation, including Nokia Technologies Oy, Nokia Solutions and Networks BV, Nokia Solutions and Networks Oy, and Alcatel Lucent. On October 19, 2020, WSOU filed Case No. 6:20-cv-00980-ADA against Canon Inc., alleging infringement of U.S. Patent No. 7,054,346 ("the '346 patent"). On the same day, WSOU filed Case No. 6:20-cv-00981-ADA against Canon Inc., alleging infringement of U.S. Patent No. 7,116,714 ("the '714 patent"). |

| | |
|---|---|
| | On October 12, 2021, WSOU named Canon U.S.A., Inc. as a defendant in both Case Nos. 6:20-cv-00980-ADA and 6:20-cv-00981-ADA. |
| c. Summary of defense and counterclaim | In defense against WSOU's claims of patent infringement of the '346 patent and the '714 patent, Defendants assert, *inter alia*, that they do not infringe any of claims of the '346 patent or the '714 patent and that the '346 patent and the '714 patent are invalid.<br><br>Nokia Corporation, including its subsidiary Nokia Technologies Oy has knowledge of the facts relevant to Defendants' defenses. Nokia Corporation and Nokia Technologies Oy are relevant to the action by virtue of being former assignees of the '714 patent. Nokia Corporation and Nokia Technologies Oy hold critical facts to this case, including facts relevant to a number of defenses raised by Defendants and any potential damages, including information related to the prosecution of the '714 patent; prior uses and/or sales or products and services incorporating the '714 patent, publications related to the concepts claimed in the '714 patent; commercialization, production and/or commercial embodiments related to the '714 patent; the state of the art at the time of the alleged invention and/or filing of the applications related to the '714 patent; the ownership and financial interests in the '714 patent; conception, diligence and/or reduction to practice of the concepts claimed in the '714 patent; and the disclosure of the claimed invention of the asserted patent. As well as licensing of and/or agreements covering the '714 patent.<br><br>Nokia Corporation has knowledge of the facts relevant to Defendants' defenses.  In 2016, Nokia Corporation acquired Alcatel Lucent, which is the former assignee of the '346 patent. Nokia Corporation, by virtue of being the parent corporation of Alcatel Lucent, Nokia of America Corporation, and Lucent Technologies, Inc., holds critical facts to this case, including facts relevant to a number of defenses raised by Defendants and any potential damages, including information related to the prosecution of the '346 patent; prior uses and/or sales or products and services incorporating the '346 patent, publications related to the concepts claimed in the '346 patent; commercialization, production and/or commercial embodiments related to the '346 patent; the |

| | |
|---|---|
| | state of the art at the time of the alleged invention and/or filing of the applications related to the '346 patent; the ownership and financial interests in the '346 patent; conception, diligence and/or reduction to practice of the concepts claimed in the '346 patent; the disclosure of the claimed invention of the asserted patent; and its membership in the Bluetooth SIG. As well as licensing of and/or agreements covering the '346 patent<br><br>Additionally, Nokia Corporation, by virtue of being the parent corporation of Nokia Solutions and Networks BV, Nokia of America Corporation, Lucent Technologies, Inc. and Alcatel Lucent, as well as its subsidiaries Nokia Technologies Oy and Nokia Solutions and Networks Oy, hold critical facts to financial knowledge including valuation and royalties associated with the '346 and '714 patent or any licenses and/or agreements covering the '346 and '714 patent; and other financial interests, including revenues, costs, expenses and profits related to the '346 and '714 patent and the transfer of the patent portfolio covering the '346 and the '714 patent. |
| d. Other necessary information or documents | Nokia Corporation's current address is:<br>Karakaari 7<br>02610 Espoo, Finland<br><br>Nokia Technologies Oy's current address is:<br>Karaportti 3,<br>02610 Espoo, Finland<br><br>Nokia Solutions and Networks Oy's current address is:<br>Karaportti 3<br>2610 Espoo, Finland |
| 8.   a. Evidence to be obtained or other judicial act to be performed (Article 3d) | In order to present its defenses that the '714 patent is not infringed, invalid, and unenforceable and to determine any alleged damages, Defendants seek certain documents from Nokia Corporation and its subsidiaries, including Nokia Technologies Oy. In order to present its defense that the '346 patent is not infringed, invalid, and unenforceable and to determine any alleged damages, Defendants seek certain documents from Nokia Corporation.<br><br>Attached as Schedule A is a request of production of certain documents that Defendants believe are likely to |

