Case 22-130    Document 15    Page 1    Filed 04/22/2022
Case 6:20-cv-00980-ADA    Document 114    Filed 04/22/22    Page 1 of 8

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: CANON INC., CANON U.S.A., INC.,**
*Petitioners*

---

2022-130

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00980-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges*.

DYK, *Circuit Judge*.

**O R D E R**

Canon Inc. and Canon U.S.A., Inc. ("CUSA") (collectively, "Canon") petition this court for a writ of mandamus directing the United States District Court for the Western District of Texas ("WDTX") to transfer the case to the United States District Court for the Eastern District of New York ("EDNY"). We deny the petition.

BACKGROUND

WSOU Investments d/b/a Brazos Licensing and Development ("Brazos") filed this patent infringement lawsuit

against Canon Inc. and CUSA in the Waco division of WDTX alleging infringement of U.S. Patent No. 7,054,346. It is undisputed that Canon Inc. (a Japanese corporation) is not provided venue protections in WDTX under 28 U.S.C. § 1400(b). *See Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972). Brazos's complaint premises venue over CUSA (organized and run in New York) in WDTX based on in-district home offices of CUSA employees and in-district offices of its wholly-owned subsidiary, Canon Solutions America, Inc.

Of particular significance here, Canon Inc. brought into the action as a third-party defendant NXP USA, Inc. ("NXP") (an Austin-based company), alleging an obligation to indemnify, defend, and hold harmless Canon Inc. based on certain agreements relating to chips supplied by NXP (and its predecessor-in-interest) and incorporated into the accused products. NXP moved to sever the third-party claims and for a separate trial, which was opposed by Brazos and Canon Inc.[1] In its opposition to NXP's motion, Canon Inc. argued that "NXP provided [Canon Inc.] with the very technology [Brazos] accuses of infringement," ECF No. 118 at 1, and that many of NXP's contract defenses are "inextricably intertwined" with Brazos's underlying infringement allegations. *Id.* at 5. Canon Inc. further argued that it would be "severely prejudiced if its claim against NXP [were to be] severed from the underlying action." *Id.* at 4. The district court agreed, denying NXP's motion to sever based on "the interests of judicial economy, streamlining discovery, and prejudice to [Brazos] and Canon [Inc.]." ECF No. 128 at 11–12.

Canon moved to transfer to EDNY: CUSA moved under 28 U.S.C. §§ 1400(b), 1406(a) for improper venue, and both CUSA and Canon Inc. moved under 28 U.S.C. § 1404(a) for

---

[1] ECF citations are to the docket entries in *WSOU Invs. LLC v. Canon, Inc.*, No. 6:20-cv-980-ADA (W.D. Tex.).

transfer for convenience. On February 11, 2022, the court denied Canon's motion. The district court first determined that the in-district home offices of CUSA employees did not establish a "regular and established place of business" within the meaning of § 1400(b), but agreed with Brazos that Canon Solutions America, Inc. was an alter ego of CUSA based on "blurring of corporate lines [ ] through the commingling of the leadership, the office space, the location of employees, and the products." Appx 15–17. As a result, the court concluded venue in WDTX was proper over CUSA.

The district court then turned to Canon's request to transfer for convenience under § 1404(a). As to whether EDNY is a district where the patent infringement claims "might have been brought," the court agreed with Canon that it was a proper forum. Appx 18; *see* Appx 74 ("Because [Canon Inc.] is a foreign corporation and CUSA is headquartered in EDNY, this suit could have been brought in EDNY."). No party addressed the relevance of the third-party claims against NXP to that threshold requirement for transfer, and the district court assumed those claims would remain in WDTX. *See* Appx 28–29 ("[T]he third-party action against NXP remains in this Court . . . ."); *see also* ECF No. 99 at 3 (NXP Motion to Sever: "[T]here is no dispute that venue for the indemnity claim should be decided in the Western District of Texas . . . .").