| | |
|---|---|
| | be in the possession, custody, or control of Nokia Corporation, including its subsidiaries Nokia Technologies Oy, Nokia Solutions and Networks Oy.<br><br>To further clarify the evidence sought, attached as Schedule B is an outline of the topics and issues about which counsel for Defendants intend to inquire of Nokia Corporation, including its subsidiaries Nokia Technologies Oy, Nokia Solutions and Networks Oy. Specifically, Defendants' counsel intends to inquire the topics in Schedule B of Ulla Nyberg and Saana Nurminen as the representatives of Nokia Corporation; Jukka Nihtila, Susanna Martikainen, Aura Möttönen, and Hanna Nuortila as the representatives of Nokia Technologies Oy; Joose Tolonen, Jeremie Vaquer, Merja Leväjärvi and Ulla Nyberg as the representatives of Nokia Solutions and Networks Oy.<br><br>Additionally, Defendants request that the Ministry of Justice of Finland compel Nokia Corporation, including its subsidiaries Nokia Technologies Oy and Nokia Solutions and Networks Oy to produce for examination the employees listed in Schedule C to be examined under oath as to his knowledge of the topics described in that schedule. |
| b. Purpose of the evidence or judicial act sought | With respect to the '714 patent, Nokia Corporation, including its subsidiary Nokia Technologies Oy has information and knowledge relating to the prosecution of the '714 patent; prior uses and/or sales or products and services incorporating the '714 patent, publications related to the concepts claimed in the '714 patent; commercialization, production and/or commercial embodiments related to the '714 patent; the state of the art at the time of the alleged invention and/or filing of the applications related to the '714 patent; conception, diligence and/or reduction to practice of the concepts claimed in the '714 patent; and the disclosure of the claimed invention of the asserted patent.<br><br>Likewise, employees of Nokia Corporation and its subsidiary Nokia Technologies Oy possess knowledge that bear directly on these issues, and this information can only be obtained through the examination of the employees. Miska Hannuksela is the named inventor of the '714 patent. |

| | |
|---|---|
| | Nokia Corporation and Nokia Technologies Oy have information and knowledge relating to the ownership and financial interests in the '714 patent; as well as licensing of and/or agreements covering the '714 patent.<br><br>With respect to '346 patent, Nokia Corporation has the information and knowledge relating to the prosecution of the '346 patent; prior uses and/or sales or products and services incorporating the '346 patent, publications related to the concepts claimed in the '346 patent; commercialization, production and/or commercial embodiments related to the '346 patent; the state of the art at the time of the alleged invention and/or filing of the applications related to the '346 patent; conception, diligence and/or reduction to practice of the concepts claimed in the '346 patent; the disclosure of the claimed invention of the asserted patent; and its membership in the Bluetooth SIG.<br><br>Additionally, Nokia Corporation and its subsidiaries Nokia Technologies Oy, Nokia Solutions and Networks Oy hold critical facts to financial knowledge including valuation and royalties associated with the '346 patent and '714 patent or any licenses and/or agreements covering the '346 patent and '714 patent; and other financial interests, including revenues, costs, expenses and profits related to the '346 patent and '714 patent and the transfer of the patent portfolio covering the '346 patent and '714 patent.<br><br>This evidence is directly relevant to Defendants' claims that the '346 patent and '714 patent are not infringed, invalid, and unenforceable, that WSOU Investments LLC lacks standing to sue Defendants, and to determine any alleged damages under United States patent law. |
| 9.  Identity and address of any person to be examined (Article 3, e) | Representatives of Nokia Corporation, including Ulla Nyberg and Saana Nurminen<br>Karakaari 7<br>02610 Espoo, Finland<br><br>Representatives of Nokia Technologies Oy, including Jukka Nihtila, Susanna Martikainen, Aura Möttönen, and Hanna Nuortila<br>Karaportti 3, |

| | |
|---|---|
| | 02610 Espoo, Finland<br><br>Representatives of Nokia Solutions and Networks Oy, including Joose Tolonen, Jeremie Vaquer, Merja Leväjärvi and Ulla Nyberg<br>Karaportti 3<br>2610 Espoo, Finland |
| 10. Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | *See* Schedule B, Schedule C |
| 11. Documents or other property to be inspected (Article 3, g) | *See* Schedule A |
| 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | We respectfully request that the testimony be taken under oath. |
| 13. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | This Court respectfully requests that Nokia Corporation, including but not limited to its subsidiaries Nokia Technologies Oy, and Nokia Solutions and Networks Oy be directed to produce the documents identified in attached Schedule A<br><br>This Court respectfully requests that the Central Authority direct representatives of Nokia Corporation, including Ulla Nyberg and Saana Nurminen; representatives of Nokia Corporation's subsidiaries Nokia Technologies Oy, including Jukka Nihtila, Susanna Martikainen, Aura Möttönen, and Hanna Nuortila; representatives of Nokia Solutions and Networks Oy, including Joose Tolonen, Jeremie Vaquer, Merja Leväjärvi and Ulla Nyberg to appear on or before August 1, 2022.<br><br>This Court respectfully requests that attorneys of the Defendants be permitted to examine and cross-examine representatives of Nokia Corporation, including its subsidiaries Nokia Technologies Oy, Nokia Solutions and Networks Oy, and that the witnesses be directed to answer such questions, relating to matters outlined in |