Having concluded that EDNY would be a proper forum for litigating the patent infringement claims, the district court next evaluated the private and public interest factors. Relying, in part, on the location of NXP's headquarters in the district and its relevance to the patent infringement action, the court determined that the factors of court congestion, local resolution of local interests, and practical problems weighed against transfer. On the other hand, the court determined that the convenience of willing witnesses weighed in favor of transferring the litigation to EDNY. The court determined that the remaining factors

favored neither forum.  Appx 18–32.  On balance, the court determined that Canon had not shown EDNY to be clearly more convenient than WDTX and denied transfer.

After transfer was denied, Canon filed this petition.  For transfer under § 1406, CUSA argues the district court clearly erred by lowering the alter ego standard for establishing patent venue, solely relying on a typical parent-subsidiary relationship without identifying evidence of any "plus factor," such as undercapitalization.  Pet. at 23 (quoting *Licea v. Curacao Drydock Co., Inc.*, 952 F.3d 207, 213 (5th Cir. 2015)).  For transfer under § 1404, Canon argues the district court clearly erred in its evaluation of certain factors and the correct analysis shows EDNY to be a clearly more convenient forum than WDTX.

We have jurisdiction pursuant to 28 U.S.C. § 1651(a) and 28 U.S.C. § 1295(a)(1).

## DISCUSSION

"[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  "As the writ [of mandamus] is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted).  First, the petitioner must show there to be "no other adequate means to attain the relief he desires," which "ensure[s] that the writ will not be used as a substitute for the regular appeals process."  *Id.* at 380–81.  Second, the petitioner must show that its "right to issuance of the writ is clear and indisputable."  *Id.* at 381 (internal quotation marks and citation omitted).  Finally, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances."  *Id.*

I.

We first address the district court's denial of CUSA's motion to transfer under 28 U.S.C. §§ 1400(b), 1406(a) for improper patent venue, which is reviewed under Federal Circuit law. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018). "Ordinarily, mandamus relief is not available for rulings on [improper venue] motions under 28 U.S.C. § 1406(a)" because postjudgment appeal is often an adequate alternative means for attaining relief. *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1207 (Fed. Cir. Mar. 9, 2022) ("*Volkswagen III*") (citing *In re HTC Corp.*, 889 F.3d 1349, 1352–53 (Fed. Cir. 2018)).

Although we have recognized certain "narrow circumstances" where immediate judicial intervention by way of mandamus review of an improper venue determination is nonetheless appropriate, such as when there are a "significant number of district court decisions that adopt conflicting views on the basic legal issues presented in the case," *Volkswagen III*, 28 F.4th at 1207 (cleaned up), CUSA has not made such a showing. CUSA argues that the district court erroneously failed to hold Brazos to an appropriately exacting burden to establish Canon Solutions America, Inc. as an alter ego of CUSA. But CUSA does not point to disagreement among a significant number of district courts on this issue that might warrant this court's immediate review. At most, CUSA's arguments suggest that the district court's decision is an outlier capable of postjudgment review. We accordingly conclude that Canon has failed to show entitlement to the extraordinary remedy of mandamus on this ground.

II.

We now turn to the district court's denial of Canon's motion to transfer to a more convenient forum under 28 U.S.C. § 1404(a), which is reviewed under regional circuit law. *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1375 (Fed. Cir. 2021). Unlike venue decisions, it is well settled that

mandamus review of orders resolving motions for transfer under section 1404(a) is appropriate because a postjudgment appeal is not an adequate remedy. *See In re TS Tech Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318–19 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). However, we conclude that, in this case, Canon has failed to show a clear and indisputable right to transfer to EDNY.

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination [forum]." *Volkswagen II*, 545 F.3d at 312. As the § 1404 movant, Canon bore the burden of demonstrating that the transferee forum, EDNY, is a district where the "civil action" "might have been brought." *See In re Medtronic, Inc.*, No. 2022-107, 2021 WL 6112980, at *3 (Fed. Cir. 2021) (citing *Volkswagen II*, 545 F.3d at 314).