| | |
|---|---|
| | attached Schedule B.  Specifically, this Court requests that the Defendants' attorneys be permitted to examine and cross-examine Jukka Nihtila, Susanna Martikainen, Aura Möttönen, and Hanna Nuortila as the representatives of Nokia Technologies Oy; Ulla Nyberg and Saana Nurminen as the representatives of Nokia Corporation; Joose Tolonen, Jeremie Vaquer, Merja Leväjärvi and Ulla Nyberg as the representatives of Nokia Solutions and Networks Oy.<br><br>This Court respectfully requests that attorneys of the Defendants be permitted to examine and cross-examine the witnesses identified in Schedule C, and that the witnesses be directed to answer such questions, relating to matters outlined in attached Schedule C.<br><br>This Court respectfully requests that the examination be permitted to be conducted in accordance with the Federal Rules of Evidence and the Federal Rules of Civil Procedure to prevail in the event of a conflict.<br><br>This Court respectfully requests that the examination be (partially) conducted via video conference to allow U.S. counsel to join the hearing.<br><br>This Court respectfully requests that the testimony be video recorded and also transcribed verbatim.<br><br>This Court respectfully requests that the testimony be taken in English language if the examined person(s) agree, and that, if need be, simultaneous translation be provided.<br><br>Costs incurred in relation to the deposition examination (court reporter, video recorder, simultaneous translation) shall be at Defendants' expense. |
| 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | This Court respectfully requests that you notify this Court; the representatives of the parties as indicated above; the witness from whom evidence is requested as indicated above; and such other person(s) that you deem proper. |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of | No judicial personnel of the requesting authority will attend or participate. |

| | |
|---|---|
| the Letter of Request (Article 8) | |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Defendants believe that Nokia Corporation, including its subsidiaries Nokia Technologies Oy, Nokia Solutions and Networks Oy, does not benefit from any privilege, and does not endorse the assertion of any such privilege or duty. |
| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Defendants will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention. |

So ORDERED and SIGNED this ____ day of _____, 2022.

_____

ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br>    *Plaintiff*, | CIVIL ACTION 6:20-cv-00980-ADA<br>CIVIL ACTION 6:20-cv-00981-ADA<br>CIVIL ACTION 6:20-cv-00982-ADA |
| **v.** | **PATENT CASE** |
| CANON, INC.,<br>    *Defendant.* | **JURY TRIAL DEMANDED** |
| CANON, INC.,<br>    *Third- Party Plaintiff,* | CIVIL ACTION 6:20-cv-00980-ADA |
| **v.**<br>NXP USA, Inc.,<br>    *Third-Party Defendant.* | |

<u>**AGREED PROTECTIVE ORDER**</u>

  WHEREAS, Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development, Defendant and Third-Party Plaintiff Canon, Inc., and Third-Party Defendant NXP USA, Inc.[1] hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information, or information implicating privacy considerations in the Action[2];

---

[1] NXP USA, Inc. is only a party to Case No. 6:20-cv-00980.
[2] "Action" means Case Nos. 6:20-cv-00980 through 6:20-cv-00982.

1

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation that some or all of that transcript is designated as containing Protected Material. For natively produced Protected Material, the appropriate designation shall be placed in the filename of each such natively produced document, and included on a slip-sheet when produced in hardcopy.

2.  Any document produced before issuance of this Order, including under the Court's Order Governing Proceedings, with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or the like) shall receive the same

2

treatment as if designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY," respectively, under this Order, unless and until
such document is re-designated to have a different classification under this Order.

3.    With respect to documents, information, or material designated "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY
CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[3] subject to the
provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all
documents, electronically stored information, and/or things as defined by the Federal Rules
of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as
exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to
pleadings and other court filings; (d) affidavits; and (e) stipulations.    All copies,
reproductions, extracts, digests, and complete or partial summaries prepared from any
DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and
treated as such under this Order.

4.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –
SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of
documents, information, or material that has not been designated as DESIGNATED
MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential
treatment.    Any Party that inadvertently or unintentionally produces Protected Material

---

[3] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the
class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," both
individually and collectively.

without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 14 herein:

(a)     Outside counsel of record in this Action for the Parties.