Here, the district court agreed with Canon that the patent infringement claims against it "might have been brought" in EDNY, but Canon has clarified in its petition that it "moved to transfer the entire 'case,'" "which necessarily includes [its] third-party claims" against NXP. Pet. at 25–26 (citation omitted). Canon's argument is consistent with its defeat of NXP's motion to sever, but Canon did not address whether the entire "civil action," including its claims against NXP, "might have been brought" in EDNY. In fact, Canon's motion to transfer did not mention NXP and its reply brief in support of that motion did not identify any connection between NXP and EDNY. The district court's decision is similarly devoid of an apparent connection between NXP and EDNY: NXP is headquartered in Austin, it is incorporated in Delaware, and the relevant agreements are governed by California law. Appx 2; ECF No. 128 at 2, 4; *see also* Pet. at 28, 35 (arguing that there is a general lack of record evidence regarding the location of relevant NXP activities).

Nor has Canon shown a clear and indisputable right to disregard NXP, as a third-party defendant, from all aspects of § 1404(a)'s "might have been brought" analysis. The Fifth Circuit has evaluated the contacts of third-party defendants with the transferee forum, *see In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (reviewing third-party defendants' relationship to transferee forum); *Volkswagen II*, 545 F.3d at 307 (noting third-party defendant lived in transferee district); *see also Blue Spike, LLC v. Tex. Instruments, Inc.*, No. 12-cv-499, 2014 WL 11858192, at *3 (E.D. Tex. Mar. 18, 2014) ("The movants bear the burden of establishing [that the civil action 'might have been brought' against] all defendants—including third-party Defendants—in the transferee forum"), and has opined that a "third-party defendant is protected against an inconvenient forum . . . by the requirement that the court have personal jurisdiction over him," *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 209–10 (5th Cir. 1996) (internal quotation marks and citation omitted). Canon has identified no contrary authority.

Canon notes in the petition that NXP did not oppose its motion to transfer, but that is not so clear, *see* ECF No. 99 at 3 (NXP Motion to Sever: "[T]here is no dispute that venue for the indemnity claim should be decided in the Western District of Texas . . . ."), and, in any event, we cannot see how that would alter the outcome. The Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) held long ago that the "might have been brought" analysis looks to whether "the plaintiff has a right to sue [in the transferee forum,] . . . independent[] of the wishes of defendant." And while Congress has since expanded § 1404(a) to allow a district court to transfer a civil action alternatively to "any district or division to which all parties have consented," Brazos has not consented to having the action transferred to EDNY.

Finally, "courts may sever defendants for purposes of transfer," *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1364

(Fed. Cir. 2014), but "we look with extreme disfavor," *Polara Eng'g Inc. v. Campbell Co.*, 894 F.3d 1339, 1352 (Fed. Cir. 2018) (citation omitted), on Canon's suggestion that the third-party claims in this case can be severed to effectuate transfer. *See* Pet. at 26 n. 4; Reply at 10 n.1. Canon now characterizes NXP as "a mere third party," Pet. at 34, involved in "an ancillary third-party claim seeking indemnity," Pet. at 26 (citation omitted), but it took the opposite position before the district court to successfully defeat NXP's motion to sever. *See, e.g.,* ECF No. 118 at 1 ("NXP is not an insurer whose only obligation and relevance in this case is to provide payment to [Canon Inc.] to cover a liability." (internal quotation marks omitted)); *id.* at 5 ("[Canon Inc.] will be severely prejudiced if its claim against NXP is severed from the underlying action."). Taking Canon at its own word, it would be improper to grant mandamus to order severance.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

April 22, 2022  /s/ Peter R. Marksteiner
    Date           Peter R. Marksteiner
                    Clerk of Court