(b)     Outside counsel of record's paralegals, attorneys, and staff, working at the direction of such outside counsel that are assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)     No more than two (2) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who have read and agree in writing to be bound by this Order.

(d)     Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that before access is given, the designated representative has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party. Either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of

companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least seven (7) business days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties shall promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven business (7) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g) Mock jurors[4] who have signed the Undertaking attached as Exhibit A agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential. Employees of the receiving Party or of the producing Party's competitors may not serve as such mock jurors. Within 30 days following the conclusion of this Action, including any appeals, the producing Party may request the identities of any mock jurors whom the receiving Party provided the producing Party's Protected Materials pursuant to paragraph 5(g), whereupon, within 14 days of the request, the receiving Party shall provide the producing Party with the names and copies of the executed Undertakings of any such mock jurors.

(h)     The Court and its personnel.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material should be protected from public disclosure because such information contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents,

---

[4] The Party seeking to disclose Protected Material to mock jurors shall provide the names and addresses of those mock jurors to the Court *in camera* in order to avoid potential conflicts with the juror panel.

information, or material.

7. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code (*e.g.*, a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), RTL code (*i.e.*, register transfer level code that may define structure or operation of hardware), and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."

9. For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (eh); provided, however, that the designating Party shall

6

accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

10.     For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on two (2) "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) equipped with two display screens or monitors of a size of at least twenty-two (22) inches, a full-size keyboard, and a mouse. The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below. Each review computer shall, at the receiving Party's request, include reasonable analysis tools for the type of Source Code Material provided thereon. The receiving Party shall be responsible for providing tools or licenses to tools that it wished to use so that the producing Party may use reasonable efforts to install such tools on the review computers. Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or its vendors. Should the need arise due to a public health emergency, state, local, or national social distancing restrictions or travel restrictions, which hinder the source code review, the Parties shall meet and confer in good faith to discuss the feasibility of making the source code machines available in a location that would allow source code review to occur (*e.g.*, additional office location of producing Party's outside counsel, near the receiving Party's expert, or near receiving Party's outside counsel's office).

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. Requests for access shall be made with at least three (3) business-days' notice, and at least five (5) business-days' notice for the initial inspection of the Source Code Materials. Any single inspection may span multiple days based on the same notice. The Parties shall cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the

produced Source Code Material on the stand-alone computer(s).

(d)     The producing Party will produce Source Code Material in computer searchable format on the review computers as described above, and shall install on the stand-alone computers reasonable analysis tools provided by the receiving Party that are appropriate for the type of Source Code Material. The producing Party shall have the burden to move the Court and show that a tool provided by the receiving Party is not a reasonable analysis tool appropriate for the type of Source Code Material. The producing Party shall not install any keystroke or other monitoring software on any review computer.

(e)     Access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be limited to Outside Counsel of record in this Action[5] and up to three (3) outside consultants or experts[6] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. Each person authorized to access HIGHLY CONFIDENTIAL – SOURCE CODE may use a laptop computer with no wired or wireless connectivity, such as WiFi, for the sole purpose of typing notes related to source code review; provided, however, that said laptop has no picture taking or video recording capability, and provided further that, outside of the inspection, such notes are securely stored on the laptop by the receiving Party in a manner consistent with the provisions of this Order. No other electronic devices shall be permitted in the secure room, including but not limited to laptops, floppy drives, zip drives, cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, or telephone jacks. Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room. During review of HIGHLY CONFIDENTIAL – SOURCE CODE, the receiving Party (including its consultants and experts) shall be entitled to take notes relating to the HIGHLY CONFIDENTIAL – SOURCE CODE but may not copy more than ten (10) consecutive lines of the HIGHLY CONFIDENTIAL – SOURCE CODE into the notes, and may not copy more than twelve (12) lines from any contiguous group of one hundred (100) lines of the HIGHLY CONFIDENTIAL – SOURCE CODE. No copies of all or any portion of the HIGHLY CONFIDENTIAL – SOURCE CODE may leave the room in which the HIGHLY CONFIDENTIAL – SOURCE CODE is inspected except as otherwise provided herein. Further, no other written

---

[5] For the purposes of this paragraph, Outside Counsel of record in this Action is defined to include the Outside Counsel of record in this Action's staff and other support personnel employed by and working at the direction of such Outside Counsel of record in this Action.

[6] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's staff and other support personnel, working at the direction of such outside consultant or expert, and as such, the disclosure to a consultant's or expert's staff and other support persons shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

or electronic record of the HIGHLY CONFIDENTIAL – SOURCE CODE is permitted except as otherwise provided herein. A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, deposition transcript, or other Court document (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(f)     To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

(g)     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material received from the producing Party, which shall presumptively be a total of ten (10) photocopies, including documents reflecting information about Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied. During an inspection as described in 10(a), a party reviewing HIGHLY CONFIDENTIAL – SOURCE CODE  may create PDF files of portions of the source code that are stored on the stand-alone computer(s), subject to the limitations herein. Such a party may request hardcopy production of such PDF files by the producing Party. If the producing Party objects that the portions of the code identified for printing are excessive and/or not done for a permitted purpose, the producing Party shall object in writing to the receiving Party within five (5) business days. The Parties shall meet and confer within two (2) business day of any such objection. If after meeting and conferring the producing Party and the receiving Party cannot resolve the objection, the objections may be submitted to the Court for resolution within four (4) business days of the meet and confer. The producing Party shall have the burden to move the Court and show that the printed portions are excessive and/or not done for a permitted purpose. Contested source code printouts need not be produced to the receiving Party until the matter is resolved by agreement or Court order, provided however that the producing Party's failure to submit its objections to the Court for resolution within the time prescribed above shall be deemed a waiver of those objections, and the requested printouts must be overnighted via mail or otherwise provided within five (5) business days of the meet and confer. Otherwise, the producing Party shall overnight mail or otherwise provide copies of all printouts within three (3) business days of printing.

(i)  Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such.

(j)  If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

(k)  A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may not be transported electronically by a receiving Party. The producing Party shall, on reasonable request, make one of the review computers containing the Source Code Material, or a secure laptop computer containing the Source Code Material, available at Court proceedings or depositions of witnesses who would otherwise be permitted access to the review computers. The receiving Party shall make such requests ten (10) calendar days before the deposition. A producing Party shall make reasonable efforts to comply with such a request made less than ten (10) calendar days before a deposition, provided the request is made in good faith and could not reasonably under the circumstances have been made sooner.

11.  Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, reviews, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of

any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one (1) year after its conclusion, including any appeals or two (2) years after such person last reviewed the HIGHLY SENSITIVE MATERIAL, whichever is earlier. These prohibitions shall not preclude litigation counsel from participating in any *inter partes* review, CBM, or post-grant review proceedings, provided there is no attempt to amend any claims in the proceedings by any counsel for patent owner during the course of the proceedings. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit.

12. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall

immediately gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. After notice is provided, no use shall be made of such material during deposition or at trial, or for any other purpose or in any other manner, nor shall such material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information. If any such inadvertently produced material has been used in any other document generated in connection with the Action, including deposition transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed. The producing Party shall include the documents in a privilege log identifying such inadvertently produced or disclosed documents. The receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee,

or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party, (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (subject to paragraph 5(e) of this Order), (vii) court reporters and videographers, (viii) the Court, or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL.

16.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.   Exhibits to a filing shall conform

to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies at least in part on DESIGNATED MATERIAL, portions of the pleading or exhibit disclosing or relying on such DESIGNATED MATERIAL shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.     This Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has

agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

22. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Within thirty (30) days of final disposition of this Action, including any appeals, all DESIGNATED MATERIAL, including all

copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding (a) excerpts or extracts incorporated into any privileged memoranda of the Parties and (b) materials which have been admitted into evidence in this Action and are in possession of the Court), shall at the producing Party's election either be returned to the producing Party or be destroyed.   The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  Nothing in this order requires a Party to destroy any information it is required by law to retain.  The Parties shall not be required to delete information that may reside on electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible.  However, the Parties and their counsel shall not retrieve, access, nor use any DESIGNATED MATERIAL from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter for any purpose.

23. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.   Pending disposition of the motion by the

Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.  Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

26.  Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.  Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

SIGNED this 12th day of October, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00980-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION 6:20-cv-00981-ADA** |
| *Plaintiff,* | § | **CIVIL ACTION 6:20-cv-00982-ADA** |
| | § | |
| **v.** | § | **PATENT CASE** |
| | § | |
| **CANON, INC.,** | § | **JURY TRIAL DEMANDED** |
| *Defendant.* | § | |
| | § | |

**EXHIBIT A**
**UNDERTAKING REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.   My  address  is  _____.

   My  current  employer  is  _____.

   My current occupation is _____.

2.   I have received a copy of the Protective Order in this action.  I have carefully read and

   understand the provisions of the Protective Order.

3.   I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

   will not disclose to anyone not qualified under the Protective Order, and will use only for

   purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY

   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

   SOURCE CODE" that is disclosed to me.

4.   Promptly upon termination of these actions, I will return all documents and things

   designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

   ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my

possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